United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHNSON,<br><br>        Petitioner,<br><br>  vs.<br><br>Warden EVANS,<br><br>        Respondent.<br>                             / | No. C 07-5766 WHA (PR)<br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER FOR PETITIONER TO SHOW CAUSE** |

      Petitioner, a California prisoner currently incarcerated at Salinas Valley State Prison, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

      Venue is proper in this district because the conviction was obtained in Alameda County, which is in this district. *See* 28 U.S.C. § 2241(d).

**DISCUSSION**

**A.   STANDARD OF REVIEW**

      A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall

set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner contends that: (1) his trial counsel was ineffective in failing to object to inadmissible statements by witnesses referring to his actions as being "robbery;" (2) the prosecutor committed misconduct; (3) trial counsel was ineffective in failing to object to the prosecutorial misconduct; (4) trial counsel was ineffective in failing to assert a Fourth Amendment ground for suppression of petitioner's statement; (5) there was outrageous government misconduct; and (6) his sentence was a breach of a 1990 plea bargain.

In response to a part of the form which asks the petitioner to say whether any issues were not exhausted and if so, why not, petitioner says that issues five and six have not been exhausted because "counsel was ineffective or dropped the ball." It thus appears that this is a mixed petition, that is, it contains both exhausted and unexhausted issues.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Alternatively, the court may stay mixed petitions to allow the petitioner to exhaust in state court, *Rhines v. Webber*, 544 U.S. 269, 277 (2005), or petitioner may amend to delete the unexhausted issue, *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir.

2

2005).

Petitioner will be ordered to show cause why this petition should not be treated as mixed. If petitioner is unable to show cause why this petition should not be treated as mixed, i.e., if he cannot show that the fifth and sixth claims are exhausted, he may elect one of three choices: (1) dismiss the petition with an eye to exhausting and then filing a new petition containing all claims; or (2) amend to delete the unexhausted claim and proceed with the exhausted one; or (3) ask for a stay to allow exhaustion, *see Rhines,* 544 U.S. at 277-78. If he elects the third choice, as most petitioners do, in order to obtain a stay he must show good cause for his failure to exhaust the claim before filing this petition and that the claim is "potentially meritorious." *Id.* at 277. He should note that issues five and six as they presently are framed in the petition are *not* potentially meritorious, because issue five does not specify the government misconduct to which it refers and does not allege the violation of a federal constitutional provision, and because issue six not understandable.

## CONCLUSION

Petitioner's motion for leave to proceed in forma pauperis (document number 4 on the docket) is **GRANTED**. His early such motion (document number 2) is **DENIED** as moot.

Petitioner shall show cause why this petition would not be treated as mixed within thirty days from the date this order is entered. If he concedes that it is mixed he may elect among the three options set out above, and if he elects option three, asking for a stay to exhaust, he should address the *Rhines* requirements.

**IT IS SO ORDERED.**

Dated: December   11  , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\JOHNSON5766.OSC-P.wpd

3