certain pains if you do certain things, intending thereby to give you a new motive for not doing them. If you persist in doing them, it has to inflict the pains in order that its threats may continue to be believed." (FN2) New Jersey threatened Apprendi with certain pains if he unlawfully possessed a weapon and with additional pains if he selected his victims with a purpose to intimidate them because of their race. As a matter of simple justice, it seems obvious that the procedural safeguards designed to protect Apprendi from unwarranted pains should apply equally to the two acts that New Jersey has singled out for punishment. Merely using the label "sentence enhancement" to describe the latter surely does not provide a principled basis for treating them differently.

[1] At stake in this case are constitutional protections of surpassing importance: the proscription of any deprivation of liberty without "due process of law," Amdt. 14, and the guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial[530 U.S. 477] jury," Amdt. 6. (FN3) Taken *2356 together, these rights indisputably entitle a criminal defendant to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *United States v. Gaudin,* 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995); see also *Sullivan v. Louisiana,* 508 U.S. 275, 278, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); *Winship,* 397 U.S., at 364, 90 S.Ct. 1068 ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged").

As we have, unanimously, explained, *Gaudin,* 515 U.S., at 510-511, 115 S.Ct. 2310, the historical foundation for our recognition of these principles extends down centuries into the common law. "[T]o guard against a spirit of oppression and tyranny on the part of rulers," and "as the great bulwark of [our] civil and political liberties," 2 J. Story, Commentaries on the Constitution of the United States 540-541 (4th ed. 1873), trial by jury has been understood to require that "*the truth of every accusation,* whether preferred in the shape of indictment, information, or appeal, should afterwards be confirmed by the unanimous suffrage of twelve of [the defendant's] equals and neighbours...." 4 W. Blackstone, Commentaries on the Laws of England 343 (1769) (hereinafter Blackstone) (emphasis added). See also *Duncan v.*

*Louisiana,* 391 U.S. 145, 151-154, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

[2] [530 U.S. 478] Equally well founded is the companion right to have the jury verdict based on proof beyond a reasonable doubt. "The 'demand for a higher degree of persuasion in criminal cases was recurrently expressed from ancient times, [though] its crystallization into the formula "beyond a reasonable doubt" seems to have occurred as late as 1798. It is now accepted in common law jurisdictions as the measure of persuasion by which the prosecution must convince the trier of all the essential elements of guilt.' C. McCormick, Evidence § 321, pp. 681-682 (1954); see also 9 J. Wigmore, Evidence § 2497 (3d ed.1940)." *Winship,* 397 U.S., at 361, 90 S.Ct. 1068. We went on to explain that the reliance on the "reasonable doubt" standard among common-law jurisdictions " 'reflect[s] a profound judgment about the way in which law should be enforced and justice administered.' " *Id.,* at 361-362, 90 S.Ct. 1068 (quoting *Duncan,* 391 U.S., at 155, 88 S.Ct. 1444).

Any possible distinction between an "element" of a felony offense and a "sentencing factor" was unknown to the practice of criminal indictment, trial by jury, and judgment by court (FN4) as it existed during the years surrounding our Nation's founding. As a general rule, criminal proceedings were submitted to a jury after being initiated by an indictment containing "all the facts and circumstances which constitute the offence, ... stated with such certainty and precision, that the defendant ... may be enabled to determine the species of offence they constitute, in order that he may prepare his defence accordingly ... and *that there may be no doubt as to the judgment which should be given,* if the defendant be convicted." J. Archbold, Pleading and Evidence in Criminal Cases 44 (15th ed. 1862) (emphasis added). The defendant's ability to predict with certainty the judgment from the face of the felony indictment flowed from the invariable linkage of punishment with crime. See 4 Blackstone[530 U.S. 479] 369-370 (after verdict, and barring a defect in the indictment, pardon, or benefit of clergy, "the court *must pronounce that judgment, which the law hath annexed to the crime* " (emphasis added)).

*2357 Thus, with respect to the criminal law of felonious conduct, "the English trial judge of the later eighteenth century had very little explicit discretion in sentencing. The substantive criminal law tended to be sanction-specific; it prescribed a

© 2007 Thomson/West. No claim to original U.S. Govt. works.

EXHIBIT "A"

<div style="text-align: right;">

_____
Munter, J.[*]

</div>

We concur:

_____
Reardon, Acting P.J.

_____
Sepulveda, J.

_People v. Johnson_, A107756

_____
[*] Judge of the San Francisco Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

# CERTIFICATE OF MAILING

Re:   People v. Christopher Johnson, No.
      First Appellate District, Division Four, No. A 107756
      Superior Court No. C143324

The undersigned declares under penalty of perjury:

That I am a citizen of the United States; that I am over the age of eighteen years and not a party to the within aforementioned action; that my business address is 620 Jefferson Avenue, Redwood City, California 94063;

That I served a true copy of the attached:

## PETITION FOR REVIEW

by placing said copy in an envelope addressed to:

Attorney General, State of California      District Attorney
455 Golden Gate Avenue                     1225 Fallon Street
Suite 11000                                9th Floor
San Francisco, CA 94102                    Oakland, CA 94612

First District Appellate Project           Superior Court
730 Harrison Street                        1225 Fallon Street
Suite 201                                  Room 109
San Francisco, CA 94107                    Oakland, CA 94612

Christopher Johnson E-65821                Court of Appeal
Salinas Valley State Prison                Division Four
P.O. Box 1020                              350 McAllister Street
Soledad, CA 93960                          San Francisco, CA 94102

which envelope was then sealed and postage fully prepaid thereon and thereafter was deposited, on the date set forth below, in the United States mail at Redwood City, California.

Executed in Redwood City, California, this      day of January, 2006.

_____

# EXHIBIT "B"

EMERGENCY
ADMITTANCE

Sacred Heart Hospital
& Health Center

HANFORD, CA 93230

| | | | | |
|---|---|---|---|---|
| BILLING NO CHECK DIGIT | HISTORY NO. 178033 | DATE 03/11/91 | TIME ARRIVED 1044 | PERSONAL PHYSICIAN 60 |

| REGISTRATION NO. | PATIENT NAME LAST | FIRST | MI | AGE | SEX | RACE | REL | MARITAL STATUS |
|---|---|---|---|---|---|---|---|---|
| 467658 | JOHNSON | CHRISTOPHER E65824 | | 20 | M | 2 | N | U |

| ADDRESS (CITY & STATE) | | TELEPHONE NO. | INJURY AT WORK? | EMPLOYER | MODE OF ADM. |
|---|---|---|---|---|---|
| N/A | CORCORAN | 2099928800 | ☐ YES ☐ NO X | IN CUSTODY | |

| ATTENDING PHYSICIAN | | INSURANCE | | DOB | GUARANTOR/RELATIONSHIP |
|---|---|---|---|---|---|
| THOMPKINS | B | ☐ NO ☐ YES TYPE- | CORCORAN STATE PRI | 11/30/70 | |

| DATE OF PREVIOUS ADMISSION | COMPLAINT: | HOW PATIENT ARRIVED |
|---|---|---|
| PREV DATE: | DTT: | ☐ AUTO ☐ WALK ☐ POLICE CSP ☐ AMB. ☐ OTHER |

| NURSING ASSESSMENT | WGT. | IMMUNIZATION | LMP | VISUAL ACUITY OD: OS: OU: |
|---|---|---|---|---|
| | | 1989 | | |

GSW to (L) thigh

ALLERGIES: NKA

**VITAL SIGNS**

CONDITION ON ARRIVAL ☐ ACUTE ☒ URGENT ☐ NON-URGENT ☐ DOA

NURSES SIGNATURE [signature]

| TIME | BP | P | R | T |
|---|---|---|---|---|
| 1037 | 174/90 | 110 | 18 | |

TIME: PHYSICIAN'S REPORT:

PRIVATE MD:

CURRENT MEDICATIONS
0

20 yo Blk ♂ State Prisoner c̄ GSW (L) buttock
"Glaser" frags. c/o (L) hip & (L) lower abd pain
Shock at prison resp. to fluid Rx
P.E. No supra clav adn.
Chest Clr
RSR s̄ (m) — a bit tachy
ABSs OK
tender (L) lower abd
Urine clear
X-ray ⟹
Chest OK. No frags seen in abd cavity + no holes in bone.

Plan - to OR for I+D c̄ DRC

PLAN: CBC, group + hold 2 units, PT + PTT, lytes, (L) hip, CXR, RL x2

ASSESSMENT:

REFER TO DOCTOR:

RETURN TO WORK:

| CONDITION OF PATIENT ON DISCHARGE OR TRANSFER | DISPOSITION OF CASE | NOTIFIED BY WHOM AND TIME | | TRANSFERRED/ADMITTED TO |
|---|---|---|---|---|
| SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL ☐ | HOME ☐ POLICE ☐ OTHER; HOSPITAL ☐ CORONER ☐ Surg | | RELEASED ☐ ADMITTED ☒ ROOM NO. TRANSFERRED ☐ | |

AFTERCARE INSTRUCTIONS GIVEN TO: PATIENT ☐ FAMILY ☐ OTHER: TIME DISCHARGED: 1130

[signature]
INSTRUCTION GIVEN BY

ED. PHYSICIAN SIGNATURE

[signature]
ATTENDING PHYSICIAN SIGNATURE

| | | 08 | 12 | 16 | 20 | 24 | 04 | 08 | 12 | 16 | 20 | 24 | 04 | 08 | 12 | 16 | 20 | 24 | 04 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T E M P E R A T U R E | 105.8° F···41° C | | | | | | | | | | | | | | | | | | |
| | 104°  ······40° | | | | | | | | | | | | | | | | | | |
| | 102.2° ····39° | | | | | | | | | | | | | | | | | | |
| | 100.4°·····38° | | | | | | | | | | | | | | | | | | |
| | 98.6° ····37° | | | | | | | | | | | | | | | | | | |
| | 96.8° ····36° | | | | | | | | | | | | | | | | | | |
| •=Oral o=Rectal A=Axillary | 95°  ····35° | | | | | | | | | | | | | | | | | | |

| | 08 | 12 | 16 | 20 | 24 | 04 | 08 | 12 | 16 | 20 | 24 | 04 | 08 | 12 | 16 | 20 | 24 | 04 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pulse Rate | 100 | 92 | 88 | 89 | 90 | 88 | 76 | 74 | 88 | 80 | 86 | 92 | 90 | 92 | 70 | | 88 | 80 |
| Respiratory Rate | 24 | 24 | 24 | 20 | 20 | 20 | 18 | 20 | 20 | 22 | 20 | 20 | 22 | 24 | 24 | | 24 | 20 |
| Blood Pressure | 148/94 | 128/70 | 138/94 | 120/80 | 130/80 | | 166/76 | 110/80 | 130/70 | 120/80 | 120/80 | 110/78 | 110/80 | 110/ | 130/80 | | 120/70 | 110/60 |

| | | 08 | 12 | 16 | 20 | 24 | 04 | 08 | 12 | 16 | 20 | 24 | 04 | 08 | 12 | 16 | 20 | 24 | 04 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Meals/% Taken | | B/ | | L/ | | D/100 | | B/ | | L/ | | D/80 | | B/100 | | L/100 | | D/90 | |
| Diet Type | | | | | | | | | | | | | | | | | | | |
| I N T A K E | Oral | 25 | | 20 | 50 | | | NPO | | 20 | 350 | | | 800 | | 450 | 800 | | |
| | Parenteral | | | | | | | 5-7 | | 455 | | | | | | | | | |
| | 8 HOUR TOTAL | | | | | | | | | | | | | | | 450 | 800 | | |
| | 24 HOUR TOTAL | | | 50+ | | | | | | | | | | | | | | | |
| O U T P U T | Urine | 25 | | 90 | 700 | | | 25 | | 20 | 600 | | 25 | - | 45 | 250 85 | | | |
| | Emesis | | | | | | | | | | | | | | | | | | |
| | Gastro-Duod. | | | | | | | | | | | | | | | | | | |
| | Drainage | | | | | | | | | | | | | | | | 250 | | |
| | JP Pos# | | | | | | | 50 | 30 | | 20 | | 10 | | 30 | 25 cc | | | |
| | 8 HOUR TOTAL | 25 | | | 700 | | | | | | 680 | | 10 | | 30 | 1100 | | | |
| | 24 HOUR TOTAL | | | 700+ | | | | | | | | | | | | | | | |
| Bowel Movements | | | | 0 | | | ↙ | ∅ | ∅ | | | | ↙ | ↙ | | | | | |
| Weight | | | | | | | | | / | | | | | | | | | | |
| Finger Stick-Glucose | | | | | | | | | | | | | | | | | | | |
| DATE | | 3/14/91 | | | | | 3/15 | | | | | | 3-16-91 | | | | | | |

Sacred Heart Hospital & Health Center
INTAKE, OUTPUT, AND VITAL SIGN
FLOWSHEET
Form #386                    VERSION-1/90

ROOM    241
H 68707    E 65821
JOHNSON CHRISTOPHER
P.O. BOX 888  CORCORAN
79933        11 30 70
FETTERMANN           6C

# ✚ Sacred Heart Hospital
## NURSING SURGICAL RECORD

| SACRED HEART | DATE | SCHEDULED START TIME | POSITION: ☐ LITHOTOMY ☐ JACKNIFE ☐ POSITIONING AIDS USED: |
|---|---|---|---|
| | 03 11 90 | _ _ _ _ | ☐ SUPINE ☐ OTHER LIST ☒ LATERAL ☐ PRONE |

| ROOM ENTRY TIME | ANESTHESIA BEGIN TIME | OPERATION BEGIN TIME | |
|---|---|---|---|
| 1150 | 1145 | 1155 | GROUND PAD: ☐ NO ☒ YES |

ELECTROSURGICAL UNIT MODEL NAME & NUMBER

038711

| ROOM | EXIT | TIME | ANESTHESIA END TIME | OPERATION END TIME |
|---|---|---|---|---|
| _ _ _ | | | 1248 | 1246 |

PREP SOLUTION: ☐ NONE ☒ IODOPHOR ☐ PHISOHEX ☐ OTHER (LIST) ☐ HIBILCLENS

| OR ROOM ☐ ADD ON | ☒ JP | ☒ CLEAN | ☐ CONTAMINATED |
|---|---|---|---|
| ☒ SCHEDULED | ☐ OP | CLEAN/ | |
| 1 ☒ EMERGENCY | ☐ SDA | ☐ CONTAMINATED ☐ INFECTED/DIRTY | |

**PRE-OP ASSESSMENT:**
21 year old male c̄ Gunshot wound to Left Buttocks

**PRE-OP DX:** Gunshot snt.

**POST-OP DX:** Same.

**PROCEDURES:**
1. Debridement of wound.
2.
3.

| SURGEONS: | ASSISTANTS: | OBSERVERS: |
|---|---|---|
| 1. Einstein | 1. | 1. ∅ |
| 2. | 2. ∅ | 2. ∅ |
| 3. | 3. | 3. |

| CIRCULATOR: (RELIEF TIMES) | SCRUB: (RELIEF TIMES) | SPONGE COUNT: ☐ NOT APPLICABLE INITIALS |
|---|---|---|
| M Evanista | M. Avalon. | 1st ☒ CORRECT ☐ INCORRECT |
| | | 2nd ☒ CORRECT ☐ INCORRECT |
| | | 3rd ☐ CORRECT ☐ INCORRECT |

NEEDLE & INCIDENTIAL COUNT: ☐ N/A INITIALS
1st ☒ CORRECT ☐ INCORRECT
2nd ☒ CORRECT ☐ INCORRECT
3rd ☐ CORRECT ☐ INCORRECT

| ANESTHESIA/ANESTHESIOLOGIST: | ANESTHESIA TYPE: | INSTRUMENT COUNT: INITIALS |
|---|---|---|
| Choe | ☐ NONE ☐ LOCAL | ☒ NOT APPLICABLE ☐ CORRECT ☐ INCORRECT |
| | ☒ GENERAL ☐ REGIONAL | |
| | ☐ IV/SED ☐ OTHER | |

| SPECIMEN: ☐ NONE ☒ YES | CULTURE: ☒ NONE ☐ CULTURE ☐ WASHING | DRAINS/CATHETERS: ☒ NONE |
|---|---|---|
| TISSUE. | | ☐ CHEST ☐ WOUND ☐ URINARY ☐ OTHER |

TOURNIQUET: ☒ NONE

| IMPLANTS: TYPE & NO. (LIST) | FLUIDS: INPUT TRANSFUSION: IV: 200 OTHER ☒ NO ☐ YES | ___ mm. Hg. TIME: ___ TIME: ___ |
|---|---|---|
| | OUTPUT: BLOOD 200 URINE ∅ | ___ mm. Hg. TIME: ___ TIME: ___ |
| | OTHER | IRRIGATION: ☐ NO ☒ YES NS & Betadine |

ALLERGIES: ☒ NO ☐ YES (LIST)

**NURSE NOTES:**

Johnson, Christopher
E65821

| | TRANSFER | METHOD |
|---|---|---|
| | ☒ PACU | ☒ STRETCHER |
| | ☐ ICU | ☐ BED |
| | ☐ PT ROOM | ☐ CRIB |
| | ☐ DISCH | ☐ WHEELCHAIR |
| | ☐ OTHER | ☐ OTHER |

INDICATE PLACEMENT OF ALL APPLICABLE ITEMS

Blood Pressure Cuff
ECG Electrodes
Electrosurgical Grounding Pad
Pulse Oximeter
Temperature Sensor

Tourniquets
I.V. Lines
Arterial Lines
Drains
Catheters
Other




## NAMES / TITLES / SIGNATURES / INITIALS OF NURSING STAFF

| NAME (PRINT) | TITLE | SIGNATURE | INITIALS |
|---|---|---|---|
| M Everest | RN | M Everest | ME |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  | Johnson Christonell | |
|  |  | E65821 | |

# ✚ Sacred Heart Hospital NURSING SURGICAL RECORD

| | DATE | SCHEDULED START TIME | POSITION: |
|---|---|---|---|
| **SACRED HEART** | 0 3 11 5 / 91 | _ _ _ _ | ☐ LITHOTOMY  ☒ SUPINE  ☐ JACKNIFE  ☐ OTHER LIST  ☐ LATERAL |

| ROOM ENTRY TIME | ANESTHESIA BEGIN TIME | OPERATION BEGIN TIME | ☐ PRONE |
|---|---|---|---|
| 1 0 1 0 | 1 0 1 0 | 1 0 2 0 | GROUND PAD: ☒ YES ☐ NO | ELECTROSURGICAL UNIT MODEL NAME & NUMBER  0 3 8 7 11 |

| ROOM | EXIT | TIME | ANESTHESIA END TIME | OPERATION END TIME |
|---|---|---|---|---|
| 1 | 1 1 5 | | 1 1 1 0 | 1 1 0 5 |

PREP SOLUTION: ☐ NONE  ☒ IODOPHOR  ☐ PHISOHEX  ☐ OTHER (LIST)  ☐ HIBILCLENS

| OR ROOM ☐ ADD ON | ☒ IP | ☐ CLEAN | ☐ CONTAMINATED |
|---|---|---|---|
| ☒ SCHEDULED | ☐ OP | CLEAN/ | |
| ☐ EMERGENCY | ☐ SDA | ☒ CONTAMINATED ☐ INFECTED/DIRTY | |

**PRE-OP ASSESSMENT:**
Sirosis rule ī open wound Left hip

**PRE-OP DX:**
S/p open shot wound

**POST-OP DX:**
Same.

**PROCEDURES:**
1. Debridment of wound
2.
3.

| **SURGEONS:** | **ASSISTANTS:** | **OBSERVERS:** |
|---|---|---|
| 1. Eustermann | 1. Nancy (Pace) | 1. C.O. Sumpter |
| 2. | 2. | 2. |
| 3. | 3. | 3. |

| **CIRCULATOR: (RELIEF TIMES)** | **SCRUB: (RELIEF TIMES)** | |
|---|---|---|
| M Eugene Fw | | SPONGE COUNT: ☐ NOT APPLICABLE  INITIALS |

SPONGE COUNT: ☐ NOT APPLICABLE  INITIALS
1st ☐ CORRECT ☐ INCORRECT _____
2nd ☐ CORRECT ☐ INCORRECT _____
3rd ☐ CORRECT ☐ INCORRECT _____

NEEDLE & INCIDENTIAL COUNT: ☐ N/A  INITIALS
1st ☐ CORRECT ☐ INCORRECT _____
2nd ☐ CORRECT ☐ INCORRECT _____
3rd ☐ CORRECT ☐ INCORRECT _____

| **ANESTHESIA/ANESTHESIOLOGIST:** | **ANESTHESIA TYPE:** | |
|---|---|---|
| Hermann | ☐ NONE  ☐ LOCAL | |
| | ☒ GENERAL  ☐ REGIONAL _____ | INSTRUMENT COUNT: INITIALS  ☒ NOT APPLICABLE ☐ CORRECT  ☐ INCORRECT |
| **SPECIMEN:** ☒ NONE ☐ YES | ☐ IV/SED  ☐ OTHER _____ | |

CULTURE: ☐ NONE ☐ CULTURE ☐ WASHING

DRAINS/CATHETERS: ☐ NONE  ☐ CHEST ☐ WOUND ☐ URINARY ☐ OTHER

TOURNIQUET: ☒ NONE

| **IMPLANTS: TYPE & NO.** (LIST) | **FLUIDS:** IV: 700  INPUT:  OTHER A | **TRANSFUSION:** ☒ NO ☐ YES | _____ mm. Hg. TIME : _____ TIME : _____ |
|---|---|---|---|
| | **BLOOD** O  **OUTPUT:** URINE O | | _____ mm. Hg. TIME : _____ TIME : _____ |
| | **OTHER** O | | IRRIGATION: ☐ NO ☒ YES |

ALLERGIES: ☒ NO ☐ YES (LIST)

U.S. Bacatin

**NURSE NOTES:**

| | **TRANSFER** | **METHOD** |
|---|---|---|
| | ☒ PACU | ☒ STRETCHER |
| | ☐ ICU | ☐ BED |
| | ☐ PT ROOM | ☐ CRIB |
| | ☐ DISCH | ☐ WHEELCHAIR |
| | ☐ OTHER | ☐ OTHER |

B-8707        E 65821
JOHNSON CHRISTOPHER
PO BOX 888 CORCORAN
178033          11 30 70
EUSTERMANN
INP                  EC

SHH FORM 359 (8/89)

SACRED HEART HOSPITAL AND HEALTH CENTER
HANFORD, CALIFORNIA

PT: JOHNSON, CHRISTOPHER   *E6582*   MR: 178033          RM: 242-1
DATE OF ADMISSION:  3/11/91
DATE OF DISCHARGE:  3/18/91

Christopher Johnson was admitted with a gun shot wound to the left hip which did
not enter into the abdomen or body cavities.  He was taken to the operating room
where the wound was debrided with findings of muscle damage and muscle avulsion off
the bone.  The wound was opened, irrigated, debrided and the patient did well with
this.    He  subsequently  underwent  delayed  primary  closure  on  the  fourth
postoperative day.  This was again irrigated and Jackson-Pratt drains were placed
in the wound.  The wound was closed.  He has had some swelling postoperatively, but
in general has done well.  His wound looks fine.  He is today being dismissed back
to the prison.  Jackson-Pratt drain will be removed after cessation of drainage. He
is to continue on Duricef and the staples will be removed in approximately five
days.

jb 3/18/91d&t

cc: Prison

J. EUSTERMANN, M.D.

DISCHARGE SUMMARY

EXHIBIT "C"

202-752 1/82 (Rev.)

**SUPERIOR COURT OF THE STATE OF CALIFORNIA    DEPT.___9___**
**IN AND FOR THE COUNTY OF ALAMEDA**

Date: Aug. 7, 1990    Hon.    STANLEY P. GOLDE    , Judge    Lori Arnold    , Deputy Clerk
, Deputy Sheriff    James Lee    , Reporter

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | Suzan Stauffer, Deputy District Attorney |
| Plaintiff_____ | | |
| vs. | Counsel appearing for Defendant | Peter Furst, Esq. |
| CHRISTOPHER JOHNSON | | |
| Defendant_____ | Probation Officer appearing | John Stone, Deputy |

NATURE OF PROCEEDINGS:    Report and Sentence    ACTION No. ___103303___

PFN. ARO 800    CEN. 0243189

Defendant is present.  · Defendant's motion for probation is denied.  Defendant's motion for stay of execution of sentence is denied.  On Court's motion, the arming clauses in the 2nd and 3rd counts and use clause in the 4th count are stricken.

The defendant having been convicted on ___July 10, 1990___ by
( ) plea of guilty
(XX) nolo contendere
( ) decision of Court
( ) verdict of jury
of the offense __S__ of    felonies, to wit, Four (4) Counts of Robbery in the Second Degree, a violation of Section 211 of the Penal Code of California, as charged  in the 1st through 4th counts of the Complaint.  Defendant admitted having personally used a firearm, to wit, a handgun in the commission of the offenses charged in the 1st and 4th counts.  Defendant admitted being armed with a firearm, to wit, a shotgun in the commission of the offenses charged in the 2nd and 3rd counts; and the cause was certified to this court for sentence.

waives formal arraignment
The defendant XXxXXxXXXXX for sentence and has no legal cause to show why the judgment of this Court should not be pronounced against him/HeXXThe Court pronounces judgment.

Defendant has been held in custody for __91__ actual days plus __47__ days good/worktime credit for a total of __138__ days as a result of the same criminal act or acts for which he/XXXhas been convicted.

It is ORDERED that said defendant be punished by imprisonment in state prison of the State of California for the __Middle__ term of

Three (3) Years plus Two (2) Years as to the 1st count; and three years as to the 2nd, 3rd and 4th counts; for a Total Term of: Five (5) Years as to the 1st count.

It is further ORDERED that sentences shall be served in respect to one another as follows:

The term imposed on the use clause in the 1st count shall run consecutively pursuant to the provisions of Section 12022.5 of the Penal Code; the terms imposed on the 2nd, 3rd and 4th counts shall commence to run immediately and concurrently with each other and concurrently with the 1st count;
and in respect to any prior incompleted sentence(s) as follows:

"THE COURT MAKES NO ORDER"

IT IS ORDERED that the defendant pay a Restitution Fine of $300.00.
It is further ORDERED that the defendant is remanded to the custody of the Sheriff of the County of Alameda to be by him delivered to (XX) Director of Corrections of the State of California at California Medical Facility, Vacaville, California ( ) California Institution for Women at Frontera, California.

(Date recorded on microfilm_____)

E65821

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT - INDETERMINATE
### [NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]

CR-292

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>BRANCH OR JUDICIAL DISTRICT  **RENE C. DAVIDSON** | CSA |

**ENDORSED**
~~FILED~~
ALAMEDA COUNTY

SEP 2 - 2004

CLERK OF THE SUPERIOR COURT
By Wanda J. Boyns, Deputy

| PEOPLE OF THE STATE OF CALIFORNIA vs.<br>DEFENDANT: **CHRISTOPHER JOHNSON** | DOB: **11-30-70** | 143324 | -A |
|---|---|---|---|
| AKA: **KENNETH JOHNSON** | | | -B |
| CII#: **07887465** | | | |
| BOOKING INFORMATION: PFN: **ARO800**  CEN: **2244813** | | | |

| | |
|---|---|
| ☐ NOT PRESENT | |
| COMMITMENT TO STATE PRISON<br>ABSTRACT OF JUDGMENT  ☐ AMENDED ABSTRACT | -D |

| DATE OF HEARING  **09-02-04** | DEPT. NO.  **006** | JUDGE  **KENNETH R. KINGSBURY** |
|---|---|---|
| CLERK  **Wanda Boyns** | REPORTER  **Gerald Dohrmann** | PROBATION NO. OR PROBATION OFFICER  **No Appearance** |
| COUNSEL FOR PEOPLE  ☒ Deputy District Attorney  ☐ State Attorney General  **Lance Kubo** | | COUNSEL FOR DEFENDANT  ☐ Deputy Public Defender  ☒ Private Counsel  **Walter Pyle** |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   ___ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (Month/Date/Year) | Jury | Court | Plea | CONVICTED BY | Con-current | Con-secu-tive | 654 Stay |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | PC | 211** | Second Degree Robbery | 2002 | 07-20-02 | X | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL | |
|---|---|---|---|---|---|---|---|---|---|
| 667a | 5 | | | | | | | 5 | 0 |
| | | | | | | | | | |

Defendant was sentenced to State Prison for an INDETERMINATE TERM as follows

4. ☐ LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts _____

5. ☐ LIFE WITH THE POSSIBILITY OF PAROLE on counts _____

6. a. ☐ 15 years to Life on counts _____      c. ☐ _____ years to Life on counts _____
   b. ☒ 25 years to Life on counts **ONE**      d. ☐ _____ years to Life on counts _____
   PLUS enhancement time shown above.

7. ☐ Additional determinate term (see CR-290).

8. Defendant was sentenced pursuant to ☒ PC 667(b)-(i) or PC 1170.12  ☐ PC 667.61  ☒ PC 667.7  ☐ other (specify): _____

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CR-292 (Rev. January 1, 2003) | ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE<br>[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED] | Penal Code<br>§§ 1213, 1213.5 |
|---|---|---|

C:\Documents and Settings\wboyns\Desktop\143324 Christopher Johnson\SP Abstract.doc

# JOHN McDOUGALL

ATTORNEY AT LAW
CERTIFIED CRIMINAL LAW SPECIALIST
STATE BAR OF CALIFORNIA BOARD OF LEGAL SPECIALIZATION

July 11, 2002

Michelle Gandy
3447 Loneridge
Antelope, CA 95843

*Re: People v. Kenneth Johnson, No. 475567*

Dear Michelle:

With this letter I am sending you these documents in connection with this assignment:
1. Crime Report RD No. 02-33800
2. Criminal Complaint
3. Authorization for Release of Confidential Records
4. Expense Request.

A request for the address of the complaining witness is pending. A discrepancy exists between page one of the report indicating, "victim injured," and page 4 documenting the officer's observation, "no visible injuries." Mr. Johnson says that his Alameda County Criminal Justice Mental Health records and CDC central file contain relevant mitigating information, and I would like them obtained.

Very truly yours,

John McDougall
Attorney at Law

2041 BANCROFT WAY, SUITE 207  •  BERKELEY, CALIFORNIA 94704-1443
(510) 849-0898  •  FAX: (510) 845-6419  •  E-MAIL: LAWDOUGAL@AOL.COM

002

## AUTHORIZATION FOR RELEASE OF INFORMATION

I, **KENNETH JOHNSON, AKA CHRISTOPHER JOHNSON, DOB 11-30-70,** hereby

authorize the release to **Clarick G. Brown Investigations** or my attorney, **John McDougall,**

or their representatives or authorized agents any and all medical, personal, financial,

telephone, cellular phone, home security, apartment rental, employment, earnings, police or

law enforcement reports or other information as may be requested.  **THIS RELEASE**

**SPECIFICALLY INCLUDES PSYCHIATRIC, MENTAL HEALTH AND OTHER**

**PROTECTED AND PRIVILEGED RECORDS OF ANY KIND.** I specifically waive

any and all rights to privacy and privilege regarding those records with respect to this release.

A photocopy of this document is to have the same force and effect as the original. This

authorization/release will be in affect until 7/1/2003.


I declare the above to be true and correct under penalty of perjury. Executed on this $25$th

day of June, 2002 at Dublin, California.


Signature:  _____ (BIRTH NAME)

**Kenneth Johnson, AKA**
**Christopher Johnson**

**DOB:** 30 November, 1970

Social Security # 556 - 51 - 8403

SEP 2 4 2002

*med only*

P.D.I.A.
PEOPLE'S DEFENSE INVESTIGATIVE AGENCY
344 J LOMBRIDGE COURT
ANTELOPE CA 95843
(916) 344-4409
(916) 344-4409 FAX

September 16, 2002

Angela Woodard
3013 Arrowjet
Rancho Cordova CA 95742

Re: Christopher Johnson
    AKA Kenneth Johnson
CDC# E65821
DOB 11/30/70

Dear Ms. Woodard:

As per our conversation I am requesting an entire copy of Christopher Johnson's file. This includes his CDC medical file. This request is being made based on a request from his present Attorney John McDougal (enclosed) and a release (enclosed) signed from our client Christopher Johnson for a pending criminal proceeding.

Sincerely,

Michele M. Condly-Lewis

Michele Gandy-Lewis
Investigator
PI #17822

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA          Dept. No. 006

Date: **September 2, 2004**          Hon. KENNETH R. KINGSBURY, Judge          Wanda Boyns, Dep. Clk.
                                                                              Gerald Dohrmann, Reporter

THE PEOPLE OF THE STATE OF CALIFORNIA          Counsel appearing    Lance Kubo, Deputy
                                               for Plaintiff        District Attorney

                 Plaintiff

vs.                                            Counsel appearing    Walter Pyle, Esq.
                                               for Defendant
**CHRISTOPHER JOHNSON**

                                               Probation Officer    No Appearance
                 Defendant                     appearing           Deputy

Nature of Proceedings:    **REPORT AND SENTENCE**          Case No. **143324**
                                                          PFN: **ABO800**
                                                          CEN: **2244813**

Defendant is present.
Probation is denied.
Defendant having been convicted by jury of the felony offense(s) shown below. The defendant waives formal arraignment for
sentence and has no legal cause to show why the judgment of this Court should not be pronounced against him.

The Court pronounces judgment. Defendant is to be punished by imprisonment in the State Prison of the State of California for:

| | | | | | | CONVICTED BY | | | Con-current | Con-secu-tive | 654 Stay |
| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (Month/Date/Year) | Jury | Court | Plea | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 01 | PC | 211** | Second Degree Robbery | 2002 | 07-20-02 | X | | | | | |

ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL · | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 667a | 5 | | | | | | | 5 | 0 |

**TOTAL TERM:  30 YEAR(S) to LIFE.**
The defendant is sentenced pursuant to Penal Code section 667(e)(2)/1170.12(c)(2).

On court's own motion Count 2 is dismissed and the first prior conviction of the Information is stricken. Prior convictions 3, 4 and 5
were not brought and tried with the 2nd prior conviction per 667a(1) of the Penal Code.

Defendant is ordered to pay Restitution Fine of $2500.00 pursuant to Penal Code section 1202.4(b) and an additional Parole
Restitution Fine of $2500.00 pursuant to Penal Code section 1202.45 is suspended pending successful completion of parole.

Restitution is reserved. (NONE)

Defendant is ordered to pay a $20.00 Security Fee pursuant to PC 1465.8.

Defendant has been in custody for 658 actual days plus 99 days good time/work time credit for a total of 758 days as a result of the
same criminal act(s) for which he has been convicted.

Defendant is advised of his appeal rights.

Defendant is remanded to the custody of the Sheriff of the County of Alameda to be delivered by him to Director of Corrections at
the California State Prison at San Quentin, San Quentin, California.

C:\Documents and Settings\wboyns\Desktop\143324 Christopher Johnson\SPMO.doc
(Rev. 04/07/03)

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **CHRISTOPHER JOHNSON**

| 143324 | -A | | -B | | -C | | -D |
|---|---|---|---|---|---|---|---|

9.   FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

a.   Restitution Fine(s):
Case A: $2500.00     per PC 1202.4(b) forthwith per PC 2085.5;     $2500.00     per PC 1202.45 suspended unless parole is revoked.
Case B: $_____     per PC 1202.4(b) forthwith per PC 2085.5;     $_____     per PC 1202.45 suspended unless parole is revoked.
Case C: $_____     per PC 1202.4(b) forthwith per PC 2085.5;     $_____     per PC 1202.45 suspended unless parole is revoked.
Case D: $_____     per PC 1202.4(b) forthwith per PC 2085.5;     $_____     per PC 1202.45 suspended unless parole is revoked.

b.   Restitution per PC 1202.4(f):
Case A: $_____     ☐ Amount to be determined     to:   ☐ victim(s)*     ☐ Restitution Fund
Case B: $_____     ☐ Amount to be determined     to:   ☐ victim(s)*     ☐ Restitution Fund
Case C: $_____     ☐ Amount to be determined     to:   ☐ victim(s)*     ☐ Restitution Fund
Case D: $_____     ☐ Amount to be determined     to:   ☐ victim(s)*     ☐ Restitution Fund
(*List victim name(s) if known and amount breakdown in item 11, below.)

c.   Fine(s):
Case A: $_____     per PC 1202.5.  $_____     per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case B: $_____     per PC 1202.5.  $_____     per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case C: $_____     per PC 1202.5.  $           per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case D: $_____     per PC 1202.5.  $_____     per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

d.   Lab Fee and Drug Program Fee:
Case A: Lab Fee: $_____     per HS 11372.5(a) for counts _____.     ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case B: Lab Fee: $_____     per HS 11372.5(a) for counts _____.     ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case C: Lab Fee: $_____     per HS 11372.5(a) for counts _____.     ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case D: Lab Fee: $_____     per HS 11372.5(a) for counts _____.     ☐ Drug Program Fee of $150 per HS 11372.7(a).

10.   TESTING
      a. ☐ AIDS pursuant to PC 1202.1     b. ☐ DNA pursuant to PC 296     c. ☐ other (specify):

11.   OTHER ORDERS (specify): Restitution is reserved. $20.00 Security Fee pursuant PC 1465.8 is ordered.

12.   EXECUTION OF SENTENCE IMPOSED
      a. ☒ at initial sentencing hearing.                          d. ☐ at resentencing per recall of commitment.  (PC 1170(d).)
      b. ☐ at resentencing per decision on appeal.                 e. ☐ other (specify):
      c. ☐ after revocation of probation.

13.   CREDIT FOR TIME SERVED

| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | | | CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 758 | 658 | 99 | ☐ 4019 | ☒ 2933.1 | C | | | | ☐ 4019 | ☐ 2933.1 |
| B | | | | ☐ 4019 | ☐ 2933.1 | D | | | | ☐ 4019 | ☐ 2933.1 |

| DATE SENTENCE PRONOUNCED: **09-02-04** | TIME SERVED IN STATE INSTITUTION: ☐ DMH | ☐ CDC | ☐ CRC |
|---|---|---|---|

14.   Defendant is remanded to the custody of the sheriff: ☒ forthwith   ☐ after 48 hours excluding Saturdays, Sundays and holidays.
To be delivered to:  ☒ the reception center designated by Director, California Department of Corrections: ☒ San Quentin ☐ CRC ☐ Chowchilla
         ☐ other (specify):

CLERK OF THE COURT
I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE   *Wanda J. Boyns* **Wanda Boyns** | DATE **09-02-04** |
|---|---|

CR-292 (Rev. January 1, 2003)     **ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE**     Page 2 of 2

ABSTRACT OF JUDGMENT – PRISON COMMITMENT C000249

SINGLE OR CONCURRENT COUNT FORM

FORM DSL 290.

(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF __ALAMEDA__
BRANCH __OAKLAND__

COURT I.D. | 3010000

CASE NUMBER

**ENDORSED FILED ALAMEDA COUNTY**

**MAR 7 – 1997**

**RONALD G. OVERHOLT, Exec. Off./CI By Janet Schoenemann**

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: CHRISTOPHER JOHNSON    ☒ PRESENT    127788
AKA: KENNETH JOHNSON ARO800 6150890 ☐ NOT PRESENT

COMMITMENT TO STATE PRISON    AMENDED
ABSTRACT OF JUDGMENT    ABSTRACT ☐

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| March 7, 1997 | 12 | PHILIP V. SARKISIAN | Janet Schoenemann |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| Linda Harris | Teresa Drenick, DDA | Margo George, APD | None |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | TERM (LAW.U) | TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 496 | Receiving Stolen Prop | 96 | 1 | 8 | 97 | X | | | | 6 | 0 |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:
for each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385.
Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) AND OTHER.
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 667(e)(1) | 1 | | | | | | | | | 1 | 0 |

4. OTHER ORDERS:

Defendant sentenced pursuant to Penal Code Section 667(e)(1).
Defendant to pay $200 Restitution Fine.
Court recommends that defendant be evaluated for housing at Vacaville.

Defendant is advised of his appellate rights.
Defendant's request for bail pending appeal is denied.

5. TIME STAYED § 1170.1(g) (DOUBLE BASE LIMIT):

6. TOTAL TERM IMPOSED: | 7 | 0

7. ☐ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

8. EXECUTION OF SENTENCE IMPOSED:

A ☒ AT INITIAL SENTENCING HEARING    B ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL    C ☐ AFTER REVOCATION OF PROBATION    D ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))    E ☐ OTHER _____

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 3-7-97 | CREDIT FOR TIME SPENT IN CUSTODY 437 | TOTAL DAYS INCLUDING: | ACTUAL LOCAL TIME 291 | LOCAL CONDUCT CREDITS 146 | STATE INSTITUTIONS ☐ DMH ☐ CDC

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☒ FORTHWITH    INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:    ☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA    ☐ CALIF. MEDICAL FACILITY – VACAVILLE    ☐ CALIF. INSTITUTION FOR MEN – CHINO    ☐ DEUEL VOC. INST.
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS    ☒ SAN QUENTIN
☐ OTHER (SPECIFY): _____

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE _____    DATE March 7, 1997

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

ABSTRACT OF JUDGMENT – COMMITMENT
SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

Form Adopted by the
Judicial Council of California
Effective April 1, 1990

C00250

E65821
Bk 8/24

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**

BRANCH

COURT I.D. **0 1**

**ENDORSED FILED**

AUG 16 1990

RENE C. DAVIDSON, County Clerk

Beverly Graves, Deputy

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: **CHRISTOPHER JOHNSON**
AKA: **(ARO 800 0243189)**

[X] PRESENT
[ ] NOT PRESENT

CASE NUMBER (S)
**103303** ← A
← B
← C
← D
← E

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT [ ]

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 08/07/90 | 9 | STANLEY P. GOLDE | Lori Arnold |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| James Lee | Suzan Stauffer, DDA | Peter Furst, Esq. | John Stone, DPO |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT    (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO / DAY / YEAR | CONVICTED BY | | | SENTENCE RELATION | | | | | | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 211/212.5(b)** | Robbery-Second Deg | 90 | 07 10 90 | X | M | | | | | | | | 3 | |
| 2 | PC | 211/212.5(b)** | Robbery-Second Deg | 90 | 07 10 90 | X | M | X | | | | | | | (3) | |
| 3 | PC | 211/212.5(b)** | Robbery-Second Deg | 90 | 07 10 90 | X | M | X | | | | | | | (3) | |
| 4 | PC | 211/212.5(b)** | Robbery-Second Deg | 90 | 07 10 90 | X | M | X | | | | | | | (3) | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter time total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12022.5 PC | 2 | | | | | | | | | 2 |
| 2 | 12022(a)(1) | S | | | | | | | | | |
| 3 | 12022(a)(1) | S | | | | | | | | | |
| 4 | 12022.5 PC | S | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) twice). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
| | | | | | | | | | | |

4. INCOMPLETED SENTENCE(S) CONSECUTIVE.

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

5. OTHER ORDERS

Defendant is ordered to pay a Restitution Fine of $300.00.

Use additional sheets of plain paper if necessary.

6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):

7. STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays of term for enhancements.)

8. TOTAL TERM IMPOSED: | 5 |

9. EXECUTION OF SENTENCE IMPOSED:

A. [X] AT INITIAL SENTENCING HEARING    B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL    C. [ ] AFTER REVOCATION OF PROBATION    D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))    E. [ ] OTHER

| 10. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 08/07/90 | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS 138 INCLUDING: | ACTUAL LOCAL TIME 91 | LOCAL CONDUCT CREDITS 47 4/6 | STATE INSTITUTIONS [ ] DMH    [ ] CDC |
|---|---|---|---|---|---|

11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

[X] FORTHWITH
[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

[ ] INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

[ ] CAL. INSTITUTION FOR WOMEN – FRONTERA
[X] CALIF. MEDICAL FACILITY – VACAVILLE
[ ] CALIF. INSTITUTION FOR MEN – CHINO
[ ] DEUEL VOC. INST.

[ ] OTHER (SPECIFY):    [ ] SAN QUENTIN

### CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| | August 16, 1990 |

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the Judicial Council of California

ABSTRACT OF JUDGMENT – PRISON COMMITMENT
FORM DSL 290

*THE PRISON LINK*                    *SECOND QUARTER, 2006 PAGE - 3 -*

## BUCKLEY WINS IN 9TH CIRCUIT

Brian Buckley won his plea bargain case recently in the 9th Circuit Court of Appeal. Not surprisingly, he had lost in all the state courts. Fortunately, the federal courts actually applied legal theories in order to reach a favorable decision, rather than just issuing a rubber stamp denial--like the state appellate and Supreme courts had.

Buckley had agreed on the record to a maximum term of 15 years in response to questions by the prosecutor. He also initialed paperwork consenting to a maximum term of 15 years. In subsequent testimony, Buckley stated his sentence was 15 years to life, but explained that he understood the "life" portion to apply to his parole after release from prison. The court found ambiguity concerning the term to which Buckley had consented and, therefore, according to state law, had to resolve that term against the party who caused the uncertainty (the prosecutor). The court discussed the three-step analysis required under state law for interpreting contracts and resolving ambiguities.

Evidence on the record showed that Buckley thought the term was 15 years maximum but contrary assertions by the prosecutor while taking the plea and Buckley's later testimony created ambiguities. Buckley won, however, because he was able to establish (1) an ambiguity concerning the prison term under his plea agreement that (2) was not resolved by examining the parties' objective expectations and, therefore, (3) had to be resolved in his favor under state law.

The superior court was the only court that issued a written decision; as mentioned, the appellate and State Supreme Court issued rubber stamp denials; therefore, the district court and 9th Circuit reviewed the superior court's decision as the "last reasoned decision" deemed adopted by the State Supreme Court. The superior court failed to make the three-step analysis required under California law and cited the wrong case (a misadvisement of plea consequences case) to support its decision, according to the 9th Circuit.

Because the state courts offer so little analysis of these broken-plea claims, federal court may offer an attractive option (after exhaustion) for those seeking to enforce their plea agreements. The federal courts, at least, appear willing to interpret the contract under state law. Buckley is a good read for anyone who wants to bring a legal challenge concerning his plea bargain.

\* \* \* \* \* \* \*

## SASS UPDATE

The Ninth Circuit Court of Appeal heard oral argument in *Sass* in January 2006. As our readers who have followed the case know, at stake in *Sass* is whether prisoners have a liberty interest under Penal Code §3041. The state has argued that under the California Supreme Court's decision in *Dannenberg*, no liberty interest exists. Of course, *Dannenberg* made no such finding; *Dannenberg* simply decided the question of sequence, i.e., whether the board is required to set uniform terms for all prisoners or whether it must first address public safety considerations before granting parole. The court in *Dannenberg* held that the sequence for the board's decision making is parole suitability first, without regard to proportionality or uniformity, then term-setting considerations.

Most of the federal district courts have rejected the Attorney General's argument that no liberty interest exists under *Dannenberg*. We are personally aware of district court orders denying motions to dismiss habeas petitions based on the "no-liberty-interest-under-*Dannenberg* argument" without prejudice, until the 9th Circuit decides *Sass* Simply stated, *Dannenberg* did not decide whether prisoners have a federally protected liberty interest under *Penal Code §3041*. Thus, virtually all other district courts have refused to follow *Sass*.

It seems inconceivable that the Ninth Circuit would hold that prisoners have no liberty interest in parole under Penal Code §3041. If that were true, then it would be permissible for the board to deny parole based on race, gender or religion (clearly arbitrary

*LEGAL ADVERTISEMENT*

★★★★★★★★★★★★★

## COMMON LAW CORNER
# BROKEN PLEA AGREEMENTS
# WHAT CAN BE DONE?

A negotiated guilty plea requires both parties to honor the agreement as to the sentence. People v Walker, 54 Cal.3d 1013, 1024; 1 Cal.Rptr.2d 902; 819 P.2d 861 (1991). "[a]violation of a plea bargain is not subject to harmless error analysis. A court may not impose punishment significantly greater than that bargained for . . ." Id. at 1026.

Where a plea bargain has been violated "[A] court ought to accord a defendant's preference considerable if not controlling weight inasmuch as the fundamental rights flouted by a prosecutor's breach of a plea bargain are those of the defendant, not of the state. Santobello v. New York, (1971) 404 U.S. 257, [30 L.Ed.2d 427, 92 S.Ct. 495] at 267. (Douglas J. Concurring) Additionally, "[[f]actors which have favored the defendant's choice of remedy have been the defendant's performance of his side of the plea bargain especially if he has commenced to serve his term of imprisonment (cite omitted) and a willful and deliberate breach of a plea bargain by a prosecutor." (cite omitted) People v. Calloway, 29 Cal. 3d 666; 631 P.2d 30; 175 Cal. Rptr. 596, at 603 (Bird, C. J., Dissenting). In People v Walker, 54 Cal.3d 1013, 1024; 1 Cal. Rptr.2d 902; 819 P.2d 861 (1991), the defendant pleaded guilty to an offense that carried a potential seven-year sentence and a $10,000 fine. Under the negotiated plea agreement the defendant was to receive a five-year term of imprisonment and no punitive fine. At the subsequent sentencing hearing, the trial court imposed the agreed-upon five-year sentence but also a $5,000 restitution fine. The California Supreme Court found that imposition of the $5,000 fine violated the plea agreement. Instead of the $5,000 fine imposed by the sentencing Judge, the Supreme Court ruled that the minimum fine required by statute ($100) would be imposed. Because the fine of $5,000 was not part of

the punishment bargained for in Walker, the $5,000 fine could not stand.

In People v. Flores, 6 Cal.3d 305; 491 P.2d 406; 98 Cal.Rptr. 822 (1971), the defendant pleaded guilty to robbery and an armed allegation with the understanding that she would receive a maximum sentence of five years to life in exchange for dismissal of fourteen other charges. After acceptance of the plea, the court asked the defendant how the crime had been committed, and the defendant replied that he had used a firearm. The trial court then added five years to the defendant's sentence under a then-existing enhancement statute pertaining to the commission of robbery with a firearm. The California Supreme Court in Flores stated:

[i]n entering his plea of guilty, defendant therefore bargained for a sentence of no greater than imprisonment for five years to life. Plea bargaining has become an accepted practice in American criminal procedure (People v. West, 3 Cal.3d 595, 604 [91 Cal.Rptr. 385, 477 P.2d 409]); and where a defendant's guilty plea has been entered as part of such a bargain with recognized authorities, and judgment entered contrary to the terms of the bargain, he may move to have his plea set aside for the judgment may be modified to conform with the terms of his bargain. Id. at 308-309 (emphasis added)

Even though the law in Flores mandated that an additional five years be added to the sentence of a defendant who used a firearm while committing robbery, the Court held that the terms of the plea bargain with regard to sentence must be honored.

In Bunnel v. Superior Court, 13 Cal.3d 592; 119 Cal.Rptr. 302; 531 P.2d 1086 (1975) at 605, the California Supreme Court held that a defendant who pleads guilty "[s]hall be advised of the direct

1

2  F I L E D
   ALAMEDA COUNTY

3
   JUL 24 1990

4
   RENE C. DAVIDSON, County Clerk

5  By _Mary Williams_

6

7

8  IN THE MUNICIPAL COURT FOR THE OAKLAND-PIEDMONT-EMERYVILLE

9  JUDICIAL DISTRICT, COUNTY OF ALAMEDA, STATE OF CALIFORNIA

10                    DEPARTMENT NO. 7

11      BEFORE THE HONORABLE CARLOS G. YNOSTROZA, JUDGE

12                      ---o0o---

13  _____
                                        )
14  THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                        )
15                          Plaintiff, )    No. 335080
                                        )
16  vs.                                 )  Charge: Violation
                                        )  of F211 PC
17  CHRISTOPHER JOHNSON,                )  (4 counts).
                                        )
18                          Defendant. )   103303
    _____)

19

20        REPORTER'S TRANSCRIPT OF PROCEEDINGS
                    FELONY PLEA

21
                  July 10, 1990

22

23  APPEARANCES:

24  For the Defendant:          PETER FURST, Esquire
                                Attorney at Law
25
    For the People:             JOHN BELL,
26                              Deputy District Attorney

27

28  Reported by:  C. CRAIG CHUNG,
                  CSR No. 7028

RECEIVED AND FILED
ALAMEDA COUNTY

JUL 24 1990

RENE C. DAVIDSON, County Clerk
By ROSALYN MARTENS
R. Mart

1

              TUESDAY -- JULY 10, 1990 -- 2:16 P.M.
                       ---oOo---

1

2

3        THE CLERK:  The People of the State of California

4  versus Christopher Johnson.

5        Is this your true name?

6        THE DEFENDANT:  Yeah.

7        THE CLERK:  Case number 335080.

8        Defendants (sic) is charge with eight count (sic)

9  of felony 211.

10       MR. BELL:  I think they have the wrong complaint.

11  This is a recharge.

12       THE COURT:  All right.  One moment, please.  Let

13  me confer with the clerk.

14                         (Off-the-record sidebar
                              discussion between his

15                              Honor and Madam Clerk.)

16       THE COURT:  Off the record.

17            (Discussion off the record.)

18       THE CLERK:  Defendant is charge with two counts --

19  four counts of 211 of the Penal Code, two with use and

20  two with arm clause.

21       This matters (sic) is on for pretrial hearing, and

22  representing the People?

23       MR. BELL:  John Bell.

24       THE CLERK:  Representing defendant?

25       MR. FURST:  Peter A. Furst, F-u-r-s-t, for

26  defendant.

27       THE COURT:  Very well.

28       I understand there's to be a change of plea in

2

1    this matter.

2          Uh, Mr. Bell, would you state the terms of

3    sentence, please?

4          The clerk also reminds me that there are several

5    trailing misdemeanor matters.

6          MR. BELL:  I was unaware of those, your Honor.

7          Yes, your Honor.  The defendant is going to, uh,

8    enter a plea as charged with the agreement that, uh,

9    it'll be five years State Prison.

10         THE COURT:  And the, uh, plea would be to which

11   charge, Counsel?

12         MR. BELL:  All charges.

13         THE COURT:  And to admit all clauses?

14         MR. BELL:  That's correct.

15         THE COURT:  Mr. Furst, is this with your

16   concurrence?

17         MR. FURST:  That is correct, your Honor.

18         THE COURT:  Okay.  One moment.

19         And, Mr. Johnson, is that what you want to do this

20   afternoon?

21         THE DEFENDANT:  Yes, it is.

22         THE COURT:  Okay.

23         Mr. Johnson, let me advise you that the term for a

24   robbery offense in California, a violation of 211 of the

25   Penal Code, is three years, four years, or six years in

26   State Prison.

27         It's my understanding that you will be entering a

28   plea to four counts and admitting two use of a firearm

3

1    clauses and two clauses that charge that you were armed

2    with a firearm.

3         It is understood that as a result of this plea you

4    will be sentenced to serve a period of five years in

5    State Prison.

6         Upon your release from State Prison, you could be

7    released on parole for a period of up to three years.

8         If you violated any conditions of parole, it could

9    be revoked and you can then be sentenced back to State

10   Prison for up to a year for that revocation.

11        Do you understand that, sir?

12        THE DEFENDANT:  Sure.

13        THE COURT:  Okay.

14        Let me also advise you that, uh, 211 of the Penal

15   Code is a serious felony offense in California under the

16   law.

17        If in the future you are sentenced, uh, to -- on

18   account of a conviction to another serious felony

19   offense, on account of this case here, your term in the

20   future case could be increased by five years.

21        Do you understand that?

22        THE DEFENDANT:  (Nods head.)  Um-hum.

23        THE COURT:  Is that --

24        THE DEFENDANT:  Yes.

25        THE COURT:  Okay.

26        Also, in Superior Court, you will be sentenced to

27   pay a restitution fine of anywhere from a hundred to

28   $10,000.  It's required in all felony cases.

4

1        And if at some later time the court withdraws its

2   approval of this plea on the terms that you heard here in

3   court, you will be permitted to take back your plea if

4   you wish to do it at that time.

5        I'm sure Mr. Furst has advised you that you do

6   have the right to have a preliminary hearing in your case

7   for the court to decide if there's sufficient probable

8   cause to send your case to Superior Court for trial.

9        At that preliminary hearing, you have the right to

10  bring in witnesses in evidence under court subpoena.  You

11  have the right to confront and cross-examine any

12  witnesses who testify against you.

13       You have the right to testify yourself, if you

14  choose.  Also, you have the right to remain silent.

15  Nobody can force you to testify against yourself in a

16  criminal case.

17       You understand you have all of those rights?

18       THE DEFENDANT:  Yes, I do.

19       THE COURT:  Having all those rights in mind, do

20  you give up the right to have a preliminary hearing in

21  this case?

22       THE DEFENDANT:  Yes.

23       THE COURT:  Is there a factual basis for the plea,

24  Mr. Furst?

25       MR. FURST:  Yes, there is.

26       THE COURT:  You also have the right, Mr. Johnson,

27  to have a speedy and public trial in Superior Court

28  within 60 days after the filing of an information

5

1    there.

2         You're entitled to trial by a jury or you can

3    choose a nonjury trial if the district attorney also

4    chooses that.

5         At your trial, you have the right to bring in

6    witnesses in evidence under subpoena, the right to

7    confront and cross-examine any witnesses called against

8    you.

9         You have the right to testify, if you want.  Also,

10   you have the separate right to remain silent at trial.

11        You understand that you have all of those rights?

12        THE DEFENDANT:  Yes.

13        THE COURT:  Having those in mind, you give up each

14   of those rights?

15        THE DEFENDANT:  Yes, I do.

16        THE COURT:  You have the right to be represented

17   by a lawyer at all stages of your case.  If at any time

18   you can't afford one, the court will appoint one for you

19   at no cost.

20        Also, you have the right to represent yourself and

21   to be released on reasonable bail pending trial.

22        Finally, if you're not a citizen of the United

23   States, conviction of any crime could lead to

24   deportation, denial of naturalization, or exclusion from

25   the U.S.

26        Do you understand each of those matters?

27        THE DEFENDANT:  Yes.

28        THE COURT:  Let me ask if anybody has, uh,

6

1    threatened you or is in any way intimidating you to enter

2    this plea of guilty today or forcing you to do it.

3            THE DEFENDANT:  No.

4            THE COURT:  You doing this of your own free will?

5            THE DEFENDANT:  Yes, I am.

6            THE COURT:  Anybody make any promises to get you

7    to enter this plea today except what has been stated here

8    in open court?

9            THE DEFENDANT:  No.

10           THE COURT:  Mr. Furst, do you waive a full reading

11   of the complaint?

12           MR. FURST:  So waive.

13           May I ask that court, however, um -- I did advise

14   him with respect to the number of years that he could

15   face on these charges, but would the court also advise

16   him with respect to the effect of the use and arm

17   clauses?

18           THE COURT:  Okay.

19           Mr. Bell, would you do that?

20           MR. BELL:  Uh, yes.

21           Mr., uh, Johnson, when you plead guilty to a

22   felony and admit use of a firearm clause, that use clause

23   is -- as it's known, uh, has a potential of two

24   additional years State Prison for each count where it's

25   charged.

26           Do you understand that?

27           THE DEFENDANT:  Um-hum.

28           THE COURT:  Is that yes?

7

1          THE DEFENDANT:  Yes.

2          THE COURT:  Okay.

3          MR. BELL:  And as to an arming clause, any felony

4     where there's an arming clause charged, if you admit

5     that, that is a potential of one year in addition.

6          Do you understand that?

7          THE DEFENDANT:  Yes, I do.

8          THE COURT:  Okay.

9          MR. FURST:  Thank you.

10         THE COURT:  Is that satisfactory, Mr. Furst?

11         MR. FURST:  Thank you very much.

12         THE COURT:  Okay.  Very well.

13         Okay.  Mr. Furst, did I ask you, do you waive a

14    full reading of the recharged complaint?

15         MR. FURST:  So waived, your Honor.

16         THE COURT:  Very well.

17         MR. FURST:  Mr. Johnson, has asked me to ask the

18    prosecutor that there were a pair of prescription glasses

19    that were found in one of the cars and would like to know

20    if those prescription glasses could be returned to him

21    since he needs them in order to see.

22         MR. BELL:  In which car?

23         THE DEFENDANT:  It's in evidence, the evidence

24    department, department.

25         MR. FURST:  It was, um -- it was vouchered.  I

26    think police -- the police department -- I think he said

27    he saw it in the list of evidence that appeared in some

28    of the reports that were handed over to us.

8

1     MR. BELL:  Well, there are a stack about that

2   thick (indicating).

3     Could you be a little more specific?

4     THE DEFENDANT:  They were purchased from Franklin

5   optical.

6     MR. BELL:  Which robbery was it that they got

7   found in connection with?

8     THE DEFENDANT:  They said it was tied in with the

9   Cougar.

10     MR. BELL:  Okay.

11     The Cougar.  All right.

12     THE COURT:  All right.

13     MR. FURST:  Thank you very much.

14     THE COURT:  Very well.  Shall we proceed on the

15   recharged complaint?

16     Mr. Johnson, let me ask you, what is your plea to

17   count No. 1, felony violation of 211 of the Penal Code,

18   robbery?

19     THE DEFENDANT:  No contest.

20     THE COURT:  Okay.

21     And do you admit or do you deny the use of a

22   firearm clause charged in connection with Count I?

23     THE DEFENDANT:  No contest.

24     THE COURT:  You need to tell me whether you admit

25   or you deny that.

26     We use different words for that.

27     THE DEFENDANT:  What's that?

28                                (Privileged

9

1          off-the-record discussion
           between Mr. Furst and
2   ////   Defendant Johnson.)

3          MR. FURST:  This was specifically the use clause?

4          THE COURT:  The use clause charged in connection

5   with Count I of the recharged complaint.

6                              (Privileged
                               off-the-record discussion
7                              between Mr. Furst and
                               Defendant Johnson.)
8

9          THE DEFENDANT:  I deny it.

10         MR. FURST:  If you deny it, they won't accept your

11  plea.

12         THE DEFENDANT:  Admit it.

13         THE COURT:  Okay.  You said two things.

14         Let me ask again so I'm clear, and if you need

15  time to talk to your lawyer about it, go ahead and take

16  the time.

17         Do you want to talk to him for a second?

18         THE DEFENDANT:  Yes, for one second.

19         THE COURT:  Go ahead and take your time.

20                             (Privileged
                               off-the-record discussion
21                             between Mr. Furst and
                               Defendant Johnson.)
22

23         MR. FURST:  He's prepared to proceed, your Honor.

24         THE COURT:  All right.  Let's me ask you again.

25         Then in connection with count No. 1, do you admit

26  or do you deny the use of a firearm clauses as charged

27  there?

28         THE DEFENDANT:  I admit.

10

1    THE COURT:  Moving to count No. 2, what is your

2    plea to Count II, a felony violation of 211 of the Penal

3    Code, robbery?

4        THE DEFENDANT:  No contest.

5        THE COURT:  And do you admit or do you deny the

6    armed with a firearm clause charged in connection with

7    Count II?

8        THE DEFENDANT:  I admit it.

9        THE COURT:  Moving to Count III, what is your plea

10    to a felony violation of Section 211 of the Penal Code

11    charged in Count III?

12        THE DEFENDANT:  No contest.

13        THE COURT:  And do you admit or do you deny the

14    armed with a firearm clause charged in connection with

15    Count III?

16        MR. FURST:  May I interrupt one second, your

17    Honor?

18        THE COURT:  Certainly.

19                                    (Privileged
                                    off-the-record discussion

20                                    between Mr. Furst and
                                    Defendant Johnson.)

21

22        MR. FURST:  Thank you, Judge.

23        THE COURT:  Okay.

24    Do you admit or do you deny that clause?

25        THE DEFENDANT:  I admit it.

26        THE COURT:  Moving to Count IV, do you -- what is

27    your plea to a felony violation of Section 211 of the

28    Penal Code, robbery?

11

1       THE DEFENDANT:  I admit it.

2       THE COURT:  Well --

3       THE DEFENDANT:  I'm guilty, man.

4       THE COURT:  No.  On this one -- you've pled no

5   contest on three.

6       What is your plea to count No. 4?

7       THE DEFENDANT:  Okay, no contest.

8       THE COURT:  Okay, no contest.

9       And do you admit or do you deny the use of a

10  firearm clause charged in connection with Count IV?

11      THE DEFENDANT:  I admit.

12      THE COURT:  All right.

13      Court finds defendant has been fully advised of

14  his constitutional rights.

15      He knowingly, intelligently, freely and

16  voluntarily, uh, has waived his rights after

17  understanding them.

18      Um, the court makes a finding of guilty on each of

19  the no contest pleas.

20      Each of the pleas is hereby entered and, uh, the

21  court makes all of the same findings with respect to

22  admission of the four clauses to which the defendant has

23  made an admission.

24      Defendant and this matter are referred to the

25  Probation Department for the preparation of a sentence

26  report.

27      Off the record, one moment.

28          (Discussion off the record.)

12

1        THE COURT:  Okay.  Back on the record.

2        Counsel, there are three CASP files, all 14601

3    matters.

4        Mr. Bell.

5        MR. BELL:  Move to dismiss, your Honor.

6        THE COURT:  All right.

7        In lieu of this plea, each of those matters are

8    dismissed.

9        I certify that the defendant, Christopher Johnson,

10   appeared before the court represented by his attorney,

11   uh, Mr. Furst, Peter Furst, and in his attorney's

12   presence and with consent of the court and consent of the

13   district attorney, the defendant did enter a plea of no

14   contest to four counts of 211 of the Penal Code and

15   admitted two armed clauses and two use clauses in

16   connection with those counts.

17       Um, I therefore certify the defendant and this

18   cause to Superior Court of the State of California,

19   County of Alameda, and order that defendant appear in

20   Department 9 on August 7, 1990, at 9:00 o'clock in the

21   morning.

22       It is also ordered the Sheriff of the County of

23   Alameda receive the defendant into his custody and detain

24   the defendant until he is legally discharged.

25       Counsel, anything further?

26       MR. FURST:  Yes, your Honor.

27       MR. BELL:  Your Honor --

28       MR. FURST:  If I may, I just want to make a

13

1    statement on the record in the presence of the defendant

2    that we discussed the specific evidence in this case, the

3    potential defenses in the case and the nature of the

4    charges, um, before Mr. Johnson agreed to take the plea,

5    which was entered.

6         And I want to make it clear on the record and in

7    front of Mr. Johnson that that information was discussed

8    with him at length.

9         THE COURT:  Very well.

10         Okay.  There being nothing further, we'll move to

11    the next matter then.

12         MR. FURST:  Thank you, your Honor.

13         (Proceedings adjourned at 2:29 p.m.)

14              ---oOo---

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   STATE OF CALIFORNIA      ]
                             ]  ss.
2   COUNTY OF ALAMEDA        ]

3

4        I, C. CRAIG CHUNG, do hereby certify:

5        That I am a Certified Shorthand Reporter of the

6   State of California, and duly appointed Shorthand Reporter

7   in the Municipal Court for the Oakland-Piedmont-Emeryville

8   Judicial District, County of Alameda, State of California;

9        That on Tuesday, July 10, 1990, I fully and

10  correctly reported in stenotypy all of the proceedings and

11  testimony had at the felony plea of Defendant

12  CHRISTOPHER JOHNSON before the Honorable

13  CARLOS G. YNOSTROZA, Judge;

14       That the foregoing pages 1 through 13, inclusive,

15  are a full, true and correct transcription of my stenotypy

16  notes so taken.

17       IN WITNESS WHEREOF, I have hereunto set my hand

18  this 23rd day of July 1990.

19

20

21                              C. CRAIG CHUNG
                                 CSR NO. 7028
22                          CERTIFIED SHORTHAND REPORTER

23

24

25

26

27

28

EXHIBIT "D"

**THE STATE BAR OF CALIFORNIA**

**COMPLAINT FORM**
Read instructions before filling in this form.

Date 7/6/05

(1)     Your name and address MR. CHRISTOPHER JOHNSON

S.V.S.P. - #E65821, P.O. Box 1050, SOLEDAD, CA. 93960

(2)     Telephone number:     Residence N/A          Work N/A

(3)     The name, address and telephone number of the attorney being complained about. (See note below.)

WALTER K. PYLE, 2039 SHATTUCK AVE., STE 202, BERKELEY, CA 94704
BARRY M. KARL, 620 JEFFERSON AVE, REDWOOD CITY, CA 94063 (CON'T

(4)     Have you or a member of your family complained about this attorney previously?
Yes ____, No ✓. If yes, please state to whom the previous complaint was made, its approximate date and disposition.

(5)     Did you employ the attorney? Answer yes or no and, if "yes," give the approximate date you employed him or them and the amount, if any, paid to him.

I DID NOT "PERSONALLY EMPLOY ANY OF THE ABOVE ATTORNEYS.
THEY WERE PROVIDED AT THE EXPENSE OF ALA. CO. & APPELLATE PROJEC

(6)     If your answer to 5 above is "no," what is your connection with the attorney? Explain briefly.

I WAS REALLY MISREPRESENTED DURING MY TRIAL. SUCH TO THE
DEGREE THAT THE D.A. LANCE KUBO FELT HE WOULD RE PROSECUTE ME MALICIOUSLY

(7)     Write out on a separate piece of paper and send with this form a statement of what the attorney did or did not do that you are complaining about. Please state the facts as you understand them. Do not include opinions or arguments. If you employed the attorney, state what you employed him to do. Sign and date such separate piece of paper. Further information may be requested. (Attach copies of pertaining documents.)

(8)     If your complaint is about a law suit, answer the following, if known:
a.     Name of court (For example, Superior Court or Municipal - in what county)

N/A

b.     Title of the suit (For example, Smith against Jones).

N/A

c.     Number of the suit N/A

d.     Approximate date the suit was filed N/A

e.     If you are not a party to this suit, what is your connection with it? Explain briefly.

N/A

(9)     Size of law firm complained about (*) 1 Attorney ____ 2 - 10 Attorneys ✓ 11 + Attorneys ____ Don't know ✓

NOTE: If you are complaining about more than one attorney, write out the information about each in answer to questions 3 through 8 above on separate sheets if necessary.

Mail to:
Office of the Chief Trial Counsel/Intake
State Bar of California
1149 South Hill Street
Los Angeles, California 90015-2299

(*)     Section 6095.1 of the Business and Professions Code mandates that the State Bar compile statistics concerning the size of the attorney's law firm – solo practitioner, small law firm (2-10 attorneys) and large law firm (11+ attorneys).

Signature Mr. Christopher Johnson

TOTAL
(of 1 PAGES)

7/7/05

→ LANCE KUBO, 1225 FALLON ST., ROOM 107

OAKLAND, CA. 94612

## Explaination of Facts

This matter is regarding A107756, NO. 143324 and I am alledging That Walter K. Pyle, did not adequately represent me. All during the course of This case he did not do any formal investigation. This attorney was one who was basically forced on me by the courts at the time of my Trial. I had made attempts to secure counsel but, in Judge Reardon's court room, made efforts to represent myself - However - was denied That fundamental right. Under undue time constraints by the courts I was given Walter Pyle. He indicated to me during The time of representation That he was a former prosecutor & later on I found out That he wanted to be a prison guard and That I should see if my family could help me come up with funds to assist him. At the time, all This had transpired I was solely without funds, but Trying to make arrangements to secure counsel. To my knowledge, Mr. Pyle did not put any effort what·so·ever towards my defense. But did put on a farce and a sham to the courts: By #1 Badgering & almost getting into a physical confrontation with a witness on the stand. #2 Not making an opening or closing arguement, very little or no rebuttal in regards to MR. KUBO's attacks of my rights to funda-mental fairness. #3 While viewing MR. KUBO make clandestine hand signals in regards to a MOTION THAT was made to the courts. #4

a 995 motion in This case. #5 I noticed during Trial MR. PYLE allow MR. KUBO to do just about everything That he wanted in regards to This case — did everything but hold hands while court was in session. #6 Prosecution witness sat inside the courtroom while another witness was on The stand (GINA PERCINNI) #7 According to The amount of Time That MR. PYLE was given was enough to adequately prepare a defense. #8 I also made numerous attempts regarding my leg & health care and he made no mention of anything Towards The court. #9 I also offerred numerous legal strategies along with personal/medical documentation That could be utilized to assist me. #10 Even during my sentencing I was — thoroughly disgusted when The Court Kenneth Kingsbury gave MR. PYLE Every opportunity to offer an arguement under The Blakeley descision, which he did not (which was)is applicable in my case).

On or about April, 7, 2005, I notified my appellate counsel I have cameras in my eyes and That it was a violation/breach of my attorney/client confidentiality asking him if he could do something That would expedite my release. I did not get a response in regards to This matter. However, he does not address the issue at all & only foward me a letter concerning a declaration, in reference to something That doesn't pertain to my dire situation. It just so happens - I would atleast expect one attorney visit from my appellate attorney to if nothing else find out how &

can be done. He was put on notice in a letter regarding my situation and I further brought the matter to the attention of the Appellate Court on 6/22/05 (GIVEN TO c/o J. LOPEZ).

I am currently in Salinas Valley State Prison; But Everysince my incarceration or around 10/04, I have encountered the most severe, cruel, unjust form of torture which violates seamingly everything in The Code of Ethics & is tantamount to False Imprisonment and Malicious Prosecution. It is my belief That District Attorney Lance Kubo, ET AL, on or about 10/04 — Enlist c/o Babbitt, Reesce, Christensen, Stokeley, & on an investigation of myself. They utilized infared zoom camera lens & which tape & monitor my cell 133 repeatedly record, take pictures of me at all times of The night. They have been utilizing crystal methanephetamines ecstacy, morphine to tranquilize themselves into a Satanic type state (cult) to perform methods of torture, rape, all times of The nights. They use flashlights, Batons & Even Broomsticks. These individuals had continuously raped, disrespected & Humiliated me with disgusting acts of sadistic nature while calling me names such as Homo- J. CAT Dopefiend, He killed his own mother, child molester, - These c/o's have involved Themselves in a conspiracy against (Jehovah Witnesses) They have attempted to place me in the hole & into The isolation cage for bogus write ups I have brought this matter to the attention of Lt. Graham on 12/27/04 and did foward a Citizen Complaint to the appeals

But the appeal that I sent in returned for no apparent reason when I indicated that They/These c/o's had been crank calling my fathers residence, & have found a way to place me on the Internet for public derision and for an arbitrary form of HUMILIATION/MALICIOUS PROSECUTION. The date for the appeal filed had another date: of 1/7/05.

I am being held basically false Imprisoned, being made to eat and drink toxic materials, caustic substances and Biotech waste VIA teleportal, nanoTech and other ..., .. enviornmentally hazardous materials. as an experiment being performed on me. The Biotech Corp., Microsoft, etc has been performing a Host of Illegal experiments, which consist of Stem cell research and other attrocious hazardous innoculations - including placement on the Internet for continuous Efforts cause violations of my rights.

At present, I am solely without funds and due to the complexity of the issues I am requesting counsel to assist me with such potentially meritows appeal and other investigative Matters pertaining to the aforementioned documentation.

Respectfully Conveyed,

Mr. Christopher Johnson

<div align="center">

## BARRY M. KARL
*Attorney at Law*

</div>

620 Jefferson Avenue                          Telephone:   (650) 366-6789
Redwood City, CA  94063                Facsimile:   (650) 363-1218

<div align="center">

March 11, 2005

</div>

Christopher Johnson
E-65821
San Quentin State Prison
San Quentin, CA  94974



       RE:    People v. Christopher Johnson, No. A107756

Dear Mr. Johnson:

       When you were arrested it appears from police reports that you had a California Department of Corrections identification card in your wallet. Is that true?

       As I understand it there are two different kinds of identification card. One is a CDC card that is given to you in prison and is not supposed to leave with you when you get paroled. It has your photograph on it, CDC number, a date when the photograph was taken and what prison you are from. The other is a Community Service Division Card (Parole). It has your name, date of birth, sex, height, color of hair, name of parole agent, parole agent's telephone number, photograph of parolee, and CDC number. Am I correct? Which one did you have in your wallet when you were arrested and what information was contained on the card?

       Did you have a valid California driver's license, either on your person when you were arrested or at some other location?

       I am in the process of completing a petition for writ of habeas corpus. It will require a declaration from you concerning what occurred at the police station. It will be a rough draft which should contain all the information you have related to me in your letters. Once I complete the draft of the declaration I will send it to you. Please look over what I will have drafted to be sure it is accurate (make any corrections on it that you wish). Then mail me back the draft with any corrections, additions, or subtractions. Once I have reviewed your corrections I will submit to you a final draft for your signature so that it can be an exhibit in the petition.

# CONSOLIDATED ARREST REPORT

536-252 (1/00)                                                    Oakland Police Department

| 1. DEFENDANT'S TRUE NAME (Leave Blank) JOHNSON Kenneth | ARREST NO. 10744 | BOOKING AGENCY 00109 | REPORT NO. 02-33800 |
|---|---|---|---|

| 2. DEFENDANT'S NAME JOHNSON, Christopher | PFN AR0800 | CRIME REPT DETAILED TO | CP BEAT | INCIDENT NO. 935 |
|---|---|---|---|---|

| 3. AKA or NICKNAME 11-30-70 | DATE/TIME ARRESTED 10Apr02  1015 | | VEHICLE INFORMATION | JAIL USE ONLY |
|---|---|---|---|---|

| 4. DOB 30Nov70 | POB Louis | HEIGHT 5'11" | WEIGHT 230 | HAIR bro | EYES bro | RACE B | SEX M | AGE 31 | LICENSE NO. 2RVT503 | STATE | YEAR |
|---|---|---|---|---|---|---|---|---|---|---|---|

5. SALIENT CHARACTERISTICS   CLOTHING  grey ballcup , SD shirt, blu shorts

| YEAR 86 | MAKE CAD | MODEL Sev | COLOR bro |
|---|---|---|---|

| 6. DEFENDANT'S RESIDENCE ADDRESS 6718 E14th St. | CITY | TELEPHONE (  ) 563-9114 | TOWED TO A-30 | TOW TAG |
|---|---|---|---|---|

| 7. DEFENDANT'S BUSINESS ADDRESS | SCHOOL | TELEPHONE (  ) | HOLD FOR CID Area 1 |
|---|---|---|---|

| 8. DRIVER'S LICENSE NO. | SOCIAL SECURITY NO. | OCCUPATION | CII NO. 07887465 |
|---|---|---|---|

| 9. LOCATION OF ARREST High St & San Leandro | SUPERVISOR Sgt. Lighten | FBI NO. 79 UO25HA Y |
|---|---|---|

| 10. ARRESTING OFFICER T. Kelly | SERIAL NO. 77202 | ARRESTING OFFICER | SERIAL NO. | CASH AT BOOKING $1. |
|---|---|---|---|---|

| 11. TRANSPORTING OFFICER A/0 | SERIAL NO. | TRANSPORTING OFFICER | SERIAL NO. | ID CONFIRMED BY  CHECK  CII  NCIC |
|---|---|---|---|---|

| 12. CODE SEC 211 PC | M/F F | COURT | CC 2 | WARRANT NO. | CEN 2241/813 | PIN NO. | BAIL 50K | CITATION NO. |
|---|---|---|---|---|---|---|---|---|
| 496(A)R | F | | 2 | press | | | 10K | COURT |
| 6625(B) X2 CT | | | | | | | 10K | COURT DATE/TIME |
| | | | | | | | 15K | IN-CUSTODY ARRESTS |

| CODE SEC | M/F | COURT | CC | WARRANT NO. | CEN | PIN NO. | BAIL 55K | DATE/TIME ARRESTED |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ARRESTING OFFICER     SERIAL NO. |
| | | | | | | | | TOTAL BAIL |

I HEREBY ARREST THE ABOVE DEFENDANT ON THE CHARGE INDICATED AND REQUEST A PEACE OFFICER TAKE HIM INTO CUSTODY. I WILL APPEAR TO SIGN A COMPLAINT AGAINST THE PERSON I HAVE ARRESTED (see reverse side for instructions).

| 13. SIGNATURE OF ARRESTING CITIZEN | ARRESTING CITIZEN'S RES. ADDRESS | CITY/ZIP | RES. PHONE ( ) |
|---|---|---|---|

| 14. ARRESTING CITIZEN'S NAME | SEX—RACE—AGE | ARRESTING CITIZEN'S BUS. ADDRESS | CITY/ZIP | BUS. PHONE ( ) |
|---|---|---|---|---|

| 15. COMPLAINANT'S NAME WELCH, Susan | SEX—RACE—AGE | COMPLAINANT'S ADDRESS | CITY/ZIP | ABC PREMISE INVOLVED |
|---|---|---|---|---|

| 16. CO-DEFENDANT | | FENDANT | SEX—RACE—AGE |
|---|---|---|---|

17.  USED A FIREARM OR DEADLY V CAUSED GREAT BODILY HARM

BURGLARY CLASSIFICATION

18. Instructions:
- List charges by name and
- Enter names and charges
- If completing an offense an
- If suspect is arrested WITHOUT A WARRANT for an offense which occurred in another jurisdiction, identify agency, investigator's name, and report number.

- nect is on parole or probation.
- pable cause narrative.
- own medical problems.
- document admonishment of arrested person.
- Enter 'En Route (agency)' if appropriate.
- Enter reason for physical arrest (misdemeanor only).

Robbery                                                              211 PC        S/A

Poss. of Stolen Property                                             496 (A) PC

Not Admonished / Subject on Parole: E65821

PC - JOHNSON driving above vehicle that was said in a

211 on 9Apr02  JOHNSON matched physical description of

suspect  JOHNSON possessed less  JOHNSON punched comp

WELCH and took her property Fled in above vehicle

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**        Dept. No. 006

| | | |
|---|---|---|
| Date: **July 8, 2005** | Hon. KENNETH R. KINGSBURY, Judge | Wanda Boyns, Dep.Clk.<br>Not Reported, Reporter |

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing<br>for Plaintiff | No Appearance, Deputy<br>District Attorney |
| Plaintiff | | |
| vs. | Counsel appearing<br>for Defendant | No Appearance |
| **CHRISTOPHER JOHNSON** | | |
| | Probation Officer<br>appearing | No Appearance<br>Deputy |
| Defendant | | |

Nature of Proceedings: **RE: REQUEST FOR RESENTENCING**          Case No. **143324**
PFN: **ARO800**
CEN: **2244813**

I received your letter, "Motion For Resentencing", and transcript of Proceedings On Sentence. I have

forwarded all this material to your assigned appellate attorney at the address indicated below. Please

make all requests for "legal" action on your case through your attorney.

Sincerely,

Judge Of The Superior Court

Cc:
Barry M. Karl          ← 7/14
Attorney At Law          *REPLY*
620 Jefferson Avenue          *LETTER*
Redwood City, CA 94063          *VIA*
                    C/o LOERA

        WARDEN 2 602's
    1 C/o HOLLAND & GLEASON
    2 C/o CLARK

G:\Courtrooms\Dept 06\Word-docs\143324 Mtn ReSent.doc
(Rev. 03/03)

EXHIBIT "E"

REQUEST FOR SERVICES                                    Kerwunn, Jogaen ~ 212

**TO BE COMPLETED BY REQUESTER and FORWARDED TO UTILIZATION MANAGEMENT DEPT.**

Patient's Name: Johnson Twalopling   CDC #: E 65821   Institution: HDSP
DOB: 11/30/70         EPRD Date:                      Gender: M
Principal Diagnosis: L FEMORAL INTERMEDULARY   ICD-9 code: 922.90
Requested Service(s): ORTHOPEDIC CONSULT RO   CPT code(s):

*Please check all that apply:*

Diagnostic ☑   Outpatient ☑   Inpatient ☐   Elective ☐   Initial ☐   Follow up ☐

Contemplated Treatment/Service:

Emergent ☐              Urgent ☑              Routine ☐

For the purpose of retrospective review, if emergent or urgent please justify urgency: Pain 2°

intra medullary and lift tissues

Proposed Provider: Reno Orthopedic   Anticipated Length of Stay  1 day

Expected Disposition (i.e. outpatient follow up, return to institution, transfer):

Medical Necessity (briefly describe the clinical situation; the history of the illness, treatments used; pertinent lab and imaging studies; or questions to the consultant): Intra medullary rod — left
femur — protruding below groin —
F/U re concern

Estimated time for service delivery, recovery, rehabilitation and follow up:

Summary of Preliminary or Diagnostic Work up, Conservative Treatment Provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months):

Comments: diagrams, risk factors, prognosis, alternative management, etc.:

X-rays to go with pt.
Carol Drawer
2/4/00 @ 930 Boyden Consult    left femoral
     medullary Rod
     Arlington office

Called 1-24-00 to schedule left msdg & requests the
March 1, 00 @ 930

                                                        Emoosser Plate

REQUESTING PHYSICIANS PRINTED NAME AND SIGNATURE:
                              Richard W. Sandham, M.D.
                              Physicians & Surgeons
UTILIZATION MANAGEMENT TRACKING #    High Desert State Prison
Authorized/approved/deferred by: ( - )   Date: 13 Jan 00

CDC REQUEST FORM _____ (draft) part A

                              Dale T. Mericle, M.D.
                              Physician & Surgeon
                              High Desert State Prison

PRE-CERTIFICATION REQUEST _Inexpect_

PRIVATE INS/MEDICAL

```
DATE FILED:    03/02/00      TIN/SS# - 88-0103557
PHYSICIAN:     ERIC BOYDEN MD
FAX NUMBER:    775-324-5154   RENO ORTHOPAEDIC CLINIC 775-786-3040
```

```
PATIENT:       JOHNSON, CHRISTOPHER       R.O.C. ACCNT #: 1122633
ADDRESS:       P O BOX 400        STANDISH CA 96128
TELEPHONE:     530 251-5100   SEX: M DOB: 11/30/70  DOI: 09/01/98
```

```
INSURED:       CHRISTOPHER  JOHNSON
RELATIONSHIP:  01-MALE SUBSCRIBER
INSURED'S SSN: 556 51 8403             FUND: N/A
PRIMARY INS:   HIGH DESERT STATE PRISON CA
CLAIM:         E65821                  556518403
EMPLOYER:      INMATE
SECONDARY INS:
EMPLOYER:
POLICY:
```

BRIEF HISTORY/PRESENT SYMPTOMS: (See attached.)

```
DIAGNOSIS:     ICD9: (996.4 ) MECHANICAL COMPLICATION OF
INTERNAL ORTH
               ICD9: (719.45 ) PAIN IN JOINT INVOLVING PELVIC
REGION AN
```

```
PROCEDURE:     CPT: 29870/20680 SCOPE LT KNEE W/ROD REMOVAL
               CPT:      LEFT KNEE.
               CPT:
```

```
ASSISTANT SURGEON: NONE
ANESTHESIOLOGIST: YES
FACILITY:      Northern Nevada Medical Center
ADDRESS:       2375 E. PRATER WAY SPARKS NV 89434
ADMIT DATE:          ]          DATE OF PROCEDURE:
OUTPATIENT ]                    ESTIMATED DAYS:    23 HR
OBSERVATION
```

(Use of non-contracted provider may result in reduction or
denial of benefits)

DATE RECEIVED: _____

VISITS AUTHORIZED: _____

TOTAL VISITS AUTHORIZED: _____    AUTHORIZATION #: _____

NAME: _____

_E65821_

214

RENO  ORTHOPAEDIC CLINIC        555 NORTH ARLINGTON      RENO, NV 89520
                                (702)786-3040

PATIENT:      JOHNSON, CHRISTOPHER        CHART NUMBER:  1122633
AGE:          29                          SSN:  556 51 8403
DOCTOR OF RECORD:    ERIC          BOYDEN MD
REFERRING PHYSICIAN: JAY           BEAMS MD

---

3/01/2000      ERIC BOYDEN MD
INITIAL EVALUATION
CHIEF COMPLAINT:   LEFT KNEE AND HIP PAIN

**PRESENT ILLNESS:**
Christopher Johnson is a 29 -year-old male who was shot in the
leg 4 years ago.  It was fixed with a tibial rod placed
retrograde.  He apparently had a lot of scraping from the rod
and somebody went in to take the rod out a year or two ago but
they didn't have the right instrumentation so they just took out
the interlocking screws and drove the rod further into his knee.
This solved some of the pain but he still has a lot of aching
and pain.  He has required crutches or a cane now for 4 years.
He can't put much weight on the leg at all.

**PHYSICAL EXAMINATION:**
On physical examination today his leg is very atrophied.  His
incisions have healed nicely.  There is just a mild knee
effusion, no obvious instability in the knee.  He has no plain
with hip range of motion.

**X-RAYS:**
X-rays show healed midshaft femur fracture with a retrograde
tibial rod and I don't recognize the brand.  The rod looks like
it still could be protruding somewhat.

**IMPRESSION:**
PERSISTENT KNEE PAIN AND LEG PAIN STATUS POST RETROGRADE FEMORAL
RODDING.

**PLAN:**
I offered him a knee arthroscopy and rod removal.  I think there
may be some permanent damage to the knee where we might not be
able to get rid of all of his pain but we'll do everything we
can and try to get this leg rehabed so he can walk better.  Once
we get information on exactly what kind of rod it is, we'll get
him scheduled.

EB/kjr
cc:   JAY BEAMS MD

DICTATED BUT NOT READ                        PAGE 1

REASON FOR REQUEST (STATEMENT OF CHIEF MEDICAL OFFICER)

ESCRIPTION OF CONDITION SUGGESTING REMOVAL

INTERMEDULARY  ROD IN LEFT FEMUR PRODUCING SEVERE PAIN

ESCRIPTION OF EXAMINATION OR THERAPY RECOMMENDED

CONSULTATION WITH DR BOYDEN ORTHOPEDIC SPECIALIST

NATURE AND IMMEDIACY OF SERVICE:    ☒ MANDATORY    ☐ EMERGENCY    ☐ ELECTIVE

IAME OF HOSPITAL, CLINIC, OFFICE OR OTHER PLACE RECOMMENDED

. BOYDEN ON MARCH 1,2000 AT 0930 HOURS 555 ARLINGTON AVE. RENO NEV.  800-748-6861

VHY CAN'T THE PROCEDURE BE DONE INTRAMURALLY?

NO SERVICES AVAILABLE.

PRECAUTION INSTRUCTIONS (DEFINED ON REVERSE):    ☒ UNIVERSAL    ☐ RESPIRATORY    ☐ ENTERIC

STIMATED TIME AWAY FROM FACILITY (NOT MORE THAN 3 DAYS)

4 TO 6 HOURS

SIGNATURE OF CHIEF MEDICAL OFFICER                    Gordon A. Gilkes, M.D., M.P.H.    DATE  2/7/00
                                                      Chief Medical Officer / HCM
                          CUSTODIAL STATUS (STATEMENT OF ASSIGN. High Desert State Prison)

| OFFENSE | TERM | RELEASE DATE | CUSTODIAL CLASSIFICATION | | |
|---|---|---|---|---|---|
| | | | ☐ MAXIMUM | ☐ MEDIUM | ☐ MINIMUM |
| COMMITTED FROM | DATE RECEIVED | CONDUCT DURING INCARCERATION | | | ESCAPE RISK |

REMARKS

SIGNATURE OF ASSOCIATE WARDEN                                              DATE

UNDER THE PROVISIONS OF SECTION 2690 OF THE PENAL CODE, AUTHORIZATION IS GIVEN FOR THE TEMPORARY REMOVAL OF INMATE IDENTIFIED BELOW FROM THE FACILITY IN WHICH HE/SHE IS NOW CONFINED IN ORDER THAT HE/SHE MAY RECEIVE MEDICAL TREATMENT IN ACCORDANCE WITH THE ABOVE RECOMMENDATIONS

REQUEST:    ☐ APPROVED    ☐ DENIED

| | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|
| SPECIAL CONDITIONS | E65821<br>JOHNSON, CHRISTOPHER<br>DOB 11-30-70 |

| WARDEN'S SIGNATURE | DATE | FACILITY |
|---|---|---|

# REQUEST FOR AUTHORIZATION OF TEMPORARY
# REMOVAL FOR MEDICAL TREATMENT

DC 7252 (3-93)

REASON FOR REQUEST (STATEMENT OF CHIEF MEDICAL OFFICER)

DESCRIPTION OF CONDITION SUGGESTING REMOVAL

MECHANICAL COMLICATION OF INTERNAL ORTHOTICS.
PAIN IN JOINTS PELVIC REGION.

DESCRIPTION OF EXAMINATION OR THERAPY RECOMMENDED

SCOPE LEFT KNEE WITH ROD REMOVAL.

NATURE AND IMMEDIACY OF SERVICE:    ☒ MANDATORY    ☐ EMERGENCY    ☐ ELECTIVE

NAME OF HOSPITAL, CLINIC, OFFICE OR OTHER PLACE RECOMMENDED
DR. BOYDEN NORTHERN NEVADA MED. CENTER 2375 E. PRATER WY. SPARKS, NEV 775-331-7000 WED. 5-17-

WHY CANT THE PROCEDURE BE DONE INTRAMURALLY?
AT 1130 HOURS.

NO SERVICES AVAILABLE.

PRECAUTION INSTRUCTIONS (DEFINED ON REVERSE):    ☒ UNIVERSAL    ☐ RESPIRATORY    ☐ ENTERIC

ESTIMATED TIME AWAY FROM FACILITY (NOT MORE THAN 3 DAYS)
ONE TO THREE DAYS.

| SIGNATURE OF CHIEF MEDICAL OFFICER | DATE |
|---|---|
| Richard L. Smith (C M C / HCA (A) | 3-20-00 |

## CUSTODIAL STATUS (STATEMENT OF ASSOCIATE WARDEN)

| OFFENSE | TERM | RELEASE DATE | CUSTODIAL CLASSIFICATION | | |
|---|---|---|---|---|---|
| | | | ☐ MAXIMUM | ☐ MEDIUM | ☐ MINIMUM |
| COMMITTED FROM | DATE RECEIVED | CONDUCT DURING INCARCERATION | | | ESCAPE RISK |

REMARKS

| SIGNATURE OF ASSOCIATE WARDEN | DATE |
|---|---|
| | |

UNDER THE PROVISIONS OF SECTION 2690 OF THE PENAL CODE, AUTHORIZATION IS GIVEN FOR THE TEMPORARY REMOVAL OF INMATE IDENTIFIED BELOW FROM THE FACILITY IN WHICH HE/SHE IS NOW CONFINED IN ORDER THAT HE/SHE MAY RECEIVE MEDICAL TREATMENT IN ACCORDANCE WITH THE ABOVE RECOMMENDATIONS

| REQUEST: | ☐ APPROVED | ☐ DENIED | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|---|
| SPECIAL CONDITIONS | | | JOHNSON, CHRISTOPHER |
| | | | E 65821 |
| | | | DOB 11-30-70 |
| WARDEN'S SIGNATURE | DATE | FACILITY | |

# REQUEST FOR AUTHORIZATION OF TEMPORARY REMOVAL FOR MEDICAL TREATMENT

DC 7252 (3/93)

S  ...AS VALLEY RADIOLOGISTS, INc

A MEDICAL GROUP
559 Abbott Street · Salinas, California 93901
Telephone (831) 775-5200

JAMES A. KOWALSKI, M.D.
DONALD A. CATALANO, M.D.
GILES A. DUESDIEKER, M.D.
MICHAEL E. BASSE, M.D.
DAVID A. STAUNTON, M.D.

GARY E. FALKOFF, M.D.
RICHARD A. VILLALOBOS, M.D.
CHRIS GLENN, M.D.
B. MISA HOSOHAMA, M.D.
Y-LAN HO, M.D

| PATIENT NAME | ACCOUNT NO | | RADIOLOGY NUMBER |
|---|---|---|---|
| CHRISTOPHER-E65821 JOHNSON | 9324563 | | 9305000 |

| AT THE REQUEST OF | DATE OF BIRTH | AGE/SEX | DATE OF SERVICE |
|---|---|---|---|
| JAMES JOHN HELMER MD | 11/30/1970 | 34/M | 07/20/2005 |
| 31625 HIGHWAY 101 | | | |
| SOLEDAD, CA 93960 | | | |

The study was performed by an outside facility and the film submitted to Salinas Valley
Radiologists for interpretation.

LUMBAR SPINE AP AND LATERAL

FINDINGS:  Multiple punctate radiopaque foreign bodies are noted in the left iliac fossa which may
be related to gunshot injury.   The L5-S1 disc space partially is partially obscured by these foreign
bodies. There is a large well corticated ossification anterior to the L5-S1 disc space on the lateral
views and may represent dystrophic calcification in the left iliac fossa from the prior trauma.

Lumbar spine demonstrates no gross evidence of acute fracture or malalignment.  Facet arthropathy
noted in the lower lumbar spine.  Visualized pedicles grossly intact.

Thank you for referring your patient to us,

Bruce Horng J. Lin. MD
BL/slh
7/25/05

EXHIBIT "F"

STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

| | |
|---|---|
| Salinas Valley State Prison    Facility "C" | DISTRIBUTION:<br>WHITE - CENTRAL FILE    CANARY - WARDEN<br>BLUE - INMATE (2ND COPY)    PINK - HEALTH CARE MGR<br>GREEN - ASU    GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| Johnson | E-65821 |

## REASON(S) FOR PLACEMENT (PART A)

☐ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☒ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☒ ENDANGERS INSTITUTION SECURITY    ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:    You, Inmate Johnson (E-65821), are being placed in Administrative Segregation (ASU) for Allegations of Staff Misconduct. On 08-14-07, you made allegations that Facility "C" staff had committed acts of misconduct concerning yourself. An investigation into this matter will be conducted by Facility "C" staff. Based on these allegations, you are deemed a threat to the safety and security of this institution, its staff and inmates. You will be placed in ASU pending administrative review for appropriate housing needs. Due to this placement, your credit earning, custody, and visiting status are subject to change. Inmate Johnson **is** a participant in the Mental Health Services Delivery System. Placement ordered by Lieutenant J. Celaya.

☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:  /  /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 8-14-07 | J. Celaya | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 8-14-07 | 1000 | M. Alvarez | | O |

☒ INMATE REFUSED TO SIGN    INMATE SIGNATURE    CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)

The following to be completed during the initial administrative review by Captain or higher by the first working day following placement

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
| ASSIGNED CASEWORKER | | | |

### IS THIS INMATE:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| LITERATE? | ☒ YES | ☐ NO | EVIDENCE COLLECTION BY IE UNNECESSARY | ☒ YES | ☐ NO |
| FLUENT IN ENGLISH? | ☒ YES | ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | ☐ YES | ☒ NO |
| ABLE TO COMPREHEND ISSUES? | ☒ YES | ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | ☐ YES | ☒ NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☐ YES | ☒ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | ☐ YES | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | | | | |

Any "NO" requires SA assignment    Any "NO" may require IE assignment

☒ NOT ASSIGNED    ☐ NOT ASSIGNED

## INMATE WAIVERS

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    ☒ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☐ NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    N/W    DATE 8/15/07

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| None | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:**    ☐ RELEASE TO UNIT/FACILITY _____    ☒ RETAIN PENDING ICC REVIEW    ☒ DOUBLE CELL    ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION:    ENDANGERS INST

☒ N/W - NOTHING WAIVED    GIVEN 5-2

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| Ryan | CPT | 8/15/07 | 1901 | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

RICHARD WEST #1
137 CENTRAL AVE #1
SALINAS, CA 93901
831-424-982?

GD - new

State of California

**Memorandum**

Department of Corrections and Rehabilitation

Office of Legal Affairs
P.O. Box 942883
Sacramento, CA 94283
(916) 445-0495
Fax (916) 327-5306

Date: August 22, 2007

To:   OFFICE OF ADMINISTRATIVE HEARINGS
      Calendar Clerk

Subject: PETITION FOR INVOLUNTARY MEDICATION – CHRISTOPHER JOHSNON E65821

7/11/07
7/20/07
8/4/07
8/23/07

Attached please find a petition for involuntary medication filed under the requirements of
Penal Code Section 2600 and the injunction entered in October 1986 in the case of
*Keyhea v. Rushen*. This petition originated at Salinas Valley State Prison in Monterey
County.

The Order for Interim Involuntary Medication in this case must be signed as soon as possible.
Institutional staff have asked that this order be forwarded to them as soon as it is signed.

If you have questions, the *Keyhea* coordinator at Salinas Valley State Prison is Addie Barkley,
who can be reached at 831. 678-5500 x6085.

Office of Legal Affairs

Attachments

---

| **Interpreter Service Request** | |
|---|---|
| (Please Note, if you have an IN-HOUSE interpreter check no and sign; this request is for services provided by OAH): | |
| ☐ Yes | Language Requested: |
| ☑ No | |
| _A. Barkly COII_ Addie Barkley, Keyhea Coordinator | |

9.    Names and address of next of kin or persons listed in the respondent's records to receive

notification in case of emergency:

UNKNOWN


I declare under penalty of perjury, that the foregoing is true and correct. Executed on this

23ᴿᴰ day of August , 2007, at Soledad, California.


Vance Norum M.D.

VANCE NORUM M.D.
STAFF PSYCHIATRIST

-4-

1    WHEREFORE, petitioner prays for an order finding that inmate Christopher Johnson

2    E65821 is, gravely disabled and incompetent to refuse medication, authorizing the administration of

3    involuntary medication for a period of one year and for such other and further relief as the judge

4    deems proper.

5        DATED: August 22, 2007

6

7                                CATHERINE BERNSTEIN
                                 Chief Deputy General Counsel (A)
8                                Office of Legal Affairs

9

10

11                               STEVE MCNEAL
                                 Staff Counsel
12

13                               Attorneys for Petitioner
     Prepared by:
14

15   STEVE MCNEAL
     Staff Counsel
16

17                        **VERIFICATION**

18       I, Vance Norum M.D., am a staff psychiatrist with the California Department of Corrections

19   and Rehabilitation at Salinas Valley State Prison. I have read the foregoing petition and know the

20   contents thereof. The same is true of my own knowledge, except as to those matters that are

21   therein alleged on information and belief, as to those matters, I believe them to be true.

22       I declare under penalty of perjury that the foregoing is true and correct and that this

23   declaration was executed on August 23 , 2007, at Soledad, California.

24

25

26                               VANCE NORUM M.D.
27                               STAFF PSYCHIATRIST///

28

                                    -3-

1    I declare, under penalty of perjury, that the foregoing is true and correct.

2    Executed on this 23RD day of August, 2007, at Soledad, California.

3

4

5    VANCE NORUM M.D.
     STAFF PSYCHIATRIST

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                                    PERSONAL SERVICE

3    Re: In the Matter of Christopher Johnson E65821.

4            The undersigned declares:

5            I am over the age of 18 years, and not a party to the above-entitled proceedings.  My

6    business address is Salinas Valley State Prison, 31625 Highway 101, Soledad, CA 93960

7    On  8/23/07                      , 2007, I served on inmate Christopher Johnson E65821, true

8    copies of the following documents:

9
                      Verified Petition for Judicial Determination
10                     Declaration in Support of Verified Petition for Judicial Determination
                      Petition for Interim Order
11                     Declaration in Support of Petition for Interim Order
                      Order for Interim Involuntary Medication
12                     Order Setting Hearing and Appointing Attorney
13                     Declarations of Service

14

15   by personally delivering copies of such documents to him at Salinas Valley State Prison.

16           I declare under penalty of perjury that the foregoing is true and correct.  Executed on

17    8/23/07                , 2007, at Soledad, California.

18

19

20                                    Addie Barkley, Keyhea Coordinator

21

22

23

24

25

26

27

28

1

# DECLARATION OF SERVICE

2

Re: In the Matter of <u>Christopher Johnson E65821</u>.

3

4          The undersigned declares:

5          I am over the age of 18 years, and not a party to the above-entitled proceedings.  My

6     business address is Salinas Valley State Prison, 31625 Highway 101, Soledad, CA 93960

7     On ___8/23/07___, 2007, I served true copies of the following documents:

8                    Verified Petition for Judicial Determination
9                    Declaration in Support of Verified Petition for Judicial Determination
                     Petition for Interim Order
10                   Declaration in Support of Petition for Interim Order
                     Order for Interim Involuntary Medication
11                   Order Setting Hearing and Appointing Attorney
                     Declarations of Service
12

13    on:

14         Richard West
           137 Central Avenue
15         Salinas, CA 93901

16         [✓]    by personal delivery to said person in the County of Monterey, State of California.

17         [ ]    by placing, or causing to be placed, true copies thereof, enclosed in a sealed
18    envelope with postage thereon fully prepaid, in the United States mail at , California.

19
           I declare under penalty of perjury that the foregoing is true and correct.  Executed on
20    ___8/23/07___, 2007, at Soledad, California.
21

22

23                                 Barly Cott
24                                 Addie Barkley, Keyhea Coordinator

25

26

27

28

1

## DECLARATION OF SERVICE

2

Re: In the Matter of <u>Christopher Johnson E65821</u>.

3

The undersigned declares:

4

I am over the age of 18 years, and not a party to the above-entitled proceedings. My

5

business address is Salinas Valley State Prison, 31625 Highway 101,Soledad, CA 93960

6

On ___8/23/57_____, 2007, I served true copies of the following documents:

7

8      Verified Petition for Judicial Determination
       Declaration in Support of Verified Petition for Judicial Determination
9      Petition for Interim Order
       Declaration in Support of Petition for Interim Order
10     Order for Interim Involuntary Medication
       Order Setting Hearing and Appointing Attorney
11     Declaration of Service

12

on:

13     **UNKNOWN**

14

15     [ ]   by personal delivery to said person in the County of _____,
       State of California.

16     [ ]   by placing, or causing to be placed, true copies thereof, enclosed in a sealed
       envelope with postage thereon fully prepaid, in the United States mail at Soledad, California.

17     [ ]   petition was not served as the name and address of the Next of Kin or person (s)
18     listed in the respondent's records to receive notification in case of emergency is/are not known.

19     I declare under penalty of perjury that the foregoing is true and correct. Executed
       on _____, 2007, at Soledad, California.

20

21

22     _____
       Addie Barkley, Keyhea Coordinator

23

24

25

26

27

28

1   CATHERINE BERNSTEIN
    Chief Deputy General Counsel (A)
2   STEVE MCNEAL State Bar No. 138847
3   Staff Counsel
    Office of Legal Affairs
4   California Department of Corrections and Rehabilitation
5   1515 S Street, Rm. 314S
    P.O. Box 942883
6   Sacramento, CA 94283-0001
    Telephone: (916) 445-0495
7
8   Attorneys for Petitioner

9
        BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS
10
11           FOR THE STATE OF CALIFORNIA

12
    In the Matter of                 )    No.
13                                    )
14  Christopher Johsnon E65821        )    **STIPULATION**
                                      )
15  Re:  Involuntary Medication       )
                                      )
16  _____  )

17      THE PARTIES HEREBY AGREE AS FOLLOWS:

18      The parties agree to waive the required notice for a hearing in this matter, and that the

19  matter may be heard on August 23, 2007.

20      DATED: August 22, 2007

21                                      CATHERINE BERNSTEIN
                                        Chief Deputy General Counsel (A)
22                                      Office of Legal Affairs

23
24
25                                      STEVE MCNEAL
                                        Staff Counsel
26

27  _____
    RICHARD WEST
28  Attorney at Law

CATHERINE BERNSTEIN
Chief Deputy General Counsel (A)
STEVE MCNEAL State Bar No. 138847
Staff Counsel
Office of Legal Affairs
California Department of Corrections and Rehabilitation
1515 S Street, Rm. 314S
P.O. Box 942883
Sacramento, CA 94283-0001
Telephone: (916) 445-0495

Attorneys for Petitioner

BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS

FOR THE STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of | No. |
| Christopher Johnson E65821 | **VERIFIED PETITION FOR JUDICIAL DETERMINATION RE: INVOLUNTARY MEDICATION** |
| Re: Involuntary Medication | |
| | DATE:   August 23, 2007 |
| | TIME:   11:00 a.m. |
| | PLACE: Salinas Valley State Prison |

Petitioner alleges:

1.    Penal Code section 5054 vests "the responsibility for the care, custody, treatment, training, discipline and employment of persons confined" in the California Department of Corrections and Rehabilitation (CDCR) in the director of CDCR.  CDCR is required by *Keyhea v. Rushen*, 178 Cal.App.3d 526 (March 1986, review denied July 1986) to seek a court order authorizing the administration of long term involuntary psychotropic medication to individuals confined within the jurisdiction of the CDCR who, as a result of mental disorder, are a danger to others or to themselves or are gravely disabled and incompetent to refuse medication. Penal Code section 2600, as amended by Chapter 555, Statutes of 1994, requires that the judicial

1    hearing mandated in this injunction be conducted by an administrative law judge.

2        2.        Respondent Christopher Johnson E65821, is, and at all times herein mentioned was,

3    an individual confined within the jurisdiction of the California Department of Corrections and

4    Rehabilitation and is currently housed at Salinas Valley State Prison, located inSoledad, California.

5        3.        As more fully set forth in the Declaration of Vance Norum M.D., attached hereto as

6    Exhibit A, and made a part hereof, respondent has been diagnosed as suffering from delusional

7    disorder, a condition that renders him gravely disabled and incompetent to refuse medication. The

8    recommended medically appropriate course of medical treatment consists of psychotropic

9    medications. There are no medically available alternatives to this treatment. However, if the

10   recommended course of medical treatment is delayed or denied by the judge, it is likely that the

11   patient will deteriorate further.

12       4.        As more fully set forth in Exhibit A, clinicians have tried to explain to respondent

13   his medical condition, the recommended treatment and the probable benefits and possible risks

14   involved in the treatment, and to obtain respondent's informed consent to the treatment.

15   Christopher Johnson E65821, is not willing to give informed consent.

16

17       5.        Involuntary medication for Inmate Christopher Johnson E65821 was initiated on

18   July 11, 2007; wherein he was advised of the need for, but was not willing to accept medication on

19   a voluntary basis. At the certification review hearing, held within ten (10) days of the initial

20   involuntary medication on July 20, 2007, the certification review hearing officer determined that

21   there was probable cause to believe that inmate Christopher Johnson E65821 is, as a result of

22   mental disorder, gravely disabled and incompetent to refuse medication and thus could be

23   medicated for the additional 21 days.

24   ///

25   ///

26   ///

27   ///

28   ///

EXHIBIT A

CATHERINE BERNSTEIN
Chief Deputy General Counsel
STEVE MCNEAL State Bar No. 138847
Staff Counsel
Office of Legal Affairs
California Department of Corrections and Rehabilitation
1515 S Street, Rm. 314S
P.O. Box 942883
Sacramento, CA 94283-0001
Telephone: (916) 445-0495

Attorneys for Petitioner

BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS

FOR THE STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of | ) No. |
| | ) |
| Christopher Johnson E65821 | ) DECLARATION IN SUPPORT OF |
| | ) VERIFIED PETITION FOR |
| | ) JUDICIAL DETERMINATION |
| | ) RE: INVOLUNTARY MEDICATION |
| Re: Involuntary Medication | ) |
| | ) DATE:   August 23, 2007 |
| | ) TIME:    11:00 a.m. |
| | ) PLACE:  Salinas Valley State Prison |
| | ) |

I, Vance Norum M.D., declare as follows:

I am a psychiatrist employed by the California at Salinas Valley State Prison.

1.      The nature of the psychiatric condition of the respondent that requires treatment:

         Delusional disorder.

2.      Recommended courses of psychiatric treatment considered to be medically appropriate:

         Psychotropic, antipsychotic and mood stabilizing medication.

3.      The prognosis for this respondent if the *Keyhea* were terminated.  The threat to the

-1-

1   health of the respondent, if the recommended course of treatment is delayed or not received:

2   Mr. Johnson would likely experience decompensation and deterioration of his

3   psychiatric condition resulting in a relapse of being gravely disabled.

4   If treatment id denied or delayed, specifically he would most likely revert to being

5   to being gravely disabled resulting in his not receiving any needed medical attention . The

6   use of force by staff would then have to be utilized to get Mr. Johnson out of his cell and

7   under controls; he risks becoming injured in said use o force.

8   4.   The predictable or probable response to the recommended course of treatment:

9   Mr. Johnson's mental illness symptoms will be reduced with an associated decrease

10   5.   The available alternatives, if any, to the course of the treatment recommended:

11   There are no less invasive medically appropriate alternatives to this treatment.

12   6.   The efforts made to obtain an informed consent from the respondent:

13   Many efforts have been made by clinicians to obtain an informed consent for

14   medication from Christopher Johnson. It is clear that this patient lacks the capacity to

15   consent to medication because he is unable to understand the severity of his symptoms,

16   claiming that he has no mental illness or need for treatment. He is unable to weigh the

17   risks and benefits in a coherent fashion.

18   

19   7.   Incidents that precipitated the filing of the petition either by a summary of the incidents or

20   the attachment of reports or records:

21   Christopher Johnson is grave disabled because he suffers from a mental illness that,

22   absent medications, renders him unable to utilize the elements of life essential to his health

23   and safety. His illness also precludes him from giving an informed consent, or refusal, to

24   medication. For these reasons involuntary medications were initiated on July 11, 2007 and

25   he was admitted to the inpatient setting on the same date.

26   

27   Mr. Johnson, who is thirty-six years old, is serving a sentence of 30 years to

28   life for Second Degree Robbery. His psychiatric history includes depression in 2005 as

-2-

well as auditory hallucinations. He attempted suicide in 1993 via hanging and "suicide-by-cop" in 2004. Over the last year his fixed delusions began intensifying. They revolve around food at the prison being poisoned and inedible. Over the past month, his paranoia has increased leading to a refusal to eat all un-prepackaged food and dairy products. He also refuses to leave his cell for any reason, including medical and dental appointments and showers. He believes that things would be stolen, he would be harmed and that things would be planted in his cell if he left.

Mr. Johnson's symptoms have worsened over the last month. He has lost approximately 30 to 40 pounds. He is confrontational with staff and causes frequent program disruptions by refusing to comply with instructions including repeatedly holding his food tray. He is unkempt and has refused to shower regularly over the last six months. Over the last month he has refused to eat his food most of the time and he claims the food is poisoned. Though he complains of medical problems he refuses to come out of his cell for treatment.

In his present condition he cannot give informed consent, or refusal, to medications because he is floridly psychotic and his insight into his mental illness is nil. His judgment and cognition are severely impaired due to the severe mental illness he has. He has several documented refusals of medications. He states that he does not believe that he has a mental illness. The medical care he is receiving is medically appropriate and there are no less restrictive, medically appropriate, means to treat him at this time.

8.  That the respondent, as a result of mental disorder:

    (x)    a.    Is gravely disabled and incompetent to refuse psychotropic medication;

    ( )    b.    Presents a danger to self;

    ( )    c.    Presents a danger to others.

1  CATHERINE BERNSTEIN
2  Chief Deputy General Counsel
   STEVE MCNEAL State Bar No. 138847
3  Staff Counsel
   Office of Legal Affairs
4  California Department of Corrections and Rehabilitation
5  1515 S Street, Rm. 314S
   P.O. Box 942883
6  Sacramento, CA 94283-0001
   Telephone: (916) 445-0495
7
8  Attorneys for Petitioner

9
10            BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS
11                    FOR THE STATE OF CALIFORNIA
12

13  In the Matter of                    )  No.
                                        )
14  Christopher Johnson E65821          )  PETITION FOR INTERIM ORDER
15                                      )  RE: INVOLUNTARY MEDICATION
                                        )
16  Re: Involuntary Medication          )  DATE:  August 23, 2007
17                                      )  TIME:   11:00 a.m.
                                        )  PLACE: Salinas Valley State Prison
18  _____)

19       Petitioner alleges:

20       1.    The California Department of Corrections and Rehabilitation is required by the

21  permanent injunction issued by Solano County Superior Court on October 31, 1986, No. 67432,

22  pursuant to Keyhea v. Rushen (1986) 178 Cal.App.3d 526 to seek a temporary order authorizing

23  the administration of interim involuntary psychotropic medication to individuals confined within

24  the jurisdiction of the California Department of Corrections and Rehabilitation. Penal Code

25  section 2600, as amended by Chapter 555, Statutes of 1994, requires that the judicial hearing

26  mandated in this injunction be conducted by an administrative law judge.

27  ///

28  ///

-1-

2.      Respondent Christopher Johnson E65821, is, and at all times herein mentioned was, an individual confined within the jurisdiction of the California Department of Corrections and Rehabilitation and is currently housed at Salinas Valley State Prison, located in Monterey County, California.

3.      As more fully set forth in the Declaration of Vance Norum M.D., attached hereto as Exhibit A and made a part hereof, Dr. Norum is of the opinion that, for the reasons set forth in the Petition for Judicial Determination Re: Involuntary Medication and the attachments thereto, Christopher Johnson E65821, should receive interim involuntary psychotropic medication to prevent a deterioration of his mental or physical condition.

WHEREFORE, petitioner prays for an interim order authorizing the administration of involuntary medication for a period of 23 days from August 4, 2007, and for such other and further relief as the judge deems proper.

DATED:  August 22, 2007

CATHERINE BERNSTEIN
Chief Deputy General Counsel
Office of Legal Affairs

STEVE MCNEAL
Staff Counsel

Attorneys for Petitioner

-2-

1  CATHERINE BERNSTEIN
2  Chief Deputy General Counsel
   STEVE MCNEAL State Bar No. 138847
3  Staff Counsel
   Office of Legal Affairs
4  California Department of Corrections and Rehabilitation
5  1515 S Street, Rm. 314S
   P.O. Box 942883
6  Sacramento, CA  94283-0001
   Telephone: (916) 445-0495
7
8  Attorneys for Petitioner

9
            BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS
10
                 FOR THE STATE OF CALIFORNIA
11

12

13 In the Matter of                    )  No.
                                       )
14                                      )
   Christopher Johnson E65821           )  DECLARATION IN SUPPORT OF
15                                      )  PETITION FOR INTERIM ORDER
                                       )  FOR INVOLUNTARY MEDICATION
16 Re:  Involuntary Medication          )
                                       )  DATE:   August 23, 2007
17                                      )  TIME:   11:00 a.m.
18                                      )  PLACE: Salinas Valley State Prison
                                       )
19 _____ )

20     I, Vance Norum M.D., declare as follows:

21     I am a psychiatrist employed by the California Department of Corrections and

22 Rehabilitation at Salinas Valley State Prison.

23     For the reasons set forth in the Petition for Judicial Determination Re: Involuntary

24 Medication and the attachments thereto, it is my opinion that the above-named inmate should

25 receive involuntary psychotropic medication for an additional period of 23 days from

26 August 4, 2007, in order to prevent deterioration of his mental or physical condition.

27 ///

28 ///

                                       -1-

1

2          BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS

3                    FOR THE STATE OF CALIFORNIA

4

5    In the Matter of                    )    No.
                                         )
6    Christopher Johnson E65821          )
                                         )    ORDER SETTING HEARING,
7                                        )    APPOINTING ATTORNEY, AND
                                         )    INTERIM INVOLUNTARY
8                                        )    MEDICATION
                                         )
9    Re: Involuntary Medication          )
                                         )
10   _____)

11

12         IT IS HEREBY ORDERED that a hearing re:  involuntary medication is set for

13   August 23, 2007, at 11:00 a.m., at Salinas Valley State Prison. Because of legitimate penological

14   interests, in accordance with Penal Code §2600, this hearing shall not be opened to public

15   observation unless specific approval has been obtained from the Warden no less than three days

16   prior to the hearing.

17         Upon application of petitioner and for good cause shown,

18         IT IS ALSO ORDERED that the above-named inmate may be involuntarily medicated for

19   a period of 23 days, commencing August 4, 2007.

20         IT IS FURTHER ORDERED that Richard West shall represent inmate

21   Christopher Johnson E65821.

22         DATED:

23

24

25                                   _____
                                     ADMINISTRATIVE LAW JUDGE
26

27

28

1

2    CATHERINE BERNSTEIN
     Chief Deputy General Counsel

3    STEVE MCNEAL State Bar No. 138847
     Staff Counsel

4    Office of Legal Affairs
     California Department of Corrections and Rehabilitation

5    1515 S Street, Rm. 314S
     P.O. Box 942883

6    Sacramento CA 94283-0001

7    Telephone: (916) 445-0495

8    Attorneys for Petitioner

9
             BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS

10

11                  FOR THE STATE OF CALIFORNIA

12

13    In the Matter of           )   No.
                        )

14    Christopher Johnson E65821   )

15                     )   DECLARATIONS OF SERVICE
                        )

16    Re: Involuntary Medication   )

17    _____)

18

19                   //

20                   //

21                   //

22                   //

23                   //

24                   //

25                   //

26                   //

27                   //

28

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

*YOU HAVE THE RIGHT TO FILE A REQUEST WITH THE SUPERIOR COURT TO TERMINATE THE INVOLUNTARY MEDICATION AND TO HAVE A HEARING ON THAT REQUEST.*

| | TODAY'S DATE |
|---|---|
| | 7/20/07 |

## DECISION

☒ CRITERIA FOR INVOLUNTARY MEDICATION HAVE BEEN MET.

☐ CRITERIA FOR INVOLUNTARY MEDICATION HAVE NOT BEEN MET

## REASON FOR THE ABOVE DECISION

AS A RESULT OF A PSYCHIATRIC DISORDER, YOU ARE DETERMINED TO BE:

☐ A danger to yourself.

☒ Gravely disabled and incompetent to refuse medication.

☐ A danger to others in that:

☐ You have attempted, inflicted or made a serious threat of substantial physical harm after having been taken into a correctional treatment center or other inpatient psychiatric unit.

☐ You have attempted or inflicted physical harm upon one another which resulted in your being placed in a correctional treatment center or other inpatient psychiatric unit.

☐ You have made a serious threat of substantial phsical harm upon another within seven days of your being placed in a correctional treatment center or other inpatient psychiatric unit, that threat at least in part, resulted in your placement in the psychiatric unit.

## EVIDENCE

SUMMARIZE THE EVIDENCE RELIED UPON, OR ATTACH DOCUMENTS        ☐ DOCUMENTS ATTACHED

Nonshuwer for 6 mun  Abl+Skills minimal Eate sporatically
Cell littered by trash  "They" Contaminate food

IF INVOLUNTARY MEDICATION IS AUTHORIZED AND IS TO BE CONTINUED, A PETITION FOR REVIEW BY A JUDGE WILL BE FILED.  AN ADMINISTRATIVE LAW HEARING WILL BE HELD AT THIS INSTITUTION TO DECIDE WHETHER TO CONTINUE MEDICATION FOR UP TO 180 DAYS (OR ONE YEAR IF GRAVELY DISABLED). AN ATTORNEY WILL BE ASSIGNED TO REPRESENT YOU AT THAT HEARING.  IF YOU GIVE INFORMED CONSENT FOR MEDICATION AFTER THE PETITION HAS BEEN FILED, THE PETITION MAY BE WITHDRAWN, AND IF IT IS WITHDRAWN, THERE WILL NOT BE A HEARING.

| CERTIFICATION HEARING OFFICER'S SIGNATURE | DATE SIGNED |
|---|---|
| M_____ ____ LCSW LBSI | 7/20/07 |
| SIGNATURE OF PERSON ISSUING THIS DOCUMENT TO INMATE/TITLE | DATE SIGNED |
| A Barkley   CCI | 7/20/07 |

| CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|
| Johnson   Christopher |
| E 65821 |

CERTIFICATION HEARING NOTICE

DOB- 11/30/70

| INMATE'S NAME AND CDC NUMBER E-65821 | BED/CELL/DORM | AGE | GENDER | MARITAL STATUS (if known) |
|---|---|---|---|---|
| JOHNSON, Christopher | CB-101L | 36 | M ☒ MALE ☐ FEMALE | S |

The clinical staff of **Salinas Valley State Prison** has evaluated the condition of the above-named inmate.
(Name of facility)

### BASED ON THE EVALUATION, WE CONCLUDE THE ABOVE-NAMED INMATE IS, AS A RESULT OF A MENTAL DISORDER:

☐ A danger to self.

☐ A danger to others.

☒ Gravely disabled in that the inmate is unable to use the elements of life that are essential to health safety including food, clothing, and shelter, even though provided to the inmate by others.

SPECIFIC FACTS THAT FORM THE BASIS OF OUR ALLEGATION:

See Attached

THE INMATE HAS BEEN INFORMED OF THIS EVALUATION, AND HAS BEEN ADVISED OF THE NEED FOR, BUT HAS NOT BEEN ABLE OR WILLING TO ACCEPT, MEDICATION ON A VOLUNTARY BASIS.  INVOLUNTARY MEDICATION WAS BEGUN ON ~~6-7~~ 11-07  AT  6200
                                              ~~6-7~~ (Date)              (Time)

WE, THEREFORE, CERTIFY THIS INMATE TO RECEIVE INVOLUNTARY MEDICATION RELATED TO THE MENTAL DISORDER FOR NO MORE THAN TWENTY-ONE (21) DAYS IN ADDITION TO THE INITIAL 72 HOURS.

| EVALUATING PHYSICIAN/PSYCHOLOGIST | DATE SIGNED 7/11/07 |
|---|---|
| CHIEF PSYCHIATRIST (or designee) Dule Norum, MD | DATE SIGNED 7/11/07 |

I HEREBY STATE THAT I DELIVERED A COPY OF THIS NOTICE THIS DAY TO THE ABOVE-NAMED INMATE AND I INFORMED HIM/HER, UNLESS JUDICIAL REVIEW FOR HABEAS CORPUS IS REQUESTED, A CERTIFICATION REVIEW HEARING WILL BE HELD WITHIN TEN (10) DAYS OF THE INITIAL INVOLUNTARY MEDICATION AND A PATIENT ADVOCATE WILL VISIT HIM/HER TO PROVIDE ASSISTANCE IN PREPARING FOR THE HEARING OR TO ANSWER QUESTIONS REGARDING HIS/HER INVOLUNTARY MEDICATION OR TO PROVIDE OTHER ASSISTANCE.

| SIGNATURE OF PERSON DELIVERING K. Chen, PNP | DATE DELIVERED 7/13/07 |
|---|---|

### 72- HOUR CERTIFICATION NOTICE
### CDC 7363 (Rev. 11/99)

CDC NUMBER, NAME (LAST, FIRST, MI), DATE OF BIRTH:

JOHNSON, Christopher

E65821

11/30/70

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

*YOU HAVE BEEN CERTIFIED TO RECEIVE INVOLUNTARY ANTIPSYCHOTIC MEDICATIONS FOR A PERIOD OF UP TO 21 DAYS.*

☑ **You have a right to a certification review hearing.**
The hearing is to be held within 10 days of the initial involuntary medication (unless you request judicial review) to determine whether probable cause exists for the certification.

☑ **You have the right to assistance of another person to prepare for the certification review hearing.**
This facility will provide an advocate who will meet with you as soon as possible, to discuss the process, to assist in preparing for your hearing, and to answer questions or concerns regarding involuntary medications or the hearing. This advocate will be given timely access to your records.

☑ **You have the right to postpone the hearing.**
The certification review hearing may be postponed for 48 hours.

☑ **You have rights at the certification review hearing.**
 ☑ Right to be present, unless you waive that right;
 ☑ Right to assistance by your private attorney or the advocate provided by this facility;
 ☑ Right to present evidence;
 ☑ Right to question persons presenting evidence supporting involuntary medication;
 ☑ Right to make reasonable requests for attendance of facility employees who have knowledge of, or who have participated in the certification decision

☑ **You have a right to a hearing conducted in an impartial and informal manner.**

☑ **You have a right to judicial review and counsel.**
If you excercise the right to judicial review by habeas corpus, you also have the right to counsel, including court appointed counsel.

☑ **You have a right to have another person receive this notice.**
You may designate that another person receive a copy of the certification notice.

PERSON NAMED:
ADDRESS:
TELEPHONE NUMBER:

☑ **You have a right to a hearing conducted by an administrative law judge.**
You will be represented by an appointed attorney during this hearing.

| SIGNATURE OF PERSON EXPLAINING THESE RIGHTS TO INMATE | TYPED/PRINTED NAME | DATE SIGNED |
|---|---|---|
| ABarj | Bartle | 7/19/07 |

**INMATE RIGHTS/AUTHORIZATION FOR INVOLUNTARY MEDICATION**

CDC NUMBER/NAME (LAST, FIRST, MI) AND DATE OF BIRTH
Johnson Christipher
E65891
DOB 11/30/70

CDC 7366 (3/95)

ORIGINAL

E65821

| INMATE'S NAME AND CDC NUMBER Johnson, Christopher TAYLOR, TIMOTHY Sm | BED/CELL/DORM Bed MHCB 4 | AGE 38 | GENDER | MALE ☐ FEMALE ✓ | MARITAL STATUS (if known) SINGLE |
|---|---|---|---|---|---|

The clinical staff of _____SVSP_____ has evaluated the condition of the above-named inmate.
(Name of facility)

## BASED ON THE EVALUATION, WE CONCLUDE THE ABOVE-NAMED INMATE IS, AS A RESULT OF A MENTAL DISORDER:

☐ A danger to self.

☐ A danger to others.

✓ Gravely disabled in that the inmate is unable to use the elements of life that are essential to health safety including food, clothing, and shelter, even though provided to the inmate by others.

SPECIFIC FACTS THAT FORM THE BASIS OF OUR ALLEGATION:

Johnson Mr. Taylor's weight has dropped from 200 pounds to 132-136 pounds over 1-2 years. He is in danger for his health at this weight (lowest in acceptable range is 146) He eats very sparingly as he fears/believes that staff are putting dangerous things in his food. He has an elaborate delusional system involving CDCR, the CIA →

THE INMATE HAS BEEN INFORMED OF THIS EVALUATION, AND HAS BEEN ADVISED OF THE NEED FOR, BUT HAS NOT BEEN ABLE OR WILLING TO ACCEPT, MEDICATION ON A VOLUNTARY BASIS.  INVOLUNTARY MEDICATION WAS BEGUN ON _1/31/08_ AT _2008_ .
(Date)          (Time)

WE, THEREFORE, CERTIFY THIS INMATE TO RECEIVE INVOLUNTARY MEDICATION RELATED TO THE MENTAL DISORDER FOR NO MORE THAN TWENTY-ONE (21) DAYS IN ADDITION TO THE INITIAL 72 HOURS.

| EVALUATING PHYSICIAN/PSYCHOLOGIST ERICA WEINSTEIN, MD E. Weinst, MD | DATE SIGNED 1/31/08 |
|---|---|
| CHIEF PSYCHIATRIST (or designee) Senior Psychiatrist Supervisor Saqwarat K. Hinonguulaira, MD | DATE SIGNED 1/31/08 |

I HEREBY STATE THAT I DELIVERED A COPY OF THIS NOTICE THIS DAY TO THE ABOVE-NAMED INMATE AND I INFORMED HIM/HER, UNLESS JUDICIAL REVIEW FOR HABEAS CORPUS IS REQUESTED, A CERTIFICATION REVIEW HEARING WILL BE HELD WITHIN TEN (10) DAYS OF THE INITIAL INVOLUNTARY MEDICATION AND A PATIENT ADVOCATE WILL VISIT HIM/HER TO PROVIDE ASSISTANCE IN PREPARING FOR THE HEARING OR TO ANSWER QUESTIONS REGARDING HIS/HER INVOLUNTARY MEDICATION OR TO PROVIDE OTHER ASSISTANCE.

| SIGNATURE OF PERSON DELIVERING | DATE DELIVERED 2/1/08 |
|---|---|

CDC NUMBER, NAME (LAST, FIRST, MI), DATE OF BIRTH
JOHNSON, CHRISTOPHER
E65821
11/30/70

## 72- HOUR CERTIFICATION NOTICE
## CDC 7363 (Rev. 11/99)

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

Attachment to CDCR Form 7363       **JOHNSON , Christopher   E65821**
72 HOUR CERTIFICATION NOTICE
KEYHEA Involuntary Medication       January 17, 2008

This inmate, Christopher JOHNSON, has been unable to use the elements of life (food, clothing, shelter) that are essential to his health and safety even though these elements are provided on a regular basis during the past several weeks. He has been declining and deteriorating in his mental status steadily during the past two weeks and he has been refusing all psychotropic medication for the past six months. Mr. JOHNSON is unkempt. His cell is littered with trash; he has refused to eat his meals and is losing weight. At the time of the initiation of this Keyhea petition, his cell in building D2 was stinky and littered with some accumulated trash. He continues to refuse to comply with coming out of his cell for medical and mental health appointments. As a result of the above, Mr. JOHNSON is very gravely disabled at this time and needs to have medication administered involuntarily to prevent his further decline. His judgment is severely impaired and he is floridly psychotic with a manifestation of paranoia and paranoid delusions (he is alleging that all his food is poisoned and therefore he cannot eat it). He is incompetent to give informed consent regarding psychotropic medications.

VANCE NORUM, MD
Staff Psychiatrist
Salinas Valley State Prison

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

*YOU HAVE BEEN CERTIFIED TO RECEIVE INVOLUNTARY ANTIPSYCHOTIC MEDICATIONS FOR A PERIOD OF UP TO 21 DAYS.*

☑ **You have a right to a certification review hearing.**
The hearing is to be held within 10 days of the initial involuntary medication (unless you request judicial review) to determine whether probable cause exists for the certification.

☑ **You have the right to assistance of another person to prepare for the certification review hearing.**
This facility will provide an advocate who will meet with you as soon as possible, to discuss the process, to assist in preparing for your hearing, and to answer questions or concerns regarding involuntary medications or the hearing   This advocate will be given timely access to your records.

☑ **You have the right to postpone the hearing.**
The certification review hearing may be postponed for 48 hours.

☑ **You have rights at the certification review hearing.**
　☑ Right to be present, unless you waive that right;
　☑ Right to assistance by your private attorney or the advocate provided by this facility;
　☑ Right to present evidence;
　☑ Right to question persons presenting evidence supporting involuntary medication;
　☑ Right to make reasonable requests for attendance of facility employees who have knowledge of, or who have participated in the certification decision

☑ **You have a right to a hearing conducted in an impartial and informal manner.**

☑ **You have a right to judicial review and counsel.**
If you excercise the right to judicial review by habeas corpus, you also have the right to counsel, including court appointed counsel.

☑ **You have a right to have another person receive this notice.**
You may designate that another person receive a copy of the certification notice.

| PERSON NAMED: |
| ADDRESS. |
| TELEPHONE NUMBER: |

☑ **You have a right to a hearing conducted by an administrative law judge.**
You will be represented by an appointed attorney during this hearing.

| SIGNATURE OF PERSON EXPLAINING THESE RIGHTS TO INMATE | TYPED/PRINTED NAME | DATE SIGNED |
|---|---|---|
| *Hellen* | T. J. MANTEL | 2/1/08 |

**INMATE RIGHTS/AUTHORIZATION FOR INVOLUNTARY MEDICATION**

CDC NUBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

JOHNSON, CHRISTOPHER
E65821
11/30/70

CDC 7366 (3/95)