# EXHIBIT "G"

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: JUN 1 2 2006

In re:    Johnson, E-65821
          Salinas Valley State Prison
          P.O. Box 1020
          Soledad, CA 93960-1020

IAB Case No.: 0511496          Local Log No.: SVSP 05-04344

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that he was evaluated on November 8, 2005, by Wein (sic) who prescribed pain medications. The appellant is dissatisfied with Dr. Nguyen because he reduced the amount of pain medications prescribed. The appellant claims he has back and leg pain and is in need of orthopedic surgery. The appellant also alleges that Dr. Nguyen is denying him the benefit of "Chronic Care Pain Management" by changing the previous order that the specialty clinic physician prescribed. The appellant is requesting to have this matter investigated by the warden and the Office of Internal Affairs (OIA); to have the medical review board made aware of the appellant's complaint; to have this matter placed in Dr. Nguyen's personnel file; and, to be reevaluated by the specialty clinic.

**II    SECOND LEVEL'S DECISION:** It is the institution's position that although he disagrees with his primary care physician (PCP), the appellant's evaluation was provided by a board certified physician. It is the responsibility of his PCP to review and consider any off-site provider's opinions and/or recommendations and approve the intervention he/she feels is appropriate. The appellant's request for an investigation by the warden and the OIG was denied, as was his request for disciplinary action to be taken against Dr. Nguyen. The appellant was informed that it is not inappropriate for an inmate to dictate disciplinary action, nor are they privileged to the outcome of any disciplinary findings. Health care staff document that the appellant's pain medication regimen was not altered during the time period he claimed; however, the physician's treatment plan included the gradual decrease of the medication dosage. The appellant was informed that an orthopedic and neurology consultation was not medically indicated; and his Disability Placement Program (DPP) status will remain unchanged. The appellant was placed on Disability Placement Other (DPO) status as determined by Dr. Bowman. The appellant was directed to submit a CDC Form 7362, Health Care Services Request for new health care requests.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A.    FINDINGS:** At the Director's Level of Review it appears that Salinas Valley State Prison (SVSP) health care staff have provided the appellant with the appropriate health care intervention. He was dissatisfied with his PCP reducing his pain medication dosage and denying a consultation with an orthopedist or neurologist. It was the physician's decision to gradually decrease the dosage of Roxicet, his prescribed pain medication; and, there is nothing that indicates the appellant's DPP status should be altered; his current status is DPO. The appellant was informed the California Code of Regulations, Title 15, Section (CCR) 3354, indicates that it is inappropriate for an inmate to dictate his own health care intervention. If medically necessary, a licensed health care professional will determine the most appropriate treatment. In addition, an inmate may not order an investigation be conducted, or the findings of any disciplinary action of an employee.

    **B.    BASIS FOR THE DECISION:**
CCR: 3350, 3350.1, 3354

    **C.    ORDER:** No changes or modifications are required by the institution.

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**

CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| | | 18. ADA |

*DPP = DPO*

**NOTE:** THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*11/16/05*

In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.

*Appellant complain of law w/no medication program access is imposed*

RECEIVED NOV 16 2005

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| MR. CHRISTOPHER JOHNSON | E65821 | N/A | | D8-111 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

BAD LOW & MID BACK (LUMBAR - SCIATICA & 5TH VERTEBRAE FRACTURE ; POST GUN-SHOT WOUND TO LEFT HIP ; TITANIUM RODIN FEMUR & ANKLE ; EXTENSIVE KNEE DAMAGE

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

(SEE MEDICAL CHART) MY DISABILITY DOCUMENTATION IS DULY NOTE IN MY MEDICAL FILE, HAVE BEEN LABELED DPO BY DR. BOWMAN AT THIS FACILITY, AND IN A WHEEL CHAIR.

DESCRIBE THE PROBLEM:

ON OR ABOUT 11/8/05, I SAW DR. WEIN - BUT ON 11.2.05 HE ORDERED PAIN MEDS OF ROXICET 2 PILLS 3X's A DAY. HOWEVER, I AM ONLY GETTING 1 PILL 3X's A DAY IT DOES NOT TAKE THE EDGE OF THE PAIN AWAY. I'M BEING MADE TO SUFFER IN PAIN. I REQUESTED TO SEE AN ORTHO/NUERO SPECIALIST HE REFUSE MY REQUEST SAYS THERE'S NOTHING THE COMMITTEE WILL DO, AND FURTHER SAID HE WOULD WEIN ME OFF ROXICET OVER 4MO.s STARTING NEXT MONTH.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

1. TO BE RECOGNIZED/SEEN BY DR. BOWMAN FOR FOLLOW-UP 2. TO HAVE MY PREVIOUS CHRONIC CARE PAIN MANAGEMENT HONORED (ROXICET 2 PILLS 3 X A DAY) 3. TO BE REFERRED TO AN ORTHO/NUERO SPECIALIST 4. TO BE REFERRED TO A NEUROLOGIST 5. FOR A D.P.W. CHRONO *

| Mr. Christopher Johnson | 11/9/05 |
|---|---|
| INMATE/PAROLEE'S SIGNATURE | DATE SIGNED |

State of California                                                    California Department of Corrections and Rehabilitation

# A P P E A L - F I R S T  L E V E L  R E V I E W
## S A L I N A S  V A L L E Y  S T A T E  P R I S O N

D8 111L

**DATE:**    January 31, 2006

**NAME:**    Johnson    **CDC #** E65821

**APPEAL #:**    FIRST LEVEL APPEAL LOG #SVSP-D-05-04344

**APPEAL DECISION:** Denied.

**SUMMARY OF APPEAL:** Appellant states that Appellant states that, on November 8, 2005, he saw Dr. Nguyen (Wein) on November 2, 2005 the appellant states the physician ordered pain meds of Roxicet, two tablets three times a day. It is the appellant's position that the medication order was decreased for his hip, back, and leg pain, he states that he is in need of an orthopedic surgery. The appellant states that he is being denied the benefit of chronic care pain management in that the higher dose of his medication was decreased.

The appellant is requesting on appeal The appellant requests to be seen for a follow up, have his previous chronic care pain management honored (Roxicet two pills three times a day). The appellant wants to be referred to an orthopedic specialist. Lastly, to be referred to a neurologist, and to be designated for a DPW (FULLTIME WHEELCHAIR USER) chrono.
.

**SUMMARY OF INVESTIGATION:** The appellant was interviewed on January 25, 2006 by J. Krossa, Registered Nurse. During this interview, the appellant stated Dr. Nguyen refused to refer him to the Orthopedic or Neurosurgeon for his back pain. The appellant was informed by the physician that his treatment included weaning him off his Roxicet prescription over a four month period (starting in December 2005).

**APPEAL RESPONSE:** Although, the appellant disagrees with the PCP (Primary Care Provider) treatment plan, the appellant's evaluation was provided by a board certified physician. It is the responsibility of the PCP to consider any outside recommendation and may or may not implement those recommendations within the CDC Health Care Services Division guidelines.

The appellant's request for an investigation is denied. The appellant is advised that as his appeal was not categorized as a staff complaint only the medical issues are addressed. The appellant's request for disciplinary action and/or notification to the Medical Review Board against the provider is denied. Inmates may not dictate staff discipline nor are they privileged to the outcome of any disciplinary findings. The appellant's request to be seen in a specialty clinic and/or a different provider is denied. Inmates may not dictate staff assignments.

The appellant is advised that if and when the requested medical care is medically indicated such will be ordered by his PCP.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.


_____                          _____

J. Krossa                                         M. Byrne
Registered Nurse                                  Supervising Registered Nurse II
                                                  Salinas Valley State Prison

State of California                                     Department of Corrections and Rehabilitation

# Memorandum

Date:  March 24, 2006

To:    Inmate Johnson, E65821
       Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-05-04344

#### ISSUE:
Appellant states that he saw Dr. Nguyen (Wein) on November 18, 2005 after he ordered pain medication of Roxicet two pills three times a day (11-2-05).  The appellant states that he has serious medical needs.  He disagrees with the above pain medication having been reduced to one pill three times a day.  He states that he has hip, back, and leg pain.  He further states that he is in need of orthopedic surgery.  It is the appellant's position that the doctor refuses to allow him the benefit of chronic care pain management as noted by the medication reduction.  The original medication order prescribed by the specialty clinic doctor.

The appellant requests to have the matter investigated by the warden/internal affairs.  The appellant wants the matter placed into Dr. Nguyen's personnel file and wants the medical review board to be noticed of this complaint.  Lastly, the appellant wants all of his follow-up appointments to be done by the specialty clinic and that another doctor attends to him.

**INTERVIEWED BY**:  J. Krossa, Registered Nurse on January 25, 2006.

**REGULATIONS**:  The rules governing this issue are:

**California Code of Regulations, Title 15 Section:**
3350   Provision of Medical Care and Definition
3350.1 Medical Treatment/Service Exclusions
3354.1 Health Care Responsibilities and Limitations

#### SUMMARY OF INVESTIGATION:

The First Level of Review (FLR) was completed on January 31, 2006.  M. Byrne, SRN II was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: JUN 1 4 2006

In re:    Johnson, E-65821
          Salinas Valley State Prison
          P.O. Box 1020
          Soledad, CA  93960-1020

IAB Case No.: 0510876          Local Log No.: SVSP  06-00077

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT:  It is the appellant's position that on numerous occasions his prescriptions for Roxicet have been stolen via computer theft. He contends that Medical Technical Assistant (MTA) Lauber refuses to have anyone conduct a review of his chart to inquire as to his medication status. The appellant reports that MTA Lauber is conspiring with Correctional Lieutenant (Lt.) Plaza in this matter. MTA Lauber changes the order and Lt. Plaza steals the pills for her. He requests an investigation into the reasons these two staff are conspiring against him. Further, he asks for $3,000.00 in monetary compensation from both staff.

To the Director's Level of Review, the appellant alleges that his Roxicet is being sucked out of his system by "nanotechnology" and he is continuously being tortured, day and night.

II   SECOND LEVEL'S DECISION:  The reviewer found that the appellant's allegations of staff misconduct have been referred for investigation. On February 6, 2006, the Officer of Internal Affairs, Central Intake Unit has determined that the appellant's allegations were not sustained.

III  DIRECTOR'S LEVEL DECISION:  Appeal is denied.

    A.  FINDINGS:  Upon review of the documentation submitted, it is determined that the staff complaint has received the required review. The appellant's allegations of staff misconduct have been referred for investigation.

In the event that staff misconduct is substantiated, the institution will take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an investigation, the appellant will be notified by the respective investigative body that an inquiry has been completed and whether the complaint was unsubstantiated or substantiated. In this case, the institution has reported the disposition to the appellant.

Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

    B.  BASIS FOR THE DECISION:
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3004, 3084.1

    C.  ORDER:  No changes or modifications are required by the institution.

JOHNSON, E-65821
CASE NO. 0510876
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

*CITIZEN'S COMPLAINT*
*TSU @ 2nd*

**STATE OF CALIFORNIA**

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. SVSP  A

Log No.
1. 06-00077

Category
8 7

2. _____

2. _____

OTC — 118

You may appeal any policy, action or decision which has significant adverse affect upon you. With the exception of Serious 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeal Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

*Peter McLaughy't — mess*

RECEIVED NOV 1 8 2005

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| MR CHRISTOPHER JOHNSON | E65821 | N/A | D8 - 114 |

A. Discuss Problem: ON NUMEROUS OCCASIONS, I HAVE HAD TO UNDERGO HAVING MY PAIN MEDS STOLEN VIA COMPUTER THEFT. THE ORDER IS FOR PRESCRIPTION PAIN MED OF ROXI-CET 2 PILLS 3x A DAY. HOWEVER, M.T.A. LAUBER - REFUSES TO HAVE ANYONE CALL CHECK MY CHART OR ANYTHING (INQUIRE). I WAS NOT GIVEN MY MORNING MEDS AS LAUBER REFUSES TO STOP AFTER I CALLED HIS NAME 3x's. I BELIEVE HE IS IN A CONSPIRACY AGAINST ME WITH LT. PLAZA, AND AS SHE CHANGES THE ORDER-HE STEALS THE PILLS FOR HER, AND ONLY GIVE ME 1 PILL 3x's A DAY. THERE HAS BEEN A PATTERN OF ABUSES REGARDING CHRONIC CARE PAIN MANAGEMENT, AT SALINAS VALLEY PRISON. Rx# 639750  EXP. 11/13/05

If you need more space, attach on additional sheet.

A. Action requested: I AM REQUESTING AN INVESTIGATION AS TO WHY M.T.A. LAUBER & LT. PLAZA IS CONSPIRING AGAINST ME TO STEAL MY PAIN MEDS 2) I WOULD LIKE HAVE THIS MATTER BROUGHT TO THE ATTENTION OF THE WARDEN. 3) TO HAVE SEVERE DISCIPLINARY ACTION BROUGHT ON BY THE STATE PERSONNEL BOARD. 3) TO HAVE THIS MATTER PLACED INTO THEIR PERSONNEL FILE, 4) #3,000 EACH AND APOLOGY

Inmate/Parolee Signature: C/o Christopher Johnson                    Date Submitted: 11/25/05

B. INFORMAL LEVEL (Date Received  11/28/05 )

Staff Response: Doctor

See attached Response  REC'D DEC X 1 2005

BRANCH MAILED NOV 27 2006

DELIVERED DEC 06 2005

Staff Signature: _____ SCA, 11/30/05          Date Returned to Inmate: _____

C. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigators Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Dissatisfied: this situation has been occurring over a period of time (3 MONTHS). In simulus fashion Ms. Dolan was suppose to investigate with regards to a simulus issue. I am still in pain and request that the appeal coordinator refer to the action requested.

Signature: C/M Christopher Johnson          Date Submitted: 12/8/05

RECD DEC 0 8 2005

Note: Property/Funds appeals must be accompanied by a completed
Board of Control Form BC-1E, Inmate Claim.

DELIVERED DEC 2 0 2005

CDC Appeal Number:

RET'D MAR 1 4 2006

1/1 - s/a ___ from medical states he getting meds. (NOT)
1/6/06 received from Mr. Hedgpeth - notice sent to 1/2.

State of California                                                California Department of Corrections and Rehabilitation

# A P P E A L  -  I N F O R M A L  L E V E L  R E V I E W
## S A L I N A S  V A L L E Y  S T A T E  P R I S O N

**DATE:** November 29, 2005

**NAME:** Inmate JOHNSON          **CDC #:** E-65821

**APPEAL DECISION: DENIED**

**SUMMARY OF APPEAL:**

Inmate Johnson states in his appeal that his pain medication has been stolen via computer theft. Inmate Johnson states the order for pain medication is for Roxicet 2 pills 3 times a day, but MTA Lauber refuses to have anyone call or check his chart. Inmate Johnson states that MTA Lauber and Lieutenant Plaza are conspiring against him to steal his medication. Inmate Johnson states Lieutenant Plaza changes the order and MTA Lauber steals his medication and only gives him 1 pill 3 times a day.

Inmate Johnson is requesting an investigation as to why MTA Lauber and Lieutenant Plaza are conspiring against him to steal his pain medication; would like the matter brought to the attention of the warden; have severe disciplinary action by the State Personnel Board; have this matter placed into their Personnel file.

**SUMMARY OF INVESTIGATION:**

A review of Inmate Johnson's Unit Health Record and Medication Administration Record was conducted. On 11/1/05, Inmate Johnson was seen by Dr. Nguyen, who wrote a prescription for Roxicet 1 pill 3 times a day. On 11/7/05, Dr. Nguyen changed the prescription to Roxicet 2 pills 3 times a day.

**APPEAL RESPONSE:**

Inmate Johnson's request that an investigation as to why MTA Lauber and Lieutenant Plaza are conspiring against him to steal his pain medication is denied. A review was conducted. Inmate Johnson's pain medication was being issued to Inmate Johnson as prescribed, which was for Roxicet 1 pill 3 times a day, until the order was changed to Roxicet 2 pills 3 times a day. Inmate Johnson's request that severe disciplinary action by the State Personnel Board and have this matter placed into their Personnel file is without merit and denied. Based on this information, this appeal is denied.

N. MENDEZ
Staff Services Analyst
Salinas Valley State Prison

# SUPPLEMENT PAGE

<u>RE:</u>    Salinas Valley State Prison
Second Level Reviewer's Response
Appeal Log # SVSP-D-06-00077

Date:    Tuesday, February 21, 2006

Inmate:  JOHNSON E65821

**<u>APPEAL ISSUE:</u>**    STAFF COMPLAINT

**<u>APPEAL DECISION:</u>  PARTIALLY GRANTED**

**<u>APPEAL REPONSE:</u>**   The appellant has filed a Staff Complaint against MTA LAUBER AND LT PLAZA alleging staff misconduct.  The Informal Level Response and the First Level Response have been waived in accordance with the Departmental Operations Manual (DOM) Section 31140 and Administrative Bulletin # 98/10.

The appellant's allegations of misconduct have been referred for investigation.  The appellant will be advised of the findings of the investigation upon completion.  However, be advised, inmates do not dictate staff disciplinary action.  In the event that employee misconduct is detected, appropriate corrective or adverse action will be initiated or recommended by administration.  However, any personnel action taken shall remain confidential and will not be disclosed to inmates, other employees, or the general public.

For the reasons cited, your action requested is being **<u>PARTIALLY GRANTED</u>** at the Second Level of Review.


C. Noll
Chief Deputy Warden (A)
Salinas Valley State Prison

RETU MAR 1 4 2006

3/22/06

Director of Corrections
P.O. Box 942883
Sacramento, Ca. 94283-0001
Attn: Chief, Inmate Appeals.

Dear Sir,

This is getting ridiculous — I have forwarded appeals to your office and to this institution and I am still awaiting a response. (over 2 mos)

The appeals that I am referring to are appeals log # 05-02807, # 05-03871 (E. MEDINA), # 05-02809 (YOUR OFFICE). Enclosed is appeal log # 05-00077.

I would highly appreciate it if you can forward me a response after formal/thorough investigations.

Sincerely,
Mr. Christopher
Johnson

* Enclosed is: # 05-03871 They keep throwing the appeals away to circumvent access to the Court.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CDC 1858  (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]  FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.  [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| (SAME AS BELOW) | | | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| MR CHRISTOPHER JOHNSON | O/In Christopher Johnson | E65821 | 1/3/06 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee – Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

1/3/05

Ass. Warden Hedgepeth
P.O. Box 1050
Soledad, Ca. 93960

Dear Hedgepeth,

I am being placed under extreme duress.
with regards to "There was no Roxicet" this morning, as
I am continually being made to suffer. (Back, Hip & Knee.)

I am resubmitting This "Citizen Complaint"
as it was suppose to go to the 1st level and not to
the informal level from the begining. There's a
Continual Conspiracy with my meds - pain medication
being stolen. This "AM" if there wasn't enough Roxicet
on the yard Then some one should have made up for
the dosage "3 x's a day" (R.N. GARCIA THE WITNESS)

This 602 needs to be processed and investi-
gated for its Validity. And the 602's I'm filing are
being "Screen out" for no reason - denying me access
to the courts. Lt. Plaza - is apart of the Continued
Conspiracy VIA nanotechnology they steal not only
my semen but also my pain medicine. So-next
time you goto Central operations - and view her
ask her would she like someone to test her for narcotics.
Infact - let her know I'm doing everything I can to
stop people from stealing Pain meds from Prisoners.
* Note to self JOHNSON, CHRISTOPHER (CHRONIC CARE PAIN MANAGEMENT)
Pain meds Stolen again & again!

State of California    **INMATE / PAROLEE APPEAL SCREENING FORM**    Department of Corrections and Rehabilitation
CDCR-695

INMATE: Johnson    CDC #: E-65821    CDC HOUSING: D8-111

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue
[ ] Do Not Combine Staff Complaints with Other Issues
[ ] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[ ] No Significant Adverse Effect Demonstrated
[ ] Pointless Verbiage/Appeal is vague
[X] Incomplete 602
[ ] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Request for Interview; Not an Appeal
[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached
[ ] Inappropriate Statements
[ ] Action / Decision Not Taken By CDCR
[ ] DRB Decisions Are Not Appealable
[ ] Appealing Action Not Yet Taken
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Not A Request Form; Use CDCR-7362 – to access Medical
    Services, submit your request on a CDCR-Form 7362.
    If necessary, sign up for sick call.
[ ] Write your appeal in black or blue ink, this is a legal
    document and pencil/inks other than black or blue do
    not copy legibly

### PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS
**Comments:**   You may write on back of this form to clarify or respond to the above.

the response from Medical clearly
demonstrates that you are receiving
your prescribed meds.

I find no persuasive evidence
within your appeal to establish
a nexis between Lt Plaza & MTA Lauber.
Nor do you document how the alleged
conspiracy is occurring or how you know
it is occurring. (CONTINUED)——→
                                OTHER SIDE

**Eloy Medina, CC-II**
**Appeals Coordinator**

Date: 12/9/05

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on
a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself*. Please return
this form to the Appeals Coordinator with the necessary information attached.
PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE




# SALINAS VALLEY STATE PRISON

## *A. HEDGPETH*
### *CORRECTIONAL ADMINISTRATOR , HEALTH CARE*

DATE: 1/6/06

| | | | |
|---|---|---|---|
| ☐ WARDEN | ☒ APPEALS |
| ☐ CHIEF DEPUTY WARDEN | ☐ ERO |
| ☐ CA, BUSINESS SERVICES | ☐ RECORDS |
| ☐ CA, COMPLEX I | ☐ USE OF FORCE COORDINATOR |
| ☐ CA, OPERATIONS | ☐ FACILITY A CAPTAIN |
| ☐ CA, COMPLEX II | ☐ FACILITY B CAPTAIN |
| ☐ ADMINISTRATIVE ASSISTANT | ☐ FACILITY C CAPTAIN |
| | ☐ FACILITY D CAPTAIN |
| | ☐ CUSTODY CAPTAIN CENTRAL OPS |
| | ☐ CAPTAIN - HEALTH CARE |

☐ OTHER _____

==========================================================

☐ PLEASE HANDLE
☐ FOR YOUR INFORMATION
☐ FOR YOUR REVIEW AND SIGNATURE
☐ AFTER YOUR REVIEW, PLEASE FORWARD TO _____

**DUE DATE:**_____

**Comments:** There is currently a request for investigation on this. It should be in ISU. The investigation is centered around the rules. Not staff. _____ RN

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: OCT 0 3 2006

In re:   Johnson, E-65821
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0602632          Local Log No.: SVSP 06-01795

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner B. Sullivan, Staff Services Manager I. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he is disabled and wheelchair bound. He says that when he was released from the Administrative Segregation Unit at Salinas Valley State Prison (SVSP), he was removed from his wheelchair accessible cell and no one tried to find him appropriate housing. He says he was placed in a non-compatible non-wheelchair cell. His back is hurting and he cannot move around very good. The appellant requests that staff put him in a cell to meet his medical needs. He also asks to be moved immediately or transferred back to his previous cell until one is available. Finally, the appellant asks to have the seat of his wheelchair repaired or replaced.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant is deemed an intermittent wheelchair user (DPO) where he requires a lower bunk and a wheelchair accessible path of travel, but does not require a wheelchair accessible cell pursuant to the Armstrong Remedial Plan (ARP). There is no reason for the appellant to require an Americans with Disabilities Act cell. The appellant was ducated during the week of July 10, 2006, and the repairs of his wheelchair were addressed. Dr. Bowman at the Second Level of Review (SLR) determined that while the appellant states that he has low back pain and left knee pain, he is able to stand and transfer and probably walk. Though the appellant uses a wheelchair, his level of disability does not warrant Fulltime Wheelchair User (DPW) status. This decision was discussed at length with the appellant. The appellant is appropriately housed at Salinas Valley State Prison (SVSP) in a non-wheelchair cell based upon his Disability Placement Program designation. The appeal is denied at the SLR.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.  FINDINGS:** The appellant is deemed DPO and does not require that a wheelchair be in his cell. He has access to a wheelchair when he leaves his cell pursuant to his ARP designation. On October 2, 2006, the examiner spoke to S. May, Medical Appeals Analyst, at SVSP. Mr. May provided the examiner with a copy of the appellant's most current CDC Form 1845, Inmate/Parolee Disability Verification Form. The appellant has been designated as DPO since July 20, 2005. The Department shall only provide medical services for inmates, which are based on medical necessity and supported by outcome data as effective medical care. Only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall be permitted, within the scope of their licensure, to diagnose illness or prescribe medication and health care treatment for inmates. No other personnel or inmates may do so. After considering the evidence and arguments herein, it has been determined that staff acted appropriately on the appellant's request.

**B.  BASIS FOR THE DECISION:**
ARP: ARPI, ARPII.A, ARPII.F
California Code of Regulations, Title 15, Section: 3085, 3350, 3354, 3377.1

**C.  ORDER:** No changes or modifications are required by the institution.

JOHNSON, E-65821
CASE NO. 0602632
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Health Care Manager, SVSP
       Appeals Coordinator, SVSP
       Medical Appeals Analyst, SVSP

*143*

EMERGENCY

PER 3084.7.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR**
**ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: Reasonable Accommodation |
|---|---|---|
| SVSP    C    06 | 01795 | 18. ADA |

DPP Code = DPO

CIE ~~_____~~ for verification

**NOTE: THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES**

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered CAZ*
*under the Americans With Disabilities Act.*   ADA housing

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| MR. CHRISTOPHER JOHNSON | E65821 | N/A | | C8-124L |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

### MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

I AM DISABLE, WHEELCHAIR BOUND.

BRANCH APPEALS    SEP -5 2006    RECEIVED

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

COMPREHENSIVE ACCOMMODATIONS CHRONO

RODS IN FEMUR, BAD KNEE, ANKLE, GUN SHOT WOUND TO HIP AND BAD LOW/MID BACK INJURY.
(SEE ATTACHMENT)

DESCRIBE THE PROBLEM:

ON 9/15/06, I WAS RELEASED FROM AD-SEG, REMOVED FROM MY WHEELCHAIR ACCESSABLE CELL. NO ONE TRIED TO FIND ME APPROPRI-ATE HOUSING. PUT ME IN A NON COMPATIBLE, NON WHEELCHAIR CELL. MY BACK IS HURTING - I CAN'T MOVE AROUND VERY GOOD & THE TOILET IS TOO LOW TO THE GROUND - THERE ARE NO GUARD RAILS. (BAD LOW BACK)

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

1) I AM REQUESTING THAT STAFF PUT ME IN A CELL CONDUCIVE TO MY MEDICAL NEEDS (MY CHRONO STATES PERMANENT)

2) TO BE MOVED IMMEDIATELY OR TRANSFERRED BACK TO MY PREVIOUS CELL TIL ONE IS AVAILABLE. I AM INCONVENIENCED OR MEDICAL FACILITY TREMENDOUSLY

| INMATE/PAROLEE'S SIGNATURE | DATE SIGNED |
|---|---|
| C. Christopher Johnson | 9/15/06 |

RECEIVED JUN 1 9 2006

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. _____ | 1. _____ | ADA |
| 2. _____ | 2. _____ | CTC - 2nd |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MR. CHRISTOPHER JOHNSON | E65824 | N/A | C8 - 101 |

A. Describe Problem: DUE TO THE EXTENT OF THIS PATIENTS MOBILITY IMPAIRMENTS I AM UNABLE TO PROPERLY FUNCTION WITHIN A NON-ADA CELL WITHOUT FALLING AROUND THE NON-ADA CELL I AM PRESENTLY ASSIGNED TO. THUS FAR, I HAVE LOST MY GOLD TOOTH; MY BACK IS GIVEN EXTRA STRAIN ATTEMPTING TO USE/TRANSFER FROM THE WHEELCHAIR TO THE TOILET, IT IS VERY DIFFICULT FOR ME WITHOUT BEING ABLE TO GRAB THE BARS. IN ADDITION, IN AN ADA CELL - THE TOILET & SINK ARE 2 SEPERATE UNITS. THIS SINGLE UNIT CREATES DIFFICULTIES.

If you need more space, attach one additional sheet.                          REC'D JUL 28 2006

B. Action Requested: 1) THIS REQUEST UNDER 42 USC 12102, WITH A VERIFIED DISABILITY - REQUESTING TO BE PROPERLY HOUSED IN AN ADA CERTIFIED CELL. 2) OR TRANSFER TO A MEDICAL FACILITY CALIFORNIA MEDICAL FACILITY.

Inmate/Parolee Signature: _Mr. Christopher Johnson_          Date Submitted: 7/25/06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

_____

145

State of California                                                                                    California Department of Corrections and Rehabilitation

# A P P E A L - F I R S T  L E V E L  R E V I E W
## S A L I N A S  V A L L E Y  S T A T E  P R I S O N

**DATE:**    July 7, 2006

**NAME:**    Johnson    **CDC #** E65821

**APPEAL #:**    FIRST LEVEL APPEAL LOG #SVSP-C-06-01795

**SUMMARY OF APPEAL:**    The appellant claims that he has a current chrono for reasonable accommodation for a Wheelchair (ADA) Cell

The appellant is requesting on appeal that he is moved to an ADA/DPW cell or be transferred to another facility to accommodate his medical needs. The appellant also requested to have his wheelchair either repaired or replaced due to some damage to the seat.

**SUMMARY OF INVESTIGATION:**    The appellant was interviewed on July 7, 2006    by Correctional Sergeant E. Jones and stated the only thing that he needed to add was that he also requested to repair or replace his current wheelchair since there is tearing in the seat.

While reviewing the attached Comprehensive Accommodation Chrono (CDC 7410), it noted that all accommodations are for 6 months only. It is to be noted that this chrono expired 1/20/06. While speaking with RN Williams, he stated that currently there is no reason for the appellant to require an ADA / Wheelchair cell. The appellant is currently listed as a DPO inmate which would not require him to be housed in a wheelchair cell unless he has a current CDC 7410 for reasonable accommodations.

**APPEAL RESPONSE:**    Denied, the appellant's Chrono is expired at the time of the appeal. Due to the appellant being classified as a 180 design inmate, the only housing available for him would be on Facility C. There is currently no available ADA/DPW cells available at the time of this appeal. The appellant will be scheduled to be ducated during the week of July 10, 2006 to address the repairs of his wheelchair.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

E. Jones,
Correctional Sergeant
Salinas Valley State Prison

G. Ponder
Facility Captain

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date: August 10, 2006

To:     Inmate Johnson, E65821
        Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-C-06-1795

**ISSUE**:
The appellant states that he is a disabled wheelchair bound inmate.  On 9-15-06 he was released from Ad/Seg, and removed from his wheelchair accessible cell. He states that no on tried to find him appropriate housing.  He states that he was put in a non-compatible, non-wheelchair cell.  He complains that his back is hurting, he cannot move around very good if the toilet is too low to the ground, as there is no guard rails, due to his bad low back.

The appellant is requesting on appeal that staff put him in a cell conducive to his medical needs.   The appellant is requesting to be moved immediately or transferred back to his previous cell until one is available, or an institutional transfer.

**INTERVIEWED BY**:  Correctional Sergeant E. Jones on July 7, 2006.

**REGULATIONS**:  The rules governing this issue are:

**California Code of Regulations, Title 15 Section:**
3350   Provision of Medical Care and Definition
3350.1 Medical Treatment/Service Exclusions
3354.1 Health Care Responsibilities and Limitations

**SUMMARY OF INVESTIGATION**:

The First Level of Review (FLR) was completed on July 7, 2006.  R. Bowman, MD was assigned to investigate this appeal at the Second Level of Review.  All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

A secondary interview process was conducted with the appellant on August 10, 2006 by Dr. R. Bowman.  The physician reviewed the appellant's unit health record and considered the appeal request.

Inmate Johnson, E65821
Log No.: SVSP-C-06-1795
Page 2

The appellant requested that his disability designation (**CDCR-1845 DISABILITY PLACEMENT PROGRAM VERIFICATION**) of **INTERMITTENT WHEELCHAIR USER- DPO (does not require a wheelchair accessible cell) be changed to FULLTIME WHEELCHAIR USER-DPW, (requires a wheelchair accessible housing and path of travel**).  Though the appellant has low back pain and left knee pain, he is able to stand and transfer and probably walk.  Though the appellant uses a wheelchair, his level of disability does not warrant DPW status (accommodation ADA cell).  The basis of this determination was discussed at length with the appellant.  Arrangements will be made for him to have a lumbar MRI and an evaluation of his knee in the Orthopedic Clinic. The **HEALTH CARE SERVICES PHYSICIAN REQUEST FOR SERVICES** has been completed and submitted.

The appellant is advised that based on his medical condition he is placed in an appropriate designated **DPP (DISABILITY PLACEMENT PROGRAM)** institution. Therefore, the appellant's request for a transfer cannot be recommended as there is no medical basis which indicates that this should take place.  The appellant's cell placement is appropriate based on the current CDCR-1845 designation. The request for an ADA cell is denied.


<u>DECISION</u>:  The appeal is **Denied.**

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.


CHARLES DUDLEY LEE, MD
Health Care Manager
Salinas Valley State Prison

STATE OF CALIFORNIA

144

DEPARTMENT OF CORRECTIONS

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | | | |
|---|---|---|---|---|
| None | | Bottom Bunk | P / T | 6 mo |
| Barrier Free/Wheelchair Access | P / T 6 mo | Single Cell (See 128-C date: _____ ) | P / T | |
| Ground Floor Cell | P / T 6 mo | Permanent OHU / CTC (circle one) | P / T | |
| Continuous Powered Generator | P / T | Other | P / T | |

### B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) _____ | P / T 6 mo |
| Limb Prosthesis | P / T | Contact Lens(es) & Supplies | P / T |
| Brace | P / T | Hearing Aid | P / T |
| Crutches | P / T | Special Garment: | |
| Cane: (type) _____ | P / T | (specify) _____ | P / T |
| Walker | P / T | Rx. Glasses: _____ | P / T |
| Dressing/Catheter/Colostomy Supplies | P / T | Cotton Bedding | P / T |
| Shoe: (specify) _____ | P / T | Extra Mattress | P / T |
| Dialysis Peritoneal | P / T | Other _____ | P / T |

### C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P / T |
| Attendant to assist with meal access and other movement inside the institution. | P / T | Communication Assistance | P / T |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P / T |
| | | Short Beard | P / T |
| Wheelchair Accessible Table | P / T | Other | P / T |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☒ Yes  ☐ No

If yes, specify: _Low Back Pain_ —

| INSTITUTION SVSP | COMPLETED BY (PRINT NAME) ROBERT BOWMAN | TITLE |
|---|---|---|
| SIGNATURE *Robert Bowman* | DATE 7/30/05 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE 8/3/05 | JOHNSON, CHRISTOPHER |
| (CIRCLE ONE) APPROVED / DENIED | | E 65821 |
| | | 11/30/30 |
| | | 03111 |

COMPREHENSIVE ACCOMMODATION
CHRONO

CDC 7410 (03/04)

Distribution:
Original - Unit Health Record    Canary - Central File    Pink - Correctional Counselor    Gold - Inmate

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# HEALTH CARE SERVICES
## PHYSICIAN REQUEST FOR SERVICES

(To be completed by requesting Physician and forwarded to Utilization Management Unit)

| PATIENT NAME  Johnson, Christopher | CDC NUMBER  E65821 | INSTITUTION  SVSP |
|---|---|---|

| DATE OF BIRTH  11 / 30 / 70 | EPRD DATE  LIFE | | GENDER |
|---|---|---|---|

| PRINCIPLE DIAGNOSIS  (1) knee pain | ICD - 9 CODE | CPT CODE(S) |
|---|---|---|

| REQUESTED SERVICE(S)  evaluat. (1) knee | | # OF DAYS RECOMMENDED |
|---|---|---|

*Please circle all that apply:* Diagnostic Procedure/Consultation    Outpatient/Inpatient    Initial/Follow-up

Requested Treatment/Service is:    **EMERGENT**    **URGENT**    **ROUTINE**

*For the purpose of retrospective review,* if emergent or urgent, please justify: _____

Proposed Provider:  Dr Pomonon    Anticipated Length of Stay: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity *(briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant):*  Has 15 apod in fames.
_____
_____

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc.): _____

| REQUESTING PHYSICIAN PRINTED NAME  Bowman | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE |
|---|---|---|

| REQUESTING PHYSICIAN SIGNATURE  Robert Bowman | DATE  8/10/06 | Utilization management tracking #: |
|---|---|---|

| DATE OF CONSULTATION | PRINTED NAME OF CONSULTANT |
|---|---|

FINDINGS: _____
_____
_____
_____

RECOMMENDATIONS: _____
_____
_____

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: _____

| CONSULTANT SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| ETA RN SIGNATURE | DATE | E65821 |
| PCP SIGNATURE | DATE | Johnson, Christopher |

**Attach Progress Note page for additional information.**
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN    - TO UHR PENDING ORIGINAL
CANARY   - CONSULTANT
PINK     - UM
GOLD     - SPECIALTY SCHEDULER

DOB 11-30-70

03/05/2008  16:44    8628    SVSP RECORDS DEPT.    PAGE  02/02

STATE OF CALIFOR.
**DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)**
CDC 1845 (Rev. 01/04)    CHECK ALL AP...

THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM |
|---|---|---|---|---|
| JOHNSON, CHRISTOPHER | E 65821 | SVSP | D3 111 | 7/22 |

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| ☐ Inmate self-identifies to staff    ☐ Third party evaluation request | ☐ Blind/Vision Impaired    ☐ Speech Impaired |
| ☐ Observation by staff    ☒ Medical documentation or Central File information | ☐ Deaf/Hearing Impaired    ☒ Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES NOT IMPACTING PL... |
|---|---|
| 1. ☐ FULL TIME WHEELCHAIR USER - DPW<br>Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. ☒ INTERMITTENT WHEELCHAIR USER - DPO<br>Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. ☐ MOBILITY IMPAIRMENT - With or Without Assistive Device<br>(Wheelchairs shall not be allowed) - DPM<br>Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause).<br>Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. ☐ MOBILITY IMPAIRMENT (Lower Extremities) - DNM<br>Walks 100 yards without pause with or without assistive devices.<br>☐ No Housing Restrictions    ☐ See HOUSING RESTRICTIO... in Section E<br>☐ Requires relatively level terrain and no obstructions in path of trav...<br>Do not place at: CCI, CMC-E, CRC, CTF-C, FSP, SCC I or II, SOL, or SQ. (CDC 128-C: _____ ) |
| 4. ☐ DEAF/HEARING IMPAIRMENT - DPH<br>Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. ☐ HEARING IMPAIRMENT - DNH<br>With residual hearing at a functional level with hearing aid(s). |
| 5. ☐ BLIND/VISION IMPAIRMENT - DPV<br>Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. ☐ SPEECH IMPAIRMENT - DPS<br>Does not communicate effectively speaking or in writing. | 6. ☐ SPEECH IMPAIRMENT - DNS<br>Does not communicate effectively speaking, but does when writing... |

**SECTION E: ADDITIONAL MEDICAL INFORMATION**

**CSR ALERT:**
☒ Requires relatively level terrain and no obstructions in path of travel
☐ Complex medical needs affecting placement    ☐ CDC 128-C 7/20/05

**ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:**
☐ Feeding or Eating    ☐ Bathing    ☐ Grooming    ☐ W/C transferring
☐ Toileting    ☐ Other: _____    ☐ CDC 128-C(s) dated: _____

**HEALTH CARE APPLIANCE / IDENTIFICATION VEST:**
☐ Cane    ☐ Crutch    ☐ Walker    ☐ Leg/Arm prosthesis    ☐ V...
☒ Other: LOWER & HMR    ☐ CDC 128-C(s) dated: 7/2...

**OTHER DPP DESIGNATIONS:**
☐ NONE

| CODE | DATED | CODE | DATED |
|---|---|---|---|

**HOUSING RESTRICTIONS:** ☒ Lower bunk  ☒ No stairs  ☒ No triple bunk. CDC 128-C(s) dated: **7/20/05**

**SECTION F: EXCLUSIONS**

☐ VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT *claimed* disability.
(Explain in Comments Section and CDC 128-C dated _____ ).

☐ REMOVAL FROM A DPP CODE: Removal from previous DPP code: _____ . (Explain in Comments Section and CDC 128-C dated: _____ .)

☐ REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): _____ . (Explain in Comments Section and CDC 128-C dated: _____ .)

**SECTION G: EFFECTIVE COMMUNICATION FACTORS**

☐ Uses Sign Language Interpreter (SLI)    ☐ Reads Braille    ☐ Communicates with written notes    ☐ Requires large print or magnifier
☐ Reads lips    ☐ NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

NEEDS WHEELCHAIR BECAUSE OF LOW BACK PAIN

| PHYSICIAN'S NAME (Print) | PHYSICIAN'S SIGNATURE | DATE SIGNED |
|---|---|---|
| ROBERT BOWMAN | *[signature]* | 7/22/05 |
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print) | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE | DATE SIGNED |
| | *[signature]* | 8/1/05 |

**NOTE:** After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional m... and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

DISTRIBUTION: Original - Top General Chrono Section of C-File;    Green - Chrono Section, Unit Health Record;    Canary - C&PR/RC-III;    Pink-CC-I;    Gold-Inmate

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | | | |
|---|---|---|---|---|
| None | | Bottom Bunk | (P)/T | |
| Barrier Free/Wheelchair Access | P/T _____ | Single Cell (See 128-C date: _____ ) | P/T _____ |
| Ground Floor Cell | (P)/T _____ | Permanent OHU / CTC (circle one) | P/T _____ |
| Continuous Powered Generator | P/T _____ | Other _____ | P/T _____ |

### B. MEDICAL EQUIPMENT/SUPPLIES

| | | | | |
|---|---|---|---|---|
| None | | Wheelchair: (type) _____ | (P)/T _____ |
| Limb Prosthesis | P/T _____ | Contact Lens(es) & Supplies | P/T _____ |
| Brace | P/T _____ | Hearing Aid | P/T _____ |
| Crutches | P/T _____ | Special Garment: | |
| Cane: (type) _____ | P/T _____ | (specify) _____ | P/T _____ |
| Walker | P/T _____ | Rx. Glasses: _____ | P/T _____ |
| Dressing/Catheter/Colostomy Supplies | P/T _____ | Cotton Bedding _____ | P/T _____ |
| Shoe: (specify) _____ | P/T _____ | Extra Mattress NEW MATTRESS | (P)/T NEED |
| Dialysis Peritoneal | P/T _____ | Other _____ | P/T _____ |

### C. OTHER

| | | | | |
|---|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P/T ___/___ |
| Attendant to assist with meal access and other movement inside the institution. | P/T ___/___ | Communication Assistance | P/T ___/___ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P/T ___/___ |
| | | Short Beard | P/T ___/___ |
| Wheelchair Accessible Table | P/T ___/___ | Other _____ | P/T ___/___ |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments? ☒ Yes ☐ No

If yes, specify: _____

| INSTITUTION SVSP | COMPLETED BY (PRINT NAME) BOWMAN | TITLE MD |
|---|---|---|
| SIGNATURE _____ | DATE 9/10/07 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE _____ | DATE 9/11/07 | _____ |
| (CIRCLE ONE) APPROVED / DENIED | | JOHNSON E 65821 |

COMPREHENSIVE ACCOMMODATION CHRONO

CDC 7410 (03/04)

CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

## HEALTH CARE SERVICES
## PHYSICIAN REQUEST FOR SERVICES
(To be completed by requesting Physician and forwarded to Utilization Management Unit)

| PATIENT NAME Johnson, Christopher | CDC NUMBER E65821 | INSTITUTION SVSP |
|---|---|---|
| DATE OF BIRTH 11 30 70 | EPRD DATE LIFE | GENDER |

| PRINCIPLE DIAGNOSIS Low back pain | ICD - 9 CODE | CPT CODE(S) |
|---|---|---|
| REQUESTED SERVICE(S) MRI – lumbar | | # OF DAYS RECOMMENDED |

*Please circle all that apply:* (Diagnostic Procedure)/Consultation          (Outpatient)/Inpatient          (Initial)/Follow-up

Requested Treatment/Service is:     **EMERGENT**     (**URGENT**)     **ROUTINE**

*For the purpose of retrospective review*, if emergent or urgent, please justify: _____

Proposed Provider: MRI – SVSP.          Anticipated Length of Stay: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity *(briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant):* Low back pain aggravated by fall July 06.

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc.): _____

| REQUESTING PHYSICIAN PRINTED NAME BOWRAM | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE |
|---|---|---|
| REQUESTING PHYSICIAN SIGNATURE Robert Bowman MD | DATE 8/10/06     Utilization management tracking #: | |
| DATE OF CONSULTATION | PRINTED NAME OF CONSULTANT | |

FINDINGS: _____

_____

_____

RECOMMENDATIONS: _____

_____

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: _____

| CONSULTANT SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| TA RN SIGNATURE | DATE | E65821 |
| SP SIGNATURE | DATE | Johnson, Christopher |

**Attach Progress Note page for additional information.**
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

DOB: 11-30-70

DISTRIBUTION:
ORIGINAL  - FILE IN UHR
GREEN     - TO UHR PENDING ORIGINAL
CANARY    - CONSULTANT
PINK      - UM
GOLD      - SPECIALTY SCHEDULER

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region        Log No.                    Category
1. _2VSP C_                        1. _06-02521_            _11 2nd_
2. _____                 2. _____        _CAII - # 245_

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.          _modified program_

NAME _MR. CHRISTOPHER JOHNSON_  NUMBER _E65821_  ASSIGNMENT _N/A_  UNIT/ROOM NUMBER _C8-101_

A. Describe Problem: _I AM BEING ARBITRARILY BEING DISCRIMINATED AGAINST BY WAY OF DENIAL OF ACCESS TO YARD, CANTEEN, & OTHER PROGRAMS/SERVICES AFFORDED TO GENERAL POPULATION INMATES. THEREFORE, I AM ILLEGALLY CONFINED TO QUARTERS WITHOUT DISCIPLINARY IN A WHEEL CHAIR IN A NON ADA CELL. THIS IS IN DIRECT VIOLATION OF THE EQUAL PROTECTION CLAUSE AND IT IS UNFAIR & PARTIAL THAT I'M MADE TO WHERE_

If you need more space, attach one additional sheet.  _RESTRAINTS EVERYWHERE I GO._

B. Action Requested: _1) TO HAVE ACCESS TO YARD, CANTEEN, OR ANY OTHER RIGHTS AND PRIVILEDGES AFFORDED OTHER INMATES 2) NOT TO BE PLACED IN MECHANICAL RESTRAINTS EVERY WHERE THAT I GO._

REC'D AUG 03 2006

Inmate/Parolee Signature: _Mr. Christopher Johnson_  Date Submitted: _8/2/06_

REC'D AUG 11 2006

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _Denied. Facility C is currently on a modified program. Your Central file has been reviewed by Facility C counselor. AND Do to its contents you've been rated as High. You will be incrementally released to Yard with other inmates of the same rating with those of lower ratings being_ RET'D AUG 16 2006 _yo will be seen by UCC for Appropriate housing needs_

Staff Signature: _____  Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_Dissatisfied: I am not being afforded the same rights as other inmates. This is discrimination to be DENIED YARD, CANTEEN, PHONE, RELIGIOUS SERVICES, VISITS, MAIL & OTHER Programs afforded to other inmates is illegal!_

Signature: _Mr. Christopher Johnson_    Date Submitted: _8/16/06_

REC'D AUG 17 2006

Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

| INSTITUTION | EFFECTIVE DATE OF PLAN | PRECIPITATING INCIDENT LOG NUMBER |
|---|---|---|
| SALINAS VALLEY STATE PRISON | 8/14/06 | SVP-FC2-06-08-0482 |

| | | | |
|---|---|---|---|
| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☐ STATE OF EMERGENCY |

| | | |
|---|---|---|
| ☐ INITIAL | ☒ UPDATE | ☐ CLOSURE |

**RELATED INFORMATION (CHECK ALL THAT APPLY)**

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION | ☐ ALL | ☒ BATTERY |
| ☒ FACILITY:  C | ☒ BLACK | ☐ DEATH |
| ☐ HOUSING UNIT: | ☒ WHITE | ☒ RIOT / DISTURBANCE |
| ☐ VOCATION: | ☒ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: | ☒ OTHER Gym inmates | ☒ OTHER: Weapons |
| ☒ OTHER: Gym | ☐ | |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☒ NORMAL Captains approved for program list | ☐ CRITICAL WORKERS ONLY | ☐ NORMAL |
| ☐ ESCORT ALL MOVEMENT IN RESTRAINTS | ☒ CULINARY | ☒ NO DAYROOM ACTIVITIES |
| ☒ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☒ CLERKS | ☐ MODIFIED: |
| ☐ CONTROLLED MOVEMENT | ☐ VOCATION/EDUCATION | |
| ☒ OTHER: Modified program inmates:  Separately. Bulldogs escorted separately. Metal detector prior to escort | ☒ CANTEEN | **RECREATION** |
| | ☒ CLOTHING ROOM | ☒ NORMAL Captains approved for program list |
| **FEEDING** | ☐ RESTRICTED WORK PROGRAM | ☒ NO RECREATIONAL ACTIVITIES |
| ☐ NORMAL | ☒ PORTERS approved for release | ☒ MODIFIED: |
| ☒ CELL FEEDING | ☐ INMATE WORKERS | |
| ☐ CONTROLLED FEEDING IN DINING ROOM | **SHOWERS** | **CANTEEN** |
| ☐ HOUSING UNIT/DORM AT A TIME | ☒ NORMAL inmates released for program | ☒ NORMAL   Captains approved for program list |
| ☐ DORM POD AT A TIME | ☒ ESCORTED | ☐ NO CANTEEN |
| ☐ TIER AT A TIME | ☒ ONE INMATE PER SHOWER HEAD | ☒ MODIFIED:  Hygiene draw only $35.00 max |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ CELL PARTNERS TOGETHER | for all modified program inmates |
| ☐ SACK MEAL BREAKFAST | ☒ DORM SHOWERING BY GROUP | **PACKAGES** |
| ☒ SACK MEAL LUNCH | ☐ CRITICAL WORKERS ONLY | ☒ NORMAL |
| ☐ SACK MEAL DINNER | ☐ NO SHOWERS | ☐ NO PACKAGES: |
| **DUCATS** | **MEDICAL** | ☐ MODIFIED: |
| ☐ ALL DUCATS HONORED | ☐ NORMAL MEDICAL PROGRAM | |
| ☐ MEDICAL DUCATS ONLY | ☒ PRIORITY DUCATS ONLY | **PHONE CALLS** |
| ☐ CLASSIFICATION DUCATS | ☒ MTA CONDUCT ROUNDS IN UNITS | ☒ NORMAL Captains approved for program list |
| ☒ PRIORITY DUCATS ONLY | ☒ INMATES ESCORTED TO SICK CALL | ☒ NO PHONE CALLS I/Ms on modified program |
| **VISITING** | ☐ EMERGENCY MEDICAL ONLY | ☒ MODIFIED: |
| ☒ NORMAL VISITING | ☒ OTHER: Northern/White/Bulldog on Rotation Daily | |
| ☒ NON-CONTACT ONLY  Inmates that refused/failed the interview process identifying themselves as unknown as potential threat(s) to the institution, staff or inmates. | | **RELIGIOUS SERVICES** |
| ☐ NO VISITING | **LEGAL LIBRARY** | ☒ NORMAL Captains approved for program list |
| ☒ OTHER: All inmates on modified program in | ☐ NORMAL | ☐ NO RELIGIOUS SERVICES |
| Restraints to and from visiting. | ☒ APPROVED COURT DEADLINES:  PLU progressing to GLU | ☒ MODIFIED: In Cell Worship |

**REMARKS:** The administrative review of SVP_FC2-06-08-0482 is complete. The White and Southern Hispanic population will return to the program in place prior to 8-4-06. The Gym will also return to normal program. Incremental releases will continue at Captain's discretion. Bulldog inmates will remain on modified program pending further administrative review. All inmates on modified program will remain in restraints during escorts. Unclothed body searches and metal detectors will be used prior to escort of all inmates. Workers will be per Captain's approval.

| PREPARED BY: | DATE | NAME / SIGNATURE (WARDEN) | DATE: |
|---|---|---|---|
| G. PONDER, FACILITY CAPTAIN | 8/14/06 | M. S. EVANS, WARDEN | 8/14/06 |

State of California                                Department of Corrections and Rehabilitation

# Memorandum

Date:  September 24, 2006

To:    Inmate Johnson, E65821
       Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-C-06-02521

### ISSUE:

Appellant states that he is being arbitrarily discriminated against by way of denial of access to yard, canteen, and other programs and services afforded to general population Inmates. Therefore confined to quarters without disciplinary. The appellant also claims that he is in a wheelchair in a Non/ADA cell, and is made to wear restraints everywhere he goes.

The appellant is requesting that he have access to yard, canteen, or any other rights and privileges afforded other inmates. The appellant is also requesting to not be placed in mechanical restraints everywhere he goes.

### REGULATIONS:  The rules governing this issue are:

> PC 5054 Control of penal institutions and inmates
> CCR 3005 (b) Conduct
> DOM 55015 Unlock Protocol Guidelines CONFIDENTIAL

### SUMMARY OF INVESTIGATION:

The First Level of Review was bypassed per CCR 3084.5(b). J. Celaya, Correctional Lieutenant, was assigned to investigate this appeal at the Second Level of Review. The appellant was interviewed by C Facility staff concerning this appeal.

All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

In accordance with the California Penal Code §5054 Control of penal institutions and inmates; the supervision, management and control of the state prisons is vested with the Director. Through the Policies and Regulation Branch, the Director for the California Department of Corrections and Rehabilitation has established the unlock protocol process as a meaningful and necessary means of assessing incidents of this magnitude. Those departmental regulations are outlined in Confidential Department Operations Manual (DOM) §55015 Unlock Protocol Guidelines.

Inmate Johnson, E65821
Case No. SVSP-C-06-02521
Page 2

DOM §55015 is confidential, therefore I cannot discuss with the appellant the specifics of the regulation. But the intent of the protocols is to ensure the safety and security of the institution.

Procedures such as the interview process and incremental releases as well as other tools are policies put in place to assist the managers in maintaining, to the best of our ability, all of our safety.

Since that date, as information has been received, management has acted in a responsible fashion to attempt to return Facility C to normal program. However, information through interviews, family members, mail, and anonymous notes, and violent acts (committed and attempted) that have occurred on Facility C since the original incident have precluded the management from being allowed to safely return the entire facility to normal program.

Additionally, we have initiated an anger management educational component of the unlock process and will be implementing elements additional measures to ensure the safest environment for all staff and inmates.

A review process is currently being utilized to determine which inmates can program with a high probability of non-violence. Those inmates who have been deemed able to program will be released with a secession of reviews continuing with the remaining inmates. Those inmates who are designated as either level III or 270 designed have been released based on the above review process. Inmates who have been designated as 180 designed have also been released. The appellant will also be reviewed as to his probability to program and will be released accordingly

In conclusion, it is management's responsibility to create and maintain as safe an environment for the staff and inmates as humanly possible. My managers and I take this responsibility very seriously. Safety is our number one priority above all else.

**DECISION**: The appeal is Denied. The appellant is not a DPW Inmate and therefore has not been designated to be in an ADA cell. (See attached DPP Listing The appellant is currently on a modified program and is required to be in restraints when he is moved between locations. See attached Plan of Ops.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

A. HEDGPETH
Chief Deputy Warden
Salinas Valley State Prison

*Education*

STATE OF CALIFORNIA                                   DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region  SVSP D   Log No. 1. 06-02043  Category 10

2. _____   2. _____   CAI - PLU 2nd

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

*hours : Access*                                              *wants PLU*

NAME  MR. CHRISTOPHER JOHNSON E65821   NUMBER   ASSIGNMENT N/A   C8-101   UNIT/ROOM NUMBER D8-111

A. Describe Problem: I HAVE SUBMITTED NUMEROUS REQUEST TO OBTAIN LAW LIBRARY ACCESS - P.L.U. ACCESS/STATUS. I HAVE MAILED IN COPIES OF MY VARIFICATION OF LEGAL DEADLINE AND ONLY OBTAIN 1 LIBRARY VISIT. CASE # C-06-2720 IS PENDING IN FEDERAL COURT; CASE # HC-05257 IS OVERDUE PENDING IN MONTEREY Co. SUPERIOR CT. I ALSO, NEED TO FILE HABEAS CORPUS MATTERS IN THE SUPREME CT. AND FEDERAL HABEAS CORPUS MATTERS REGARDING CONSTITUTIONAL ISSUES THAT NEED TO BE HEARD AND RESOLVED - WHICH AUTOMATICALLY GIVES ME

If you need more space, attach one additional sheet.    PLU - STATUS    REC'D JUN 1 2 2006

B. Action Requested: 1) TO BE DUCATED ATLEAST (1) ONCE PER WEEK FOR LEGAL LAW LIBRARY ACCESS - PLU 2) TO BE ALLOWED ACCESS TO RESEARCH, PHOTO COPY & MAINTAIN THE ABOVE MENTIONED CASES. 3) TO NOT BE DENIED ACCESS TO THE COURT.

Inmate/Parolee Signature: Mr. Christopher Johnson   Date Submitted: 6/9/06

C. INFORMAL LEVEL (Date Received: 6/20/06 )                    RECEIVED JUN 2 2 2006

Staff Response: Partially Granted. Ad Seg PLU log was checked to verify above PLU status claimed by Johnson, D8-711 E65821. Records checked back to Jan 2006 Johnson has not been PLU. However, if he is currently having a 30 day court deadline & is representing himself per OP 21, 21.9.10, PLU status will be granted. LTA McDonald has not rec'd any court documents for verification. Please forward for PLU status.   DELIVERED JUN 2 2 2006

Staff Signature: S. McDonald, LTA    Date Returned to Inmate: 6/20/06

D. FORMAL LEVEL                                              REC'D JUL 0 6 2006
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

DISSATISFIED: I OBTAINED 1 VISIT TO THE LIBRARY AND I'VE PREVIOUSLY FOWARDED THE DOCUMENTATON TO Ms McDONALD, WHICH SHE FOWARDED THEM BACK. I WAS SUPPOSED TO BE RESCHEDULE THIS WEEK UNDER P.L.U. I BELIEVE THAT REPRISALS FOR THE "CIVIL SUIT" IS THE REASON THAT I'M BEING DENIED LAW LIBRARY

Signature: Mr C. Johnson   Date Submitted: 7/5/06

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

PER 3122(a) WITH 2 cases pending and verification access should be granted. (CONTINUED)

7834

State of California                         Department of Corrections and Rehabilitation

# Memorandum

Date:    October 5, 2006

To:      Inmate Johnson, CDCR E65821
         Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-06-02043

> **ISSUE**:  Appellant stated that despite many requests he has been unable to
> obtain law library physical access or Priority Legal User (PLU) status.  Inmate
> Johnson requests weekly physical access to the law library and PLU status.

> **INTERVIEWED BY:** The First Level of Review (FLR) was completed on August
> 9, 2006 by M.G. Sindel, V. Principal (A). T. Melvin, Principal was assigned to
> investigate this appeal at the Second Level of Review. All submitted
> documentation and supporting arguments were considered.

> **REGULATIONS**:  The rules governing this issue are:

> 15 CCR 3122
> O.P.21, Section 21.9.7
> DOM 53060.16

> **SUMMARY OF INVESTIGATION**:

> A thorough examination has been conducted regarding the claim presented, and
> evaluated for this appeal in accordance with Salinas Valley State Prison (SVSP)
> Operational Procedures (OP); the California Code of Regulations (CCR); and the
> Departmental Operations Manual (DOM).

> During the time period specified in this inmate appeal, physical access to the
> Law Libraries at Salinas Valley State Prison was mainly limited to Priority Legal
> Users (P.L.U.)  This was the result of staff shortages and reoccurring lockdowns.
> Salinas Valley State Prison Operational Procedure 21, lists two criteria for P.L.U.
> stataus; 1.) An inmate must be representing himself in court and 2.) he must
> have a court deadline (requiring library access) within 30 days.  The letter from
> the Northern District Court  submitted by inmate Johnson to justify a legal
> deadline consisted of a request for a Certificate of Funds from Inmate Trusts and
> required no library research.   Inmate Johnson did not produce any other
> documentation allowing PLU status during June or early July.  During this period
> only paging access was available to general Library users.  Inmate Johnson was
> enrolled as a P.L.U. from July 25 to August 5, 2006.  He was ducated for law
> library on July 26th however had a conflicting appointment at the Correctional
> Treatment Facility.  He attended law library on August 1 and August 9.  On
> August 23 he was ducated to the law library however he was not included on the
> Custody incremental release list.  Johnson was next admitted to law library on

Inmate Johnson, C.
Case No. SVSP-C-06-02043
Page 2

September 13 and then again today, October 5. During the entire time period covered by this appeal he frequently requested and received paging services.

Salinas Valley Operational Procedure (OP) 21 states that all inmates are accommodated with the mandated access of 2 hours per week when the institution can reasonably provide this service. During the months of June, July, and August 2006 there were only 2 L.T.A.s available to operate 4 main line and 3 Administrative Segregation law libraries. This resulted in many law library services being provided through the SVSP paging service rather than through physical access. The SVSP library records do not indicate that Johnson requested any mandated material that was not supplied to him either by the means of physical access or through paging.

.**DECISION**:   The appeal is **Partially Granted**. Three additional library staff members have been hired and physical access schedules are currently being revised to provide increased physical access for both PLU and GLU inmates.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

A. HEDGPETH
Chief Deputy Warden
Salinas Valley State Prison

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

| INSTITUTION | EFFECTIVE DATE OF PLAN | PRECIPITATING INCIDENT LOG NUMBER |
|---|---|---|
| SALINAS VALLEY STATE PRISON | 8/14/06 | SVP-FC2-06-08-0482 |

| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☐ STATE OF EMERGENCY |
|---|---|---|---|

| ☐ INITIAL | ☒ UPDATE | ☐ CLOSURE |
|---|---|---|

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION | ☐ ALL | ☒ BATTERY |
| ☒ FACILITY:  C | ☒ BLACK | ☐ DEATH |
| ☐ HOUSING UNIT: | ☒ WHITE | ☒ RIOT / DISTURBANCE |
| ☐ VOCATION: | ☒ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: | ☒ OTHER Gym inmates | ☒ OTHER: Weapons |
| ☒ OTHER: Gym | ☐ | |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☒ NORMAL Captains approved for program list | ☐ CRITICAL WORKERS ONLY | ☐ NORMAL |
| ☐ ESCORT ALL MOVEMENT IN RESTRAINTS | ☒ CULINARY | ☒ NO DAYROOM ACTIVITIES |
| ☒ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☒ CLERKS | ☐ MODIFIED: |
| ☐ CONTROLLED MOVEMENT | ☐ VOCATION/EDUCATION | |
| ☒ OTHER: Modified program inmates:   Separately. Bulldogs escorted separately. Metal detector prior to escort | ☒ CANTEEN | **RECREATION** |
| | ☒ CLOTHING ROOM | ☒ NORMAL Captains approved for program list |
| **FEEDING** | ☐ RESTRICTED WORK PROGRAM | ☒ NO RECREATIONAL ACTIVITIES |
| ☐ NORMAL | ☒ PORTERS approved for release | ☒ MODIFIED: |
| ☒ CELL FEEDING | ☐ INMATE WORKERS | |
| ☐ CONTROLLED FEEDING IN DINING ROOM | **SHOWERS** | **CANTEEN** |
| ☐ HOUSING UNIT/DORM AT A TIME | ☒ NORMAL inmates released for program | ☒ NORMAL   Captains approved for program list |
| ☐ DORM POD AT A TIME | ☒ ESCORTED | ☐ NO CANTEEN |
| ☐ TIER AT A TIME | ☒ ONE INMATE PER SHOWER HEAD | ☒ MODIFIED:  Hygiene draw only $35.00 max |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ CELL PARTNERS TOGETHER | for all modified program inmates |
| ☐ SACK MEAL BREAKFAST | ☒ DORM SHOWERING BY GROUP | **PACKAGES** |
| ☒ SACK MEAL LUNCH | ☐ CRITICAL WORKERS ONLY | ☒ NORMAL |
| ☐ SACK MEAL DINNER | ☐ NO SHOWERS | ☐ NO PACKAGES: |
| **DUCATS** | **MEDICAL** | ☐ MODIFIED: |
| ☐ ALL DUCATS HONORED | ☐ NORMAL MEDICAL PROGRAM | |
| ☐ MEDICAL DUCATS ONLY | ☒ PRIORITY DUCATS ONLY | **PHONE CALLS** |
| ☐ CLASSIFICATION DUCATS | ☒ MTA CONDUCT ROUNDS IN UNITS | ☒ NORMAL Captains approved for program list |
| ☒ PRIORITY DUCATS ONLY | ☒ INMATES ESCORTED TO SICK CALL | ☒ NO PHONE CALLS I/Ms on modified program |
| **VISITING** | ☐ EMERGENCY MEDICAL ONLY | ☒ MODIFIED: |
| ☒ NORMAL VISITING | ☒ OTHER: Northern/White/Bulldog on Rotation Daily | |
| ☒ NON-CONTACT ONLY  Inmates that refused/failed the interview process identifying themselves as unknown as potential threat(s) to the institution, staff or inmates. | | **RELIGIOUS SERVICES** |
| ☐ NO VISITING | **LEGAL LIBRARY** | ☒ NORMAL Captains approved for program list |
| ☒ OTHER: All inmates on modified program in | ☐ NORMAL | ☐ NO RELIGIOUS SERVICES |
| Restraints to and from visiting. | ☒ APPROVED COURT DEADLINES: PLU progressing to GLU | ☒ MODIFIED: In Cell Worship |

REMARKS: The administrative review of SVP_FC2-06-08-0482 is complete. The White and Southern Hispanic population will return to the program in place prior to 8-4-06. The Gym will also return to normal program. Incremental releases will continue at Captain's discretion. Bulldog inmates will remain on modified program pending further administrative review. All inmates on modified program will remain in restraints during escorts. Unclothed body searches and metal detectors will be used prior to escort of all inmates. Workers will be per Captain's approval.

| PREPARED BY: | DATE | NAME / SIGNATURE (WARDEN) | DATE: |
|---|---|---|---|
| G. PONDER, FACILITY CAPTAIN | 8/14/06 | M. S. EVANS, WARDEN | 8/14/06 |

State of California                                      California Department of Corrections and Rehabilitation

# A P P E A L  -  F I R S T  L E V E L  R E V I E W
## S A L I N A S  V A L L E Y  S T A T E  P R I S O N

**DATE:**     August 9, 2006

**NAME:**     JOHNSON, C.     **CDC #** E-65821

**APPEAL #:**     **FIRST LEVEL APPEAL LOG #SVSP-D-06-02043**

**APPEAL DECISION:** PARTIALLY GRANTED

**SUMMARY OF APPEAL:** Appellant states that he has been unable to receive law library access nor attain Priority Legal User (PLU) status. Further, that although he has "mailed in" verification of a legal deadline, he has received only one library visit. Appellant states that he needs library access at least 2 hours per week minimum.

The appellant is requesting on appeal that he be ducated at least once per week for legal law library access as a PLU; that he be allowed access to research, photocopy and maintain his legal cases; and not be denied access to the court. .

**SUMMARY OF INVESTIGATION:** The appellant was interviewed on 8/8/06 by M. Sindel, Supervisor of Academic Instruction (A). During this interview, the appellant stated that since he was transferred from D-Facility to C-Facility he had been given PLU status and access to the C facility library.

**APPEAL RESPONSE:** When PLU status is awarded, a two-hour block of library access time will be granted each week, unless movement is restricted for safety and security reasons. Appellant has received photocopying and "paging" services by library staff. Since appellant's PLU status expired on 8/5/06 he is reminded that to reestablish PLU status he must present official court documents delineating a new court deadline to the C-facility Library Technical Assistant (LTA). No additional court documents with new deadlines have been submitted to library staff by appellant as of 8/9/06 therefore this appeal is Partially Granted.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

M.G. Sindel,                                 T. Milton
V. Principal (A)                             Principal
Salinas Valley State Prison                  Salinas Valley State Prison

CON'T. #2

Attached HERE TO IS DOCUMENTATION TO SUPPORT MY POSITION. AS YOU CAN SEE, THE CIVIL SUIT: C-06-2720 ON THIS DOCUMENTATION ALONE I SHOULD HAVE BEEN AFFORDED P.L.U. STATUS. INSTEAD, I AM NOT BEING ALLOWED TO ADEQUATELY REPRESENT MYSELF.

THERE'S A PETITION FOR WRIT OF HABEAS CORPUS PENDING #HC-05257, WHICH IS BEYOND THE 60 DAY EXTENSION TIME LIMIT. I HAVE LEGAL RESEARCH THAT NEEDS TO BE DONE TO REPLY AND MAINTAIN MY LEGAL MATTERS. I CANNOT DO THIS WITHOUT BEING AFFORDED THE OPPORTUNITY TO HAVE LIBRARY ACCESS, AT LEAST 2 HOURS PER WEEK, MINIMUM.

ALL OF THIS DOESN'T EVEN INCLUDE THE REARCH AND PHOTOCOPYING OF MY LEGAL POST CONVICTION STATE AND FEDERAL MATTERS PREVIOUSLY MENTIONED, PLEASE REFER BACK TO THE ACTION REQUESTED. PURSUANT TO §3122 I SHOULDN'T BE ARBITRARILY DENIED ACCESS.

✱ I have no legal books or money to afford them Therefore - I must depend on "Law Library" access.

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION       ARNOLD SCHWARZENEGGER, GOVERNOR

### *INMATE APPEALS BRANCH*

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



February 28, 2008

JOHNSON, CHRISTOPHER, E65821
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020

RE: IAB# 0719272    SVSP-07-04434    PROPERTY

Mr. JOHNSON:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was granted at the institutional level.  There is no unresolved issue to be reviewed at the Director's Level of Review.

*U. Srani*

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

D.2   129                                    C/O REAMER - 2ND

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location  Institution/Parole Region   Log No.   Category
1. 3VSP C , 07.04434          5
2. _____ 2. _____   CAZ 184

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classific-
committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate
member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the suppo
documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be t
for using the appeals procedure responsibly.

AD SEG prop rest - legal material

NAME  MR. CHRISTOPHER JOHNSON   NUMBER E65821   ASSIGNMENT N/A   UNIT/ROOM NUMB C2-129

A. Describe Problem: ON 8.14.07, I WAS TAKEN TO ADMIN. SEG. FOR A 6
STAFF COMPLAINT FILED AGAINST C/O RODRIGUEZ. I NEED
MY PERTINENT LEGAL CASE MATERIALS AND COURT CASE
IN ORDER THAT I MAY APPEAL CASE # 5457 MO.CDSL
AND MY FEDERAL WRIT OF HABEAS CORPUS TO THE NEXT
LEVEL WITHIN THE APPROPRIATE TIME LIMITATIONS. I
WOULD APPRICIATE IT IF SOMEONE CAN CONTACT THE LITI
GATION COORDINATOR TO DIRECT THE AD-SEG SGT. TO RELEASE M

If you need more space, attach one additional sheet.   RECEIVED AUG 30 2007   LEGAL PROPERTY

B. Action Requested: A) ACCESS TO MY LEGAL PROPERTY. B) FOR THE
LITIGATION COORDINATOR TO PROCESS MY LEGAL DOCU
MENTS TO ME. C) NOT TO BE _____ RECD AUG 20 2007
RETALIATED AGAINST FOR FILING APPEALS.

Inmate/Parolee Signature: C/o Christopher Johnson   Date Submitted: 8/17/0
RESE...129

C. INFORMAL LEVEL (Date Received: 9/18/07)

Staff Response: Partially granted - # If you have
not received an initial issue of your property
you will be offered legal work at that time,
0 if you have already received an initial issue
you must contact the Law Library with proof of your
pending court date to have access to your legal   9.21
... again   C/o Treamer

Staff Signature:          Date Returned to Inmate:
RECD OCT 0 5 2007

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) a
submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Dissatisfied: The appellant is waiting for his property an
being retaliated against for filing of appeals. I've been i
the HOLE in a "contaminated cell" smeared with feces an
they hold on to my legal property, doesn't shower shave f
days - that's cruel punishment. Mr. C. Johnson

Signature:          Date Submitted: 10/7/07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

RECEIVED
DEC 27 2007   granted

CDC Appeal Number
9077

Dec. 25, 2007

Director of Corrections
P.O. Box 942883
Sacramento, Ca. 94283-0001

Dear Chief Appeals,

I'm on the Internet Illegally, and I'm being Raped VIA Deborah Downs and her agents who has allowed inmates/guards and the Public to torture me with Sabrine Plaza and Michelle Handy. They have guards contaminat my food everyday - steal from my lunches; They steal my mail, legal mail; checks and personal money orders; no visits no legal visits and have prohibited my access to court by confiscating my legal property - 2 books (PERSONAL HAND WRITTEN Book's and my legal appeals have been hindered where I cannot pursue Case #HC-5257 MONTEREY CO SUP. CT. (ON APPEAL) and the Writ of Habeas Corpus that I wanted to file for Federal Relief Case # A110757. (A110757) is currently Thwarted STOLEN.

Enclosed is 2nd level response SVSP. #C-07-04134 I am presently awaiting Reply from: SVSP#07-03725 currently overdue regarding Assault/Battery/Guard Brutality Unnecessary Use of Force (A HATE CRIME) Again. Can you forward me a Response ASAP? I cannot proceed without one. Also, Can you help me get off the internet - it would be highly appreciated. My grand mothers have been killed because of this investigation, my sister uncle and JOHNNY JOHNSON my father was executed by MICHELLE GANDY - yet I've received no HELP!

Sincerely,
Mr. Christopher Johnson

P.S. Cb gov't Investigation last over 3 yrs! The state Breech its Contract to Imprison me "Falsely." This has went far beyond a GOVERNMENT CONSPIRACY - I'm legally an Endanger

State of California                                    California Department of Corrections and Rehabilitation

# A P P E A L  -  F I R S T  L E V E L  R E V I E W
## S A L I N A S  V A L L E Y  S T A T E  P R I S O N

**DATE:** November 6, 2007

**NAME:** Johnson          **CDC #** E65821

**APPEAL #:**  FIRST LEVEL APPEAL LOG #SVSP-C-07-04434

**APPEAL DECISION:** GRANTED

**SUMMARY OF APPEAL:** The appellant states that he was sent to Administrative Segregation (Ad-Seg) because he filed a Staff Complaint against a staff member on Facility C. He needs his legal materials and court cases to assist in his appeal of case #5457.MOCDSMP, and his Federal Writ of Habeas Corpus to the next level within the appropriate time limitations.

He is requesting to be provided acess to his Legal Property. He is also requesting that he not be retaliated against for filing this appeal.

**SUMMARY OF INVESTIGATION:**  The appellant was not interviewed due to the appeal being granted.


**APPEAL RESPONSE:**   This appeal is GRANTED.  The appellant was issued his property on 10/11/07. The requested paperwork was included in the property. Inmates are never retaliated against because they use the appeals process.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.


T. Allen                                          B. Rankin
Correctional Sergeant                             Correctional Captain
Salinas Valley State Prison                       Salinas Valley State Prison

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:     December 14, 2007

To:       Inmate Johnson, E65821
          Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-C-07-04434

### ISSUE:

Appellant states that, upon his release from Administrative Segregation
(Ad-Seg), he was not issued his property.

The appellant is requesting to have his property issued to him as soon as
possible.

### REGULATIONS:  The rules governing this issue are:

CCR 3190 General Policy
CCR 3192 Possession and Exchange
CCR 3193 Liability

### SUMMARY OF INVESTIGATION:

The First Level of Review (FLR) was completed on November 6, 2007.  The
appellant was interviewed on 12/12/07. Lieutenant R. Boccella was assigned to
investigate this appeal at the Second Level of Review.   All submitted
documentation and supporting arguments have been considered.  Additionally, a
thorough examination has been conducted regarding the claim presented, and
evaluated in accordance with Salinas Valley State Prison (SVSP) Operational
Procedures (OP); the California Code of Regulations (CCR); and the
Departmental Operations Manual (DOM).

The appellant's property was sent to Facility C on 10/11/07, but due to paperwork
being misplaced, was not issued to him until 12/12/07.  The appellant was
interviewed on 12/12/07, and stated that he had received his property.

### DECISION:  The appeal is Granted. The appellant is advised that this issue may
be submitted for a Director's Level of Review if desired.

G.A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR



**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

February 28, 2008

JOHNSON, CHRISTOPHER, E65821
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020

RE: IAB# 0719272    SVSP-07-04434    PROPERTY

Mr. JOHNSON:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was granted at the institutional level. There is no unresolved issue to be reviewed at the Director's Level of Review.

N. GRANNIS, Chief
Inmate Appeals Branch

EMERGENCY
PER 308.4.7.

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**

CDC 1824 (1/95)

INSTITUTION/PAROLE REGION: SVSP C QO

LOG NUMBER: 01795

CATEGORY: Reasonable Accommodation
18. ADA

CIC for Verification

DPP Code = DPO

CAZ

**NOTE: THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES**

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

ADA housing

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| MR. CHRISTOPHER JOHNSON | E65821 | N/A | | C8-124L |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

**MODIFICATION OR ACCOMMODATION REQUESTED**

SEP - 5 2006 APPEALS BRANCH RECEIVED

DESCRIPTION OF DISABILITY:

I AM DISABLE, WHEELCHAIR BOUND.

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

COMPREHENSIVE ACCOMMODATIONS CHRONO

RODS IN FEMUR, BAD KNEE, ANKLE, GUN SHOT WOUND TO HIP AND BAD LOW/MID BACK INJURY.

(SEE ATTACHMENT)

DESCRIBE THE PROBLEM:

ON 9/15/06, I WAS RELEASED FROM AD-SEG, REMOVED FROM MY WHEELCHAIR ACCESSABLE CELL, NO ONE TRIED TO FIND ME APPROPRIATE HOUSING, PUT ME IN A NON COMPATIBLE, NON WHEELCHAIR CELL. MY BACK IS HURTING - I CAN'T MOVE AROUND VERY GOOD & THE TOILET IS TOO LOW TO THE GROUND - THERE ARE NO GUARD RAILS. (BAD LOW BACK)

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

1) I AM REQUESTING THAT STAFF PUT ME IN A CELL CONDUCIVE CONDUSIVE TO MY MEDICAL NEEDS (MY CHRONO STATES PERMANENT)

2) TO BE MOVED IMMEDIATELY OR TRANSFERRED BACK TO MY PREVIOUS CELL TIL ONE IS AVAILABLE. I AM INCONVENIENCE OR MEDICAL FACILITY TREMENDOUSLY

Mr. Christopher Johnson
INMATE/PAROLEE'S SIGNATURE

9/15/06
DATE SIGNED

RECEIVED JUN 19 2006

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region      Log No.      Category  ADA

1. _____   1. _____   CTC - 20⁰

2. _____   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| MR. CHRISTOPHER JOHNSON | E65821 | N/A | C8-101 |

A. Describe Problem: DUE TO THE EXTENT OF THIS PATIENTS MOBILITY IMPAIRMENTS I AM UNABLE TO PROPERLY FUNCTION WITHIN A NON-ADA CELL WITHOUT FALLING AROUND THE NON-ADA CELL I AM PRESENTLY ASSIGNED TO. THUS FAR I HAVE LOST MY GOLD TOOTH; MY BACK IS GIVEN EXTRA STRAIN ATTEMPTING TO USE/TRANSFER FROM THE WHEELCHAIR TO THE TOILET, IT IS VERY DIFFICULT FOR ME WITHOUT BEING ABLE TO GRAB THE BARS. IN ADDITION, IN AN ADA CELL - THE TOILET & SINK ARE 2 SEPERATE UNITS. THIS SINGLE UNIT CREATES DIFFICULTIES

If you need more space, attach one additional sheet.      REC'D JUL 28 2006

B. Action Requested: 1) THIS REQUEST UNDER 42 USC 12102, WITH A VERIFIED DISABILITY - REQUESTING TO BE PROPERLY HOUSED IN AN ADA CERTIFIED CELL. 2) OR TRANSFER TO A MEDICAL FACILITY CALIFORNIA MEDICAL FACILITY.

Inmate/Parolee Signature: Mr Christopher Johnson      Date Submitted: 7/25/06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____      Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____      Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: NOV **2 1** 2006

In re:    Johnson, E-65821
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0603188          Local Log No.: SVSP 06-01529

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I    **APPELLANT'S ARGUMENT:** It is the appellant's position he has submitted sick call slips requesting his ears be checked and has yet to receive a response. In addition, the appellant claims he has a keloid scar that is painful and has not been evaluated. The appellant is requesting a hearing test and to be medically examined by an ear doctor. In addition he is requesting to be categorized as Disability Placement Hearing (DPH); and, wants a pillow.

II    **SECOND LEVEL'S DECISION:** It is the institution's position the appellant was informed to address his health care requests with his primary care physician (PCP) in order to develop a treatment plan. Upon further review, it was determined the appellant failed to heed the advice of the Medical Appeals Analyst; however, continues to claim his "ear is getting worse from having it bitten by nanotechnology." Once again the procedure for obtaining necessary health care was explained to the appellant; however, he is attempting to circumvent established policies and procedures by using the appeals process. When the appellant adheres to the proper procedures for obtaining health care, perhaps his concerns will be addressed.

III    **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.  FINDINGS:** Until the appellant conforms to the mandated policies for health care intervention, his health care needs will not be addressed. He has been instructed how to submit a CDC Form 7362, Health Care Services Request in order to be evaluated by health care staff and provided the necessary intervention. His request to be categorized as DPH is denied as he has not been examined and verified that he even has a disability. As for his request for an audiogram and a pillow, he must be examined by his PCP prior to any intervention being completed. As for the allegations of the appellant's "ears getting worse after being bitten by nanotechnology", the reviewer is unclear as to what the appellant is claiming and will not address the issue until it is clarified. After review, there is no compelling evidence that warrants intervention is necessary at the Director's Level of Review; however, the appellant is encouraged to adhere to the policies for requesting health care services as described in the Inmate Medical Services Program, Access to Care.

The appellant filed the appeal as an Americans with Disabilities Act issue. Following careful examination, there is no evidence to support that the issue and its resolution fall within the Armstrong v. Davis Court Ordered Remedial Plan (ARP) or California Code of Regulations, Title 15, Section (CCR) 3085. As such, it has been processed in accordance with CCR 3084 et sequitur.

**B.  BASIS FOR THE DECISION:**
ARP: ARPI, ARPII.A, ARPII.C.2
CCR: 3350, 3354
IMSP: Access to Care

**C.  ORDER:** No changes or modifications are required by the institution.

JOHNSON, E-65821
CASE NO. 0603188
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Health Care Manager, SVSP
       Appeals Coordinator, SVSP
       Medical Appeals Analyst, SVSP

REC'D JUL 05 2006

SVSP-D-06-01529 (Johnson)   ☑ PARTIALLY GRANTED   5/19/06   Due Date: 7/3/06

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned:

Interviewed by: __J. S. May, Medical Appeals Analyst, on 06/29/06.__   Partially granted   Your appeal is partially granted I that you are scheduled to be seen by your primary care provider in mid-July concerning the condition of your wheelchair. During that visit you are advised to speak with your provider about the issues/concerns stated on your appeal. Request has been made to yard staff to document in the medical tracking program that you need to have these issues addressed.

RET'D JUL 11 2006

Staff Signature: ___May, SSA___   Title: MEDICAL APPEALS ANALYST   Date Completed: 7/3/06

Division Head Approved: M Bryant   
Signature: _____   Title: SRN̄   Returned Date to Inmate: 7/5/06

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

REC'D JUL 27 2006

Dissatisfied: I would appreciate if you can please have me examined. My ear is getting worse, from having my ear bitten VIA NANO TECHNOLOGY would you please refer back to Action requested 1-4 of the enclose appeal! I would like my hearing to be tested. Thank You.

Signature: Mr. Christopher Johnson   Date Submitted: 7/16/06

Second Level   ☐ Granted   ☑ P. Granted   ☐ Denied   ☐ Other

DELIVERED SEP 05 2006

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 7/28/06   Due Date: 8/24/06

☑ See Attached Letter

Signature: _____   Date Completed: 8/30/06

Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

DISSATISFIED! ALTHOUGH IT INDICATES PARTIALLY GRANTED MY APPEAL IS REALLY "DENIED" AND CONSIDERED BY MEDICAL STAFF AS A NON ADA ISSUE. THE ISSUES ARE PERTINENT AS I AM HAVING DIFFICULTY HEARING FROM LEFT EAR THEY REFUSE TO TEST. NO REFERRALS WERE MADE CONSIDERING OR CONCERNING MY KELOID, NOR DO I HAVE A PILLOW. PLEASE REFER TO ACTION REQUESTED

Signature: Mr Christopher Johnson   Date Submitted: 9/7/06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☑ Denied   ☐ Other _____
☑ See Attached Letter                                                          NOV 21 2006
                                                                        Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**

CDC 1824 (1/95)

DEPARTMENT OF CORRECTIONS

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: 18 ADA |
|---|---|---|

Converted to non-ADA

**NOTE:** THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

Eloy Medina 5/19/06

| INMATE/PAROLEE'S NAME (PRINT) MR. CHRISTOPHER JOHNSON | CDC NUMBER E6 5821 | ASSIGNMENT N/A | HOURS/WATCH | HOUSING D8 111 |
|---|---|---|---|---|

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

**MODIFICATION OR ACCOMMODATION REQUESTED** REC'D MAY 19 2006

DESCRIPTION OF DISABILITY:

HAVING DIFFICULTY HEARING OUT OF LEFT EAR

ADA APPEALS BRANCH SEP 13 2006 RECEIVED

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

HAVE PUT IN SICK CALL SLIPS, ALREADY MOBILITY IMPAIRED.

DESCRIBE THE PROBLEM:

I HAVE PUT IN SICK CALL SLIPS REQUESTING TO HAVE MY EARS CHECKED AS WELL AS MY HEARING. I AM NOT GETTING ANY ADEQUATE RESPONSE. MY NOT BEING ABLE TO HEAR WELL SOME- TIMES MAKES ME NOT WANT TO TALK TO PEOPLE. I ALSO HAVE A KELOID SCAR THAT IS AT TIMES PAINFUL. NO EXAMINATIONS AS OF YET.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

1) I WOULD LIKE TO HAVE MY HEARING TESTED TO SEE IF SOMETHING IS WRONG. 2) TO BE MEDICALLY EXAMINED BY A EAR DOCTOR. 3) CHRONO FOR D.P.H. 4) A PILLOW

| Mr. Christopher Johnson | 5/17/06 |
|---|---|
| INMATE/PAROLEE'S SIGNATURE | DATE SIGNED |

State of California                                Department of Corrections and Rehabilitation

# Memorandum

Date: August 30, 2006


To:     Inmate Johnson, E65821
        Salinas Valley State Prison


Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-06-01529

   **ISSUE**:

   Appellant is claiming to have put in sick call slips requesting to have his ears
   checked and to have his hearing examined but has not received an adequate
   response. Appellant also claims to have a keloid scar that is painful but has not
   yet been examined.

   Appellant requests on appeal that his hearing be tested, that he be medically
   examined by an ear specialist, that he be given a chrono for DPH, and a pillow.

   **INTERVIEWED BY**:  J. S. May, Medical Appeals Analyst, on June 29, 2006.

   **REGULATIONS**:  The rules governing this issue are:

        **California Code of Regulations, Title 15 Section:**
        3350   Provision of Medical Care and Definition
        3350.1 Medical Treatment/Service Exclusions
        3354.1 Health Care Responsibilities and Limitations

   **SUMMARY OF INVESTIGATION**:

   The First Level of Review (FLR) was completed on July 3, 2006.   George
   Nicolayev, CHSA II, was assigned to investigate this appeal at the Second Level
   of Review.  All submitted documentation and supporting arguments have been
   considered.  Additionally, a thorough examination has been conducted regarding
   the claim presented, and evaluated in accordance with Salinas Valley State
   Prison (SVSP) Operational Procedures (OP); the California Code of Regulations
   (CCR); and the Departmental Operations Manual (DOM).

   In the response at the FLR it is stated that the appellant's request was partially
   granted in that, during an upcoming appointment scheduled for mid-July, he was
   advised to speak with his primary care provider regarding this matter.

   The Inmate Appeals Office received the FLR with response from the Medical
   Appeals Office on July 11, 2006.  The appellant elevated the issue to the SLR on
   July 16, 2006.  Upon further investigation of the unit health record, there is no
   documentation that suggests that the appellant complied with the advice given at

Inmate Johnson, E65821
Case No. SVSP-D-06-01529
Page 2

the FLR to make his needs known to his primary care provider.  Instead, in his rebuttal of the FLR response, he expresses his dissatisfaction by stating that "my ear is getting worse from having my ear bitten via nanotechnology", and that he wants to have his hearing examined.

This reviewer concurs with the response given at the FLR.  There are established procedures in place for receiving proper medical care in a timely manner.  The first step in that procedure is for the inmate to submit a CDCR 7362, with all areas required by the inmate completed, describing his medical problem/condition, signing and dating the form.  Inmates are not to circumvent the established procedures by using the appeals process.  The appeal is partially granted, in that, when the proper procedure is followed medical care/treatment will be provided.

**DECISION**:  The appeal is Partially Granted.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

CHARLES D. LEE, M.D.
Health Care Manager
Salinas Valley State Prison

# INMATE APPEAL ROUTE SLIP

## To: CTC

Date: July 28, 2006

From: INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-D-06-01529** By Inmate JOHNSON, E65821

Please assign this appeal to appropriate staff for **SECOND** level response.

Appeal Issue: MEDICAL
Due Date: **08/24/2006**
Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level.
Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or
WITHDRAWN. When complete, return to Appeals Office. Appeals that are
incomplete will be returned to the responding staff for appropriate completion.
Refer to D.O.M. 54100 for instructions.

T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

LEGAL MAIL ONLY

STATE PRISON
GENERATED MAIL

CONFIDENTIAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT of CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA. 94102

STATE PRISON
GENERATED MAIL

WHA

CONFIDENTIAL

MR. CHRISTOPHER JOHNSON
SALINAS VALLEY STATE PRISON
#E65824  —  D1-105
P.O. BOX 1050
SOLEDAD , CA. 93960

LEGAL MAIL