IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHNSON, | No. C 07-5766 WHA (PR) |
| Petitioner, | **ORDER DISMISSING PETITION AS MIXED; DISMISSAL WITH LEAVE TO AMEND** |
| vs. | |
| Warden EVANS, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. In his petition, petitioner presented six issues: (1) his trial counsel was ineffective in failing to object to inadmissible statements by witnesses referring to his actions as being "robbery;" (2) the prosecutor committed misconduct; (3) trial counsel was ineffective in failing to object to the prosecutorial misconduct; (4) trial counsel was ineffective in failing to assert a Fourth Amendment ground for suppression of petitioner's statement; (5) there was outrageous government misconduct; and (6) his sentence was a breach of a 1990 plea bargain. In response to a part of the form which asked the petitioner to say whether any issues were not exhausted and if so, why not, petitioner said that issues five and six had not been exhausted because "counsel was ineffective or dropped the ball." It thus appeared that the petition was mixed, that is, it contained both exhausted and unexhausted issues.

Petitioner was ordered to show cause why the petition should not be treated as mixed. In his response petitioner provides no coherent basis to conclude that issues five and six are not exhausted. The petition will be dismissed with leave to elect one of the options set out below.

**CONCLUSION**

1. Petitioner's motion (document number 11 on the docket) to consolidate this case with case number C 07-6000 WHA (PR) is **DENIED** because that case was dismissed on January 8, 2008.

2. The petition is **DISMISSED** as mixed.

3. Petitioner may chose from three possible courses of action: (1) he may dismiss this petition with an eye to exhausting and then filing another federal petition;[1] (2) he may amend the petition to dismiss the unexhausted issue, and proceed with those which are exhausted;[2] or (3) he may ask for a stay of this case while he returns to state court to attempt to exhaust the plea bargain issue, then, if unsuccessful in state court, return here and ask that the stay be lifted. If he chooses the third option, asking for a stay, he must show "good cause" for his failure to exhaust sooner, that the issue is "potentially meritorious," and that he has not engaged in "dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

4. Petitioner must elect one of the three choices set out in section three within thirty days of the date this order is entered. If he does not, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: September   12  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\JOHNSON5766.DSM-EXH.wpd

---

[1] This option is more apparent than real, because any subsequent federal petition would almost certainly be barred by the statute of limitations.

[2] If he chooses this option he probably will not be able to file a future federal petition containing the plea bargain issue, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

2